UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | Case No. 23-cv-04965-EKL<br><br>**ORDER DENYING MOTION TO EXTEND DISCOVERY AND MOTION FOR LEAVE**<br><br>Re: Dkt. Nos. 117, 118 |

In this Fair Credit Reporting Act ("FCRA") case, Defendants Equifax Information Services LLC ("Equifax") and Comenity Capital Bank ("Comenity") move to extend the fact discovery cutoff and other case deadlines by more than two months. *See* Mot. to Extend, ECF No. 117. Additionally, Equifax moves for leave to file a motion to compel discovery. *See* Mot. for Leave, ECF No. 118. Both motions were filed on the last day of the Court-ordered fact discovery period. For the following reasons, the motions are DENIED for lack of good cause, but the Court will modify the case schedule to facilitate a settlement conference.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause will be shown if a scheduling order's deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Lamberth v. Clark Cnty. Sch. Dist.*, 698 F. App'x 387, 389 (9th Cir. 2017) (quoting *Johnson*, 975 F.2d at 609). But "[i]f that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609; *see also id.* ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.").

Here, each motion must satisfy the good cause standard. Defendants' motion to extend the case schedule seeks to modify all pretrial and trial deadlines, and Equifax's motion for leave seeks an extension of the fact discovery cutoff.[1] The Court addresses each motion in turn.

### 1. Motion to Extend Discovery and Other Case Deadlines

Equifax and Comenity move to extend the current fact and expert discovery cutoffs and the deadline to conduct a settlement conference by two and a half months. Mot. to Extend at 5. These modifications to the case schedule would require all other deadlines to be extended, too – including the deadline to hear dispositive motions, and the dates for the final pretrial conference and trial.[2] *Id*. Plaintiff opposes these modifications.

Defendants have not shown good cause to significantly extend fact and expert discovery, which would disrupt the entire case schedule. The parties had more than fourteen months to conduct fact discovery in this individual FCRA action. The Court has already extended the fact discovery cutoff and other case deadlines by 90 days. Order, ECF No. 99 (setting current fact discovery cutoff of April 10, 2025). The current case schedule, with the Court's prior extension, provided ample time to complete all necessary fact discovery if Defendants acted diligently.

Defendants raise three arguments to support an extension. First, Equifax argues that more time is needed so it can move to compel Plaintiff to produce his settlement agreements with the other defendants in this action. *See* Mot. to Extend at 3. As discussed below, Equifax did not diligently seek this discovery, thus Equifax's proposed motion to compel does not establish good cause to modify the case schedule.

Second, Defendants argue that more time is needed to conduct third-party discovery from Canon Business Process Services and Accurint. Plaintiff subpoenaed documents from Canon and Accurint on March 13, 2025, but no documents were produced by the April 10, 2025 fact

---

[1] As Defendants recognize, this Court's Standing Order for Civil Cases provides: "The close of fact discovery is the date by which all discovery must be completed, including motions to compel, hearings on discovery motions, and any additional discovery resulting from orders on discovery motions."

[2] Defendants' proposed schedule does not comply with the Court's Standing Order for Civil Cases. It provides less than seven weeks between the last day to hear dispositive motions and the final pretrial conference, instead of the required twelve weeks. *See* Standing Order § VI.

1  discovery cutoff. Defendants argue that, once these documents are produced, they will need to
2  "determine if follow-up discovery relating to those documents is necessary." Mot. to Extend at 4.
3  Plaintiff counters that "Canon and Accurint are vendors employed by Equifax and Comenity,
4  respectively, and [Plaintiff] only sought discovery from these entities because Defendants failed to
5  produce information in the first place." Opp. to Mot. to Extend at 4, ECF No. 121.

6  Defendants did not separately subpoena Canon or Accurint, and they have not identified
7  what additional information they may need from these third parties. The Court will not grant an
8  extension for Defendants to pursue undefined discovery, particularly where Defendants have not
9  explained what efforts they took to obtain this discovery before the cutoff date. However, it
10  appears that Plaintiff unilaterally permitted Accurint to produce documents after the fact
11  discovery. *See* Greene Decl. Ex. A at 1, ECF No. 117-1. Under these circumstances, it may be
12  unfair for Plaintiff to use the late-produced documents. The parties may propose a stipulation to
13  mutually extend the time for Plaintiff and Defendants to obtain discovery from Canon and/or
14  Accurint. Such a stipulation shall not alter any other case deadline. The Court will not receive
15  competing proposals. If the parties fail to reach a stipulation, Plaintiff may not use documents that
16  were produced by Canon or Accurint after April 10, 2025.

17  Third, Defendants argue that more time is needed to conduct a settlement conference.
18  Mot. to Extend at 3. On November 21, 2024, this case was referred to Judge van Keulen for a
19  settlement conference to be held by May 1, 2025. *See* ECF Nos. 100, 101. Defendants did not
20  contact Judge van Keulen's chambers until March 14, 2025. *See* Mot. to Extend at 3. Defendants
21  did not act diligently in waiting nearly four months to schedule the settlement conference.

22  Although Defendants did not act diligently, the Court will extend the deadline to hold the
23  settlement conference because the conference may facilitate resolution of this case and thereby
24  conserve party and judicial resources. The Court understands that the parties have scheduled a
25  settlement conference to be held on July 16, 2025. The Court will modify the schedule so the
26  parties can complete the settlement conference before a hearing on dispositive and *Daubert*
27  motions. The Court will not extend the discovery cutoffs or the trial date. The amended case
28  schedule is reflected in Attachment A to this Order.

### 2. Equifax's Motion for Leave to File a Motion to Compel

Equifax seeks leave to file a motion to compel Plaintiff to produce the terms of his settlement agreements with five other defendants in this action. Mot. for Leave at 2. Equifax claims it is entitled to this information because "Plaintiff cannot recover overcompensation for the same injury." Mot. to Compel at 2, ECF No. 118-1. Equifax invokes the affirmative defense of offset and the "one satisfaction rule." *Id*. at 8-9. "The one satisfaction rule reflects the equitable principle that a plaintiff who has received full satisfaction of its claims from one tortfeasor generally cannot sue to recover additional damages corresponding to the same injury from the remaining tortfeasors." *Uthe Tech. Corp. v. Aetrium, Inc*., 808 F.3d 755, 760 (9th Cir. 2015).

Equifax has not shown that it diligently pursued production of the settlement agreements. It was no secret to Equifax that most of the original defendants in this action have settled Plaintiff's claims against them. For example, Plaintiff filed notices of settlement with Cavalry on February 21, 2024 (ECF No. 58); with TransUnion on March 21, 2024 (ECF No. 65); and with US Bank on May 18, 2024 (ECF No. 79). At any point, Equifax could have requested production of these and other settlement agreements. If Plaintiff objected, Equifax could have brought its motion to compel with ample time for resolution during the 14-month fact discovery period.[3]

Instead, Equifax waited until February 26, 2025, to request the settlement agreements. Mot. for Leave at 2. At that time, there were just six weeks left to complete fact discovery – and not enough time to move to compel. Equifax argues that it acted diligently because it first learned at Plaintiff's February 25, 2025 deposition that Plaintiff seeks to recover from all Defendants for the "same injury." *Id*. at 1-2. But this position is contradicted by Equifax's own motion. Equifax claims that "it is clear" from the complaint that "Plaintiff does not allege separable harm." *Id*. at 2; *see also* Mot. to Compel at 2 (Equifax arguing that "Plaintiff does not allege any distinct

---

[3] Equifax itself has objected to producing its own settlement agreements to other defendants in FCRA cases. Equifax has argued that settlement agreements are "neither relevant nor proportional to the needs of th[e] case." *Gao v. Campus 150 Venture II, LLC*, No. 20-01355 DDP (ADSx), 2021 WL 6103537, at *2 (C.D. Cal. Oct. 29, 2021); *see also Zook v. Equifax Info. Servs., LLC*, No. 17-cv-2003-YY, 2018 WL 10604347, at *1 (D. Or. July 2, 2018) (summarizing Equifax's position that there is no right to offset, and that "requiring [Equifax] to disclose settlement terms would stifle its ability to resolve its cases").

4

1    injuries suffered as a result of Equifax"), *id*. at 7 ("[I]n his Complaint, Plaintiff alleges a standard
2    joint-tortfeasor scenario among the Defendants at large."). Plaintiff's complaint was filed on
3    September 27, 2023. *See* Compl., ECF No. 1. Thus, Equifax had early notice that the settlement
4    agreements may be relevant – in Equifax's view – and it had ample time to pursue them.

5          Plaintiff's deposition testimony did not reveal any new information that rendered the
6    settlement agreements relevant for the first time. *See* Greene Decl. Ex. A, ECF No. 118-1.
7    Plaintiff simply testified that he blames both Equifax and TransUnion for conducting – in his view
8    – unreasonable reinvestigations of his dispute, and he could not say which credit reporting agency
9    he blames more. *See id*. at 169:12-171:11. Accordingly, Equifax has not shown good cause to
10   extend the fact discovery cutoff to litigate its motion to compel.

11         Finally, on the merits of its proposed motion to compel, Equifax has not established that
12   the settlement agreements are "relevant to any party's claim or defense and proportional to the
13   needs of the case." Fed. R. Civ. P. 26(b)(1). In its answer, Equifax did not assert offset, set-off, or
14   any other similar defense. *See* Equifax Answer, ECF No. 57. "In responding to a pleading, a
15   party must affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c)(1).
16   An affirmative defense that is not raised at the pleading stage is "subject to rules of forfeiture and
17   waiver." *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008); *see also*
18   *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) ("[A] party, with limited exceptions, is
19   required to raise every defense in its first responsive pleading, and defenses not so raised are
20   deemed waived."). Offset, set-off, and other doctrines under which a defendant may reduce
21   liability based on third-party settlements are affirmative defenses. *See Borges v. Cnty. of*
22   *Humboldt*, No. 15-cv-00846-YGR, 2017 WL 4552006, at *1 (N.D. Cal. Oct. 12, 2017). Thus,
23   Equifax has waived these defenses by failing to assert them in its answer.[4] *Id*. at *2.

24         In sum, Equifax did not diligently seek discovery of the settlement agreements, thus it has
25   not shown good cause to extend fact discovery for its proposed motion to compel.

---

[4] Equifax argues that the settlement agreements are also "highly relevant to the settlement value of the case and therefore to any settlement-related discussions that may occur," Mot. to Compel at 9, but this assumes Equifax is entitled to offset.

5

\*\*\*

For the foregoing reasons, the Court DENIES Defendants' motion to extend and Equifax's motion for leave. The Court MODIFIES the case schedule as reflected in Attachment A to provide more time to complete a settlement conference before a hearing on dispositive motions.

**IT IS SO ORDERED.**

Dated: April 28, 2025

Eumi K. Lee
United States District Judge

## ATTACHMENT A: AMENDED CASE SCHEDULE

| Event | Deadline |
| --- | --- |
| Fact discovery cutoff | April 10, 2025 |
| Designation of expert witnesses | March 6, 2025 |
| Designation of rebuttal expert witnesses | April 10, 2025 |
| Expert discovery cutoff | May 15, 2025 |
| Deadline to complete settlement conference | July 16, 2025 |
| Last to file dispositive and *Daubert* motions | June 25, 2025 |
| Last day to hear dispositive and *Daubert* motions | August 13, 2025 |
| Pretrial conference | October 8, 2025 |
| Jury trial | November 3, 2025 |