TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
NATHAN A. SEARLES (SBN 234315)
Nathan.Searles@wbd-us.com
KRISTINA B. HOVSEPYAN (SBN 234315)
Kristina.Hovsepyan@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:  (415) 433-5530

Attorneys for Defendant
Comenity Capital Bank

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO, | CASE NO.: 5:23-cv-04965-EKL |
| Plaintiff, | **DEFENDANT COMENITY CAPITAL BANK'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| vs. | |
| BANK OF AMERICA, N.A., et al. | |
| Defendants. | Date: September 10, 2025 |
| | Time: 10:00 a.m. |
| | Courtroom: 7, 4th Fl. |
| | The Honorable Eumi K. Lee |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 10, 2025, at 10:00 a.m., in Courtroom 7, 4th Floor, of the above-referenced Court, located at 280 South 1st Street, San Jose, California 95113, the Honorable Eumi K. Lee presiding, defendant Comenity Capital Bank ("Comenity") will and hereby does move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an Order granting summary judgment in its favor on the claims asserted in the Complaint. This motion is made on the following grounds:

1)    Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., fails because Comenity is not a "debt collector" as defined by section1692a(6) of the FDCPA, and because there is no evidence it sought to collect a "debt" as the term is defined by section1692a(5) of the FDCPA;

2)    Plaintiff's claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-(2)(b), fails because Plaintiff cannot prove Comenity's credit reporting was patently incorrect or materially misleading, the undisputed evidence shows Comenity conducted a reasonable investigation of Plaintiff's disputes in light of the information provided to it, and there is no evidence Comenity acted willfully, nor any evidence to support Plaintiff's claim for damages;

3)    Plaintiff's claim under the California Identity Theft Act ("CITA"), Cal. Civ. Code § 1798.92, *et seq*., fails because Comenity had sold the account and was not a "claimant" in 2023 at the time Plaintiff first submitted an FTC Identity Theft Affidavit and a police report claiming to be a victim of identity theft; and

4)    Plaintiff's claim under the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.25(a)*,* fails because Comenity did not know, nor should it have known, that any information it furnished relating to Plaintiff was inaccurate.

This motion is made consistent with the meet and confer requirements of the Standing Order for Civil Cases before Judge Eumi K. Lee, section IX, which took place on April 8, 2025. At that time counsel for Plaintiff advised he does not intend to file a motion for summary judgment.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support, the declarations of Sierra Ford and Kristina B. Hovsepyan, the Separate Statement of Undisputed Facts filed herewith, all other papers on file in this action, and such other and further evidence or argument as the Court may allow.


DATED:  June 25, 2025                    Respectfully submitted,

                                         WOMBLE BOND DICKINSON (US) LLP
                                         TOMIO B. NARITA
                                         NATHAN A. SEARLES
                                         KRISTINA B. HOVSEPYAN


                                         By:   /s/ Kristina B. Hovsepyan
                                             Kristina B. Hovsepyan
                                             Attorneys for Defendant
                                             Comenity Capital Bank

# **TABLE OF CONTENTS**

I.    INTRODUCTION ......................................................................... 1

II.   STATEMENT OF UNDISPUTED FACTS.............................................. 2

III.  ARGUMENT ............................................................................ 3

    A. Standards Governing Summary Judgment ........................................... 3

    B. Summary Judgment is Proper on Plaintiff's FDCPA Claim................. 4

        1.  Comenity Is Not A "Debt Collector" Under The FDCPA .......... 4

        2.  There Is No Evidence The Unpaid Obligation Is A "Debt" As
            Defined By The FDCPA................................................. 5

    C. Summary Judgment is Proper on Plaintiff's FCRA Claim ................. 7

        1.  Comenity's Reporting Was Not Inaccurate Because The
            Objectively And Readily Verifiable Information Indicated
            Plaintiff Was Responsible For The Account ................................ 7

        2.  Comenity's Investigations Were Reasonable ............................... 8

        3.  Plaintiff's Has No Recoverable Damages ................................. 10

        4.  The Punitive Damages Claim Fails for Lack of Evidence ......... 14

    D. Summary Judgment is Proper on Plaintiff's CITA Claim
       Because Comenity Is Not A "Claimant" And It Was Never A
       "Claimant" When Plaintiff Was A "Victim Of Identity Theft"......... 15

    E. Summary Judgment is Proper on Plaintiff's CCCRAA Claim .......... 17

IV.   CONCLUSION........................................................................ 19

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**Federal Cases**

*Anderson v. AFNI, Inc.*,
2011 WL 1808779 (E.D. Pa. May 11, 2011) ...................................................6

*Blackmon v. Ad Astra Recovery Servs.*,
2021 WL 1541647 (C.D. Cal. April 20, 2021) ...............................................16

*Bloom v. I.C. Sys., Inc.*,
972 F.2d 1067 (9th Cir. 1992) ..........................................................................5

*Burton v. Kohn Law Firm*,
934 F.3d 572 (7th Cir. 2019) ............................................................................6

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) .....................................................................17, 18

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ..........................................................................................3

*Corby v. American Express Co.*,
2011 WL 4625719 (C.D. Cal. Oct. 5, 2011) ..................................................12

*Devereaux v. Abbey*,
263 F.3d 1070 (9th Cir. 2001) ..........................................................................3

*Dill v. Comenity Bank/Sports Auth.*,
2014 WL 1432502 (W.D. Okl. April 14, 2014) ...............................................5

*Evenson v. Palisades Collection, LLC*,
2015 WL 3466936 (S.D. Ohio June 1, 2015) ..................................................6

*Federal Election Comm'n v. Toledano*,
317 F.3d 939 (9th Cir. 2002) ............................................................................3

*Felts v. Wells Fargo Bank, N.A.*,
893 F.3d 1305 (11th Cir. 2018) ........................................................................9

*Ferrarelli v. Federated Fin. Corp. of Am.*,
  2009 WL 116972 (S.D. Ohio Jan. 16, 2009) .................................................... 12

*Gao v. Campus 150 Venture II, LLC*,
  2022 WL 294749 (C.D. Cal. Jan. 21, 2022) .................................................... 12

*Gorman v. Wolpoff & Abramson*,
  584 F.3d 1147 (9th Cir. 2009) ............................................................... 7, 8

*Gross v. CitiMortgage, Inc.*,
  33 F.4th 1246 (9th Cir. 2022) ................................................................. 7

*Gryglak v. HSBC Bank USA, N.A.*,
  2023 WL 3243998 (9th Cir. May 4, 2023) ..................................................... 4

*Guimond v. Trans Union Credit Info. Co.*,
  45 F.3d 1329 (9th Cir. 1995) ............................................................. 12, 13

*Henson v. Santander Consumer USA Inc.*,
  582 U.S. 79 (2017) ........................................................................... 4

*Holden v. Holiday Inn Club Vacations Inc.*,
  98 F.4th 1359 (11th Cir. 2024) ........................................................... 7, 8, 9

*Holland Livestock Ranch v. United States*,
  655 F.2d 1002 (9th Cir. 1981) ............................................................... 11

*Horton v. Trans Union, LLC*,
  2015 WL 1055776 (E.D. Penn. Mar. 10, 2015) ................................................. 6

*Howard v. Wells Fargo Fin. Acceptance*,
  2008 WL 5115049 (N.D. Cal. Dec. 4, 2008) .................................................. 14

*Johnson v. Wells Fargo Home Mortg., Inc.*,
  558 F. Supp. 2d 1114 (D. Nev. 2008) ........................................................ 12

*Jones v. Pennsylvania Higher Ed. Assistance Agency*,
  2017 WL 4594078 (C.D. Cal. July 24, 2017) .................................................. 18

*Kanji v. Bank of America, N.A.*,
   2020 WL 8175548 (S.D. Cal. August 25, 2020) ...............................16

*King v. Bank of Am., N.A.*,
   2012 WL 4685993 (N.D. Cal. Oct. 1, 2012)......................................11

*Martinez v. American Express Nat'l Bank*,
   2022 WL 16571194 (C.D. Cal. Nov. 1, 2022)............................10, 12

*Milgram v. Chase Bank USA, N.A.*,
   72 F.4th 1212 (11th Cir. 2023) ..............................................8, 9, 10

*Moran v. Screening Pros*,
   2020 WL 4724307 (C.D. Cal. Jul. 30, 2020)....................................12

*Navellier v. Sletten*,
   262 F.3d 923 (9th Cir. 2001)........................................................11

*Robbins v. CitiMortgage, Inc.*,
   2017 WL 6513662 (N.D. Cal. Dec. 20, 2017)................11, 13, 14, 18

*Safeco Ins. Co. of Am. v. Burr*,
   551 U.S. 47 (2007) .....................................................................14

*Satey v. JPMorgan Chase & Co.*,
   521 F.3d 1087 (9th Cir. 2008)................................................16, 17

*Satterfield v. Simon & Schuster, Inc.*,
   569 F.3d 946 (9th Cir. 2009).........................................................3

*Schlegel v. Wells Fargo Bank, NA (In re Schlegel)*,
   720 F.3d 1204 (9th Cir. 2013).......................................................4

*Shaw v. Experian Info. Solutions Inc.*,
   891 F.3d 749 (9th Cir. 2018).......................................................14

*Slenk v. Transworld Sys., Inc.*,
   236 F.3d 1072 (9th Cir. 2001).......................................................5

*Smart v. Emerald City Recovery, LLC*,
  2019 WL 366205 (W.D. Wash. Jan. 30, 2019)...................................................13

*State of Calif., on Behalf of Calif. Dept. of Toxic Substances Control v.
  Campbell*,
  138 F.3d 772 (9th Cir. 1998)................................................................3

*Suluki v. Credit One Bank, N.A.*,
  2025 WL 1508887 (2nd Cir. May 28, 2025) ......................................9

*Taylor v. First Advantage Background Servs. Corp.*,
  207 F. Supp. 3d 1095 (N.D. Cal. 2016) ..........................................12

*Toroussian v. Asset Acceptance, LLC*,
  2013 WL 5524831 (C.D. Cal. Oct. 4, 2013)................................6, 18

*Turner v. Cook*,
  362 F.3d 1219 (9th Cir. 2004)..........................................................5

*Urquiza v. Portfolio Recovery Assocs.*,
  *LLC*, 2021 WL 5861562 (S.D. Cal. Mar. 9, 2021) ..........................18

*Westra v. Credit Control of Pinellas*,
  409 F.3d 825 (7th Cir. 2005)............................................................8


**State Cases**

*Cavalry SPV I, LLC v. Watkins*,
  36 Cal. App. 5th 1070 (2019) ....................................................17, 18


**Federal Statutes**

15 U.S.C. § 1681*et seq.*..........................................................1, 8, 12, 14,
15 U.S.C. § 1692 *et seq.*..........................................................1, 4, 5

**State Statutes**

Cal. Civ. Code § 1785 *et seq*.................................................................1, 17, 18

Cal. Civ. Code § 1798.92 *et seq*................................................................1, 15

Cal. Civ. Code § 1798.93 *et seq*......................................................................15

**Federal Rules**

Fed. R. Civ. P. 56(a)..........................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff Oleksandr Panchenko ("Plaintiff") says that an identity thief opened a slew of credit card accounts under his name with defendant Comenity Capital Bank ("Comenity") and several other creditors. Plaintiff says Comenity furnished inaccurate information about the account to the three major credit reporting agencies ("CRAs") – Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("TU"), and that Comenity failed to reasonably investigate the disputes he submitted. He asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, California Identity Theft Act ("CITA"), Cal. Civ. Code § 1798.92, et seq., and California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.  Each claim fails.

The FDCPA claim fails because Plaintiff cannot prove Comenity is a "debt collector." Nor can he prove the existence of a "debt" as defined by the FDCPA.

His FCRA claim fails because the undisputed facts establish that Comenity reasonably investigated each of Plaintiff's disputes, and because he has no evidence that he is entitled to actual or punitive damages caused by Comenity's reporting.

The CITA claim fails because Comenity is not a "claimant" and it has not been a "claimant" since 2019, when it sold the account and stopped furnishing information relating to the credit card account. Indeed, Comenity was never a "claimant" at a time when Plaintiff was a "victim of identity theft" as defined by the statute.

Finally, the claim under section 1785.25(a) of the Civil Code fails because Comenity stopped furnishing information about the account in 2019, when it sold the account.  This was four years before Plaintiff first disputed the account. In

2019, Comenity did not know, nor should it have known, the information it was furnishing to the CRAs may have been inaccurate. Summary judgment is proper.

## II.    <u>STATEMENT OF UNDISPUTED FACTS</u>

A Virgin America branded Comenity credit card account in Plaintiff's name was opened on December 21, 2015. Separate Statement of Undisputed Facts ("SSUF") 16. The card was active for years, payments were made on the account for years, no disputes were ever received, no monthly statements were ever returned to the bank, and the credit line was never maxed out. SSUF 6, 15. On January 4, 2018, Comenity closed the account because it was no longer offering the Virgin America branded cards.  SSUF 17.  After the account was closed, one additional payment was made.  SSUF 3, 6, 15. Once the payments stopped, Comenity charged off the account and then sold it DNF Associates on February 25, 2019.  SSUF 18. Comenity stopped furnishing information relating to the account to the consumer reporting agencies shortly thereafter on March 2, 2019. SSUF 19.

Plaintiff alleges he first visited the United States in May 2009 from his home country in Ukraine and was issued a Social Security Number. *See* Dkt. No. 1, ¶ 32. Following multiple visits to the United States for work between May 2010 and September 2019, Plaintiff ultimately relocated to the United States for employment in April 2023.  *Id.* at ¶¶ 33-36. He says on May 9, 2023, he requested a copy of his credit report and discovered "a number of credit cards, bank accounts, employment history, and home address that Plaintiff did not recognize . . ." including the credit card account with Comenity. *Id.* at ¶¶ 37-38. Believing he was a victim of identity theft, on June 13, 2023, Plaintiff contacted the Mountain View Police Department and a police report was generated. *Id.* at ¶¶ 42-43. On June 26, 2023, Plaintiff "created and signed an affidavit with the Federal Trade Commission ("FTC") detailing the many fraudulent accounts opened in his name." *Id.* at ¶ 44.

Between May 12, 2023 and August 19, 2023, Plaintiff submitted and Comenity received nine (9) Automated Credit Dispute Verifications ("ACDVs")

from the CRAs relating to the Comenity credit card account in Plaintiff's name. SSUF 5. Comenity investigated each ACDV and concluded Plaintiff was responsible for the account based on numerous factors, including 1) the fact that Plaintiff's name and Social Security matched what was provided to open the credit card account, 2) the credit card account remained open for years, 3) payments were made on the account for years, 4) a payment was made on the account <u>after</u> the account was closed, 5) the credit line for the account was never maxed out, and 6) billing statements were mailed and never returned undeliverable. SSUF 3, 6, 15. Plaintiff filed this lawsuit on September 27, 2023. Dkt. No. 1.

## III.  ARGUMENT

### A.  Standards Governing Summary Judgment

Summary judgment "shall" be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  As the moving party, Comenity may discharge its burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *accord Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*).

To survive this motion, Plaintiff "must present competent evidence that creates a genuine issue of material fact."  *Federal Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002).  The materiality of a fact is determined by the underlying substantive law.  *See State of Calif., on Behalf of Calif. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 782 (9th Cir. 1998).  "Summary judgment is appropriate when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law."  *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 950 (9th Cir. 2009).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.**    **Summary Judgment is Proper on Plaintiff's FDCPA Claim**

    **1.**    **Comenity Is Not A "Debt Collector" Under The FDCPA**

An essential element of Plaintiff's FDCPA claim is proving Comenity is a "debt collector" as defined by the Act. Comenity, however, is the original creditor who issued the credit card. Its principal business is <u>not</u> the collection of debts, nor does it regularly collect debts on behalf of others. Under the plain language of the statute and controlling Supreme Court and Ninth Circuit authority, it cannot be a "debt collector" under the FDCPA. This claim is frivolous.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business **the principal purpose of which is the collection of any debts**, or who regularly collects or attempts to collect, directly or indirectly, **debts owed or due or asserted to be owed or due another** . . ." 15 U.S.C. § 1692a(6) (emphasis added).  By contrast, a "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, . . ." *Id.* at § 1692a(4).

Here, it is undisputed that Comenity is a bank and is the "creditor" that extended credit under the account.  It is <u>not</u> a "debt collector" who regularly attempts to collect obligations that are "owed or due another."  SSFU 1. The Supreme Court and the Ninth Circuit have held that creditors like Comenity are not "debt collectors" under the FDCPA. *See Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 87-88 (2017) ("you have to attempt to collect debts owed another before you can ever qualify as a debt collector"); *Schlegel v. Wells Fargo Bank, NA (In re Schlegel)*, 720 F.3d 1204 (9th Cir. 2013) (complaint did not plausibly allege Wells Fargo was a "debt collector" under section 1692a(6) of the FDCPA); *Gryglak v. HSBC Bank USA, N.A.*, 2023 WL 3243998, at *4 (9th Cir. May 4, 2023) (unpublished) (FDCPA claim "foreclosed by *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208-09 (9th Cir. 2013)" because complaint "contained no

facts suggesting that Wells Fargo or HSBC's 'principal purpose' is debt collection, or that either entity "regularly collects or attempts to collect" debts owed to another."); *see also Dill v. Comenity Bank/Sports Auth.,* 2014 WL 1432502 (W.D. Okl. April 14, 2014) (Comenity Bank was not a "debt collector").

### 2.    There Is No Evidence The Unpaid Obligation Is A "Debt" As Defined By The FDCPA

The FDCPA claim also fails because Plaintiff has not, and cannot, establish another essential element of the claim: namely, that the unpaid obligation was incurred "primarily for personal, family or household use."  Indeed, Plaintiff admitted he had no knowledge of how or why any of the charges that led to the unpaid balance on the card were incurred. SSUF 2. Given this failure of proof on an essential element of the claim, summary judgment for Comenity is proper.

The Ninth Circuit has held that proving the existence of a "debt" is a "threshold" issue for a plaintiff in every FDCPA action.  *See Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004).  Thus, Plaintiff bears the burden of proving Comenity was seeking to collect a financial obligation arising from a "transaction" the subject of which is "primarily for personal, family or household purposes."  15 U.S.C. § 1692a(5).

Ninth Circuit precedent makes clear that the determination of whether an obligation is a "debt" turns on how the obligor used the funds, not on how the creditor documents the obligation or on how a collector subsequently treats the obligation.  *See Bloom v. I.C. Sys., Inc*., 972 F.2d 1067, 1068 (9th Cir. 1992) (personal loan from friend used to start software business not a "debt":  "The [FDCPA] characterizes debts in terms of end uses . . . [n]either the lender's motives nor the fashion in which the loan is memorialized are dispositive of the inquiry."); *see also Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1076 (9th Cir. 2001) (the manner in which collector treats obligation irrelevant; rejecting argument that defendant's collection efforts "transformed" commercial loan into

consumer debt: "We, too, refuse to ignore Congress's intent by defining a consumer debt in accordance with the actions of the debt collector, rather than the true nature of the debt.").

Plaintiff testified he did <u>not</u> make any of the charges that comprise the balance on the credit card account, and has <u>no knowledge</u> of the purpose for which the charges were incurred.  SSUF 2.  His inability to prove the charges were incurred "primarily for personal, family or household purposes" is fatal.

With his opposition to this motion, Plaintiff may offer speculation that the credit card account was used by an alleged thief for personal purposes, based on the description of charges.  Speculation of this sort is not evidence and does not create a triable issue of fact. Even if the Court were to assume, for purposes of argument, that Plaintiff is a victim of the crime of identity theft, then, by definition, any charges made by the alleged thief were for <u>criminal</u> purposes, and not "personal, family or household" purposes.  And if Plaintiff is truly a victim of a crime, then he of course cannot prove <u>why</u> the charges were incurred.

It is therefore unsurprising the Seventh Circuit affirmed a grant of summary judgment for a defendant in an FDCPA action brought by an alleged victim of identity theft who failed to demonstrate the credit card obligation at issue was a "debt" under the FDCPA.  *See Burton v. Kohn Law Firm*, 934 F.3d 572 (7th Cir. 2019).  Numerous district courts across the country are in accord.  *See, e.g., Evenson v. Palisades Collection, LLC*, 2015 WL 3466936, at *3-6 (S.D. Ohio June 1, 2015); *Horton v. Trans Union, LLC*, 2015 WL 1055776, at *6-7 (E.D. Penn. Mar. 10, 2015); *Toroussian v. Asset Acceptance, LLC*, 2013 WL 5524831, at *6 (C.D. Cal. Oct. 4, 2013) (FDCPA plaintiff must show allegedly fraudulent credit card charges qualify as "debt"); *Anderson v. AFNI, Inc.*, 2011 WL 1808779, at *14 (E.D. Pa. May 11, 2011) (same; victim of ID theft could not prove existence of "debt").  The same result should follow here.

//

**C.  Summary Judgment is Proper on Plaintiff's FCRA Claim**

To prevail on his FCRA claim, Plaintiff must show that Comenity's report to the consumer reporting agencies was inaccurate, and that the inaccuracy was the product of an unreasonable investigation by Comenity. *See Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251-53 (9th Cir. 2022). Plaintiff cannot establish either element here, so summary judgment is warranted.

**1.  Comenity's Reporting Was Not Inaccurate Because The Objectively And Readily Verifiable Information Indicated Plaintiff Was Responsible For The Account**

To demonstrate inaccuracy, Plaintiff must prove that Comenity's reporting was patently incorrect or materially misleading. *See Gross*, 33 F.4th at 1252 (patently incorrect for defendant to report that plaintiff was delinquent on debt that was "abolished" as a matter of law by Arizona's anti-deficiency statute); *Gorman v. Wolpoff & Abramson,* 584 F.3d 1147, 1164 (9th Cir. 2009) (furnisher's failure to report disputed status of debt may be materially misleading).

Information cannot be considered inaccurate, however, where it is not "objectively and readily verifiable" by the furnisher. *See Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1368 (11th Cir. 2024) (no inaccuracy; plaintiffs' obligation to pay the debt was not "objectively and readily verifiable because it stems from a contractual dispute without a straightforward answer.").

Here, as in *Holden*, Comenity did not report inaccurate information about Plaintiff because there were no "objectively and readily verifiable" facts to demonstrate Plaintiff was not responsible for the account. To the contrary, all the "objectively and readily verifiable" facts available to Comenity indicated this was Plaintiff's account and he was obligated to pay it. His name, date of birth and Social Security number had been used to open the account, and regular payments had been made on the account over the course of a few years (including one payment made <u>after</u> the account had been closed). SSUF 3.  None of the monthly

statements for the account had been returned to Comenity, the credit line on the account had never been maxed out, nor had the balance been disputed until four years after it was closed. *Id*.

Even when Comenity finally received documents attached to one of the Plaintiff's ACDVs, those documents were heavily redacted and they did not explain Plaintiff's whereabouts when the account was opened in December 2015 or when many of the charges were made. *Id*.

As was the case in *Holden*, Comenity's reporting did not contain any inaccuracy. The "alleged inaccurate information is not objectively and readily verifiable because it stems from [an identity theft] dispute without a straightforward answer." *See Holden*, 98 F.4th at 1368.  The claim fails.

## 2.    Comenity's Investigations Were Reasonable

Even assuming Plaintiff could demonstrate a triable issue of fact on whether "inaccurate" information was furnished by Comenity, summary judgment is still proper. He cannot prove the Bank's investigations into his disputes were unreasonable in light of the limited information provided to Comenity by the CRAs. *See* 15 U.S.C. § 1681s-2(b); *Gorman*, 584 F.3d at 1155-57; *see also Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) (summary judgment for furnisher; investigation was reasonable given the scant information it received regarding the nature of Westra's dispute.)

A furnisher's obligation to investigate is procedural; what matters is the process used, not the outcome.  "An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate." *See Gorman,* 584 F.3d at 1161.  And because the focus is on process rather than outcome, a plaintiff must identify facts the furnisher should have discovered as part of its investigation that would have demonstrated the information reported was incomplete or inaccurate.  *See Milgram*

*v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1218 (11th Cir. 2023), citing *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018); *see Holden*, 98 F.4th at 1367; *see Suluki v. Credit One Bank, N.A.*, 2025 WL 1508887, at *8 (2nd Cir. May 28, 2025) (summary judgment on FCRA claim affirmed where Plaintiff failed to show that a reasonable investigation would have led to a different result).

 *Milgram* is instructive here. There, the plaintiff's employee opened a credit card with Chase using plaintiff's name, ran up tens of thousands of dollars of charges, and then illegally accessed plaintiff's bank accounts to make payments in response to the monthly statements. *See Milgram*, 72 F.4th at 1214.  Chase rejected plaintiff's disputes, however, concluding that the consistent payments made from an account owned by plaintiff reflected the employee had "apparent authority" to incur the charges. Id. The district court granted summary judgment for Chase on plaintiff's FCRA claims, concluding that the Bank's investigating had been "reasonable," and the Eleventh Circuit affirmed. *Id.*

 The facts supporting plaintiff's dispute in *Milgram* were <u>far</u> more compelling than those presented by Plaintiff here. Indeed, by the time plaintiff in *Milgram* submitted her last dispute to Chase, her former employee had already plead guilty to "seven counts of grand theft in the second and third degree, criminal use of personal identification information, and defrauding a financial institution" and had been sentenced to three years in prison. *Id*. at 1216. Plaintiff attached to her dispute a Florida state court order which recognized the employee had fraudulently opened the Chase card and had transferred money to make the payments without plaintiff's permission. *Id*. In response to plaintiff's dispute, however, Chase re-verified that plaintiff was responsible for the charges. *Id.*

 Ultimately, the Eleventh Circuit concluded that Chase's investigation was reasonable, because plaintiff could not point to any fact that would have undercut Chase's determination that plaintiff had vested her employee with apparent authority to use the card. The Court observed:

We don't think the criminal judgment was relevant to Chase's apparent-authority determination. To be sure, Williams's criminal judgment proved that Williams lacked actual authority. But Milgram's automatic payments to pay off the card each month led Chase to conclude that Williams had authority to incur those charges. That Williams didn't actually have that authority doesn't undercut that conclusion; it doesn't go to apparent authority at all.

*Id*. at 1221.

Here, as in *Milgram*, Plaintiff cannot meet his burden of proving that Comenity's investigation was unreasonable. The undisputed facts show that Comenity investigated each of the nine (9) ACDVs it received relating to the account. SSUF 5. During each investigation, Comenity reasonably concluded Plaintiff was responsible for the account given that his name and Social Security matched what was provided to open the credit card account, the account had remained open for years, payments were made on the account for years, a payment was made on the account after the account was closed, the credit line for the account was never maxed out, and billing statements were mailed and never returned undeliverable. SSUF 6. Indeed, Comenity's expert has opined that its detailed investigations of the disputes not only met, but exceeded, industry standards. SSUF 7.

As in *Milgram*, Plaintiff cannot create a triable issue of fact by simply arguing that Comenity "got it wrong" when it conducted the investigations. Rather, he must provide evidence of why the investigations were unreasonable, and what additional information would have been uncovered by a reasonable investigation. He cannot do so, and the claim therefore fails.

### 3. Plaintiff's Has No Recoverable Damages

Plaintiff's alleged damages of lost wages, increased security deposit, emotional distress, and credit denials are unrecoverable for a variety of reasons.

"A plaintiff can only recover actual damages for a violation of the FCRA if []he has suffered damages as a result of the violation." *Martinez v. American*

*Express Nat'l Bank,* Case No. CV-21-8130-DMG (MAAx), 2022 WL 16571194, at *5 (C.D. Cal. Nov. 1, 2022); *King v. Bank of Am., N.A.*, 2012 WL 4685993, at *6 (N.D. Cal. Oct. 1, 2012) ("[A] mere drop in Plaintiff's credit score without any damages actually incurred would likely not satisfy the [FCRA's] actual damages requirement."). "'It is black-letter law that damages which are speculative, remote, imaginary, contingent or merely possible cannot serve as a legal basis for recovery.'" *Robbins v. CitiMortgage, Inc.*, Case No. 16-CV-04732-LHK, 2017 WL 6513662, *17 (N.D. Cal. Dec. 20, 2017) (quoting, *inter alia*, *Navellier v. Sletten*, 262 F.3d 923, 939 (9th Cir. 2001), and *Holland Livestock Ranch v. United States*, 655 F.2d 1002, 1006 (9th Cir. 1981)).

Plaintiff's claim for actual damages based on his alleged lost wages are, at best, speculative and must fail. From approximately May 2023 to September 2023, Plaintiff claims he refrained from seeking employment to spend time trying to address his alleged credit issues. SSUF 8. But Plaintiff admitted that during that period, the job market had collapsed and there were minimal opportunities. *Id*. In other words, even if he had not decided to refrain from seeking a job so he could devote time to addressing his alleged credit issues, in all likelihood Plaintiff still would not have landed a job until September 2023. Plaintiff's alleged lost wages are too speculative to recover.  In addition, any time spent by Plaintiff was also addressing allegedly inaccurate information furnished by other creditors and reported by the consumer reporting agencies (many of which he sued in this case), and Plaintiff has made no effort to quantify the time spent specifically addressing the Comenity reporting.

Plaintiff alleges his "efforts to rent a home have been frustrated by increased security deposits." Dkt. No. 1, ¶ 78.  He cannot seek damages allegedly stemming from his payment of a rent deposit in early May 2023, however, because he paid that deposit <u>before</u> he submitted his first dispute regarding Comenity's reporting. Where the plaintiff's claim is "limited to [the furnisher's] allegedly unreasonable

investigation," the plaintiff is "limited to damages that occurred as a result of the inadequate investigation," and cannot recover for any alleged damages that occurred before the plaintiff reported the dispute to the CRA. *Martinez*, 2022 WL 16571194 at *17-18 (emphasis omitted), citing *Corby v. American Express Co.*, No. CV 10-05575-ODW (JCx), 2011 WL 4625719, at *5 (C.D. Cal. Oct. 5, 2011). A furnisher's liability under section 1681s-2(b) cannot attach until at least 30 days after the consumer submits the dispute to the CRA. *See Johnson v. Wells Fargo Home Mortg., Inc.* 558 F. Supp. 2d 1114, 1136 (D. Nev. 2008), *aff'd in part, rev'd in part on other grounds, and remanded*, 635 F.3d 401 (9th Cir. 2011); *Ferrarelli v. Federated Fin. Corp. of Am.*, 2009 WL 116972, at *8 (S.D. Ohio Jan. 16, 2009) (because liability cannot attach until 30 day period has expired, plaintiff "is limited to those damages which arose" after 30 day period expired).

Plaintiff and his wife applied to rent an apartment on May 1, 2023, with a move-in date of May 12, 2023. SSUF 9. On May 4, 2023, they were both advised their application was <u>approved</u> but an additional deposit of one month rent was required because of 1) credit history insufficient and 2) applicant type/scoring range condition. SSUF 10. Putting aside the fact that neither reason provided for the increased deposit has anything to do with the Comenity account and rental deposits are returned at lease end, this all occurred <u>prior</u> to Plaintiff's first dispute on May 12, 2023. *Id.* Any such "damages" cannot be recovered.

Actual damages under the FCRA include emotional distress. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). "'To survive summary judgment on an emotional distress claim under the FCRA, Plaintiff must submit evidence that reasonably and sufficiently explains the circumstances of his injury and does not resort to mere conclusory statements.'" *Muzi Gao v. Campus 150 Venture II, LLC*, 2022 WL 294749, at *6 (C.D. Cal. Jan. 21, 2022), citing *Taylor v. First Advantage Background Servs. Corp.*, 207 F. Supp. 3d 1095, 1102 (N.D. Cal. 2016); see *Moran v. Screening Pros*, 2020 WL 4724307, *11 (C.D. Cal.

Jul. 30, 2020) (no actual damages; Plaintiff alleged he felt "devastated" and "discouraged" without any additional detail or explanation).

In a conclusory manner Plaintiff alleges he experiences "anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment . . ." Dkt. No. 1, ¶ 70. Though Plaintiff testified generally to taking ibuprofen to cope with headaches, but has never described the emotional distress damages he attributes specifically to Comenity. SSUF 11. Plaintiff's failure to provide competent evidence of his alleged stress that can be directly attributed to Comenity's alleged failure to properly investigate his disputes is fatal to his FCRA claim. *See, e.g., Smart v. Emerald City Recovery, LLC*, No. C18-0448-JCC, 2019 WL 366205, at *2 (W.D. Wash. Jan. 30, 2019) (allegations that plaintiff was "embarrassed, suffered headaches, nausea, nerves, loss of concentration, insomnia and loss of sleep, anxiety, irritability, frustration and intimidation and suffered emotionally in other ways from the distress of having a stranger come in the middle of the night" too conclusory).

Plaintiff's claims for alleged denials of credit are also unsubstantiated and do not create a triable issue of fact on actual damages. Although a denial of credit is not "a prerequisite to recovery under the FCRA," *Guimond,* 45 F.3d at 1333, a plaintiff seeking damages based on a denial of credit must show that the credit reporting at issue "was a 'substantial factor' in" the denial, *Robbins,* 2017 WL 6513662, *17 (quoted citation omitted).

On August 16, 2023, Plaintiff was denied credit from Stanford Federal Credit Union ("SFCU"). SSUF 12. The reasons for the denial, however, were that 1) Plaintiff has no credit file, and 2) SFCU did not offer the type of credit requested. *Id*. Clearly, neither reason has to do with Comenity's reporting and Comenity was not responsible for the denial. *Id*.

On that same day, Plaintiff applied for and was denied an Apple Card, issued by Goldman Sachs. SSUF 13. The reasons given for the denial, however, were:

"Serious delinquency, balances relative to credit limits on credit cards being too high, and too few accounts paid as agreed." *Id*. Given this, Comenity was not responsible for the Apple Card denial. All four accounts on Plaintiff's credit report at the time were serious delinquencies, and there was <u>no</u> balance showing on the Comenity account at the time, and the final reason (too few accounts paid as agreed) would have existed even in the absence of the Comenity account. SSUF 14. No damages can be attributed to Comenity here.

Accordingly, Comenity was not a substantial factor in the denials of credit by Stanford Federal Credit Union or Goldman Sachs.

### 4. The Punitive Damages Claim Fails for Lack of Evidence

Plaintiff cannot provide any evidence that would support an award of punitive damages against Comenity. Under 15 U.S.C. § 1681n, a furnisher may be liable to a consumer for a willful violation of the FCRA is there is evidence of a knowing or reckless violation of the statute. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007); *Shaw v. Experian Info. Solutions Inc.*, 891 F.3d 749, 760 (9th Cir. 2018) ("A willful violation of the FCRA occurs where a defendant knowingly or recklessly violated the FCRA."), citing *Safeco Ins. Co. of Am.*, 551 U.S. at 57.

"A defendant acts in reckless disregard when its action both is 'a violation under a reasonable reading of the statute's terms' and 'shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" *Id*. (citing *Safeco*, 551 U.S. at 69). Where a furnisher "perform[s] an investigation into" disputes received from a CRA and there is no evidence of "any knowing or intentional act that violated the [FCRA]or any reckless disregard for the [FCRA] requirements," no finding of willfulness can lie. *See Howard v. Wells Fargo Fin. Acceptance*, Case No. C-07-5881 EDL, 2008 WL 5115049, *4 (N.D. Cal. Dec. 4, 2008) (summary judgment for furnisher on plaintiff's claim of willful violation).

Here, Plaintiff cannot provide evidence to support his claim that Comenity knowingly or recklessly failed to reasonably investigate his nine (9) ACDVs. To the contrary, as previously stated, the undisputed facts show that Comenity thoroughly investigated each of the nine (9) ACDVs that it received relating to the account, and in each instance reasonably concluded that Plaintiff was responsible for the account. SSUF 15. Because Plaintiff has failed to present any evidence that Comenity willfully failed to investigate his ACDVs, likely because he cannot, summary judgment is appropriate.

**D.    Summary Judgment is Proper on Plaintiff's CITA Claim Because Comenity Is Not A "Claimant" And It Was Never A "Claimant" When Plaintiff Was A "Victim Of Identity Theft"**

The CITA permits a person to "bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." Cal. Civ. Code § 1798.93(a).  Thus, Plaintiff must establish that (1) Comenity is a "claimant" with respect to the account, and (2) plaintiff was a "victim of identity theft"[1] when Comenity was a "claimant." Cal. Civ. Code § 1798.93(b).  Plaintiff cannot do so.

Pursuant to California Civil Code section 1798.92(a), "'claimant' means a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft."  The term

---

[1] A "'[v]ictim of identity theft' means a person who had their personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity theft, and has submitted a Federal Trade Commission identity theft report. In the alternative, the person may have filed a police report in this regard pursuant to Section 530.5 of the Penal Code." Cal. Civ. Code § 1798.92(d).

"claimant" reflects a present tense interest in a debt or attempt to collect, and it does not apply to bank like Comenity, who sold its interest in the account four years before the Plaintiff's suit was filed. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1092 (9th Cir. 2008) (summary judgment upheld; Chase was not a "claimant" having sold the debt two years prior to the suit being filed); *see also Blackmon v. Ad Astra Recovery Servs.*, Case No. 20-CV-800-CAB-JBL, 2021 WL 1541647, at *18 (C.D. Cal. April 20, 2021) (AARS was not a claimant because it closed Plaintiff's loan account prior to Plaintiff filing suit); *see also Kanji v. Bank of America, N.A.*, Case No. CV-20-3820-RSWL-SK, 2020 WL 8175548 at *4 (S.D. Cal. August 25, 2020) (CITA claim was dismissed; Plaintiff did not allege that Defendant currently, or at the time of filing the complaint, had a claim against Plaintiff). The Plaintiff's CITA claim is therefore foreclosed by the Ninth Circuit's ruling in *Satey*, where the Court stated,

> Our holding that the term "claimant" is limited to the present or future tenses is consistent with the four-year statute of limitations allowed by California's Identity Theft Law: a "claimant" could maintain a claim against a victim of identity theft for four or more years. The statute of limitations would continue to run, and a victim of identity theft could seek relief under California's Identity Theft Law, so long as the "claimant" maintained a claim. If, as happened here, a "claimant" sells the disputed debt to another entity, and the victim of identity theft has not yet filed suit, the victim of identity theft may no longer sue the former "claimant" under California's Identity Theft Law. In that situation, the victim of identity theft would be able to seek relief against the new "claimant" and would have four years within which to do so.

*Satey*, 521 F.3d at 1093. The CITA simply does not apply to former owners of an account who have ceased any attempts to collect it. "If the California Legislature wanted to define 'claimants' in the past tense, it could easily have done so by modifying the statutory language." *Satey,* 521 F.3d at 1092.

The Comenity credit card account was opened on December 21, 2015, closed on January 4, 2018, and here, just as in *Satey*, Comenity sold the credit card account to DNF Associates LLC on February 25, 2019. SSUF 16-18.  Comenity stopped furnishing information relating to the credit card account on March 2, 2019.  SSUF 19. It was not until more than four years later that Comenity first received a copy of an FTC Identity Theft Report on July 6, 2023, when it was mailed to Comenity. SSUF 20. At that point, Comenity was not a "claimant," nor had it been since early 2019.  Comenity was also not a "claimant" when Plaintiff filed this lawsuit. For this reason, Plaintiff's CITA claim fails.

**E.     Summary Judgment is Proper on Plaintiff's CCCRAA Claim**

Comenity did not receive a dispute related to Plaintiff's account until 2023 – nearly five years <u>after</u> it sold the account and stopped furnishing information related to it in 2019. SSUF 21. Prior to that, there was no reason for Comenity to know, or have any reason to believe, that the information it was furnishing was inaccurate or incomplete. The Civil Code section 1785.25(a) claim therefore fails.

Section 1785.25(a) of the Civil Code provides: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person **knows or should know** the information is incomplete or inaccurate."  Cal. Civ. Code § 1785.25(a) (emphasis added); *see Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010); *Cavalry SPV I, LLC v. Watkins*, 36 Cal. App. 5th 1070, 1095-96 (2019).

Because he never disputed the account until 2023, long after Comenity had <u>stopped</u> furnishing information about it, Plaintiff cannot prove Comenity knew or

should have known the information it had furnished was incomplete or inaccurate.[2] *See Robbins,* 2017 WL 6513662, at *14 (N.D. Cal. Dec. 20, 2017) (listing elements of claim).  Section 1785.25(a) does not obligate Comenity to investigate the validity of the account <u>before</u> furnishing information to the CRAs.  *See Jones v. Pennsylvania Higher Ed. Assistance Agency*, 2017 WL 4594078, at *9 (C.D. Cal. July 24, 2017).  Where, as here, Plaintiff has failed to come forward with evidence that Comenity "knew or should have known" the information it was furnishing was incomplete or inaccurate, summary judgment is proper.  *See Watkins*, 36 Cal. App. 5th at 1096 (affirming judgment in favor of defendant on § 1785.25(a) claim; plaintiff "did not prove that [defendants] submitted information they knew or should have known was incomplete or inaccurate"); *Urquiza v. Portfolio Recovery Assocs., LLC*, 2021 WL 5861562, at *8 (S.D. Cal. Mar. 9, 2021) (summary judgment for defendant on plaintiff's § 1785.25(a) claim; plaintiff "repeatedly failed to return the Identity Theft Affidavit or any of the other reports/documents" requested by defendant "that would have helped substantiate his identity theft claim.  In short, [Plaintiff] has provided no evidence that would allow a jury to find [Defendant] knew or should have known the information was inaccurate."); *Toroussian*, 2013 WL 5524831, at *5 (summary judgment for defendant; while plaintiff's letters "might have put [defendant] on notice that Plaintiff claimed to be a victim of identity theft, those letters alone did not establish that Plaintiff was actually a victim.  [Defendant] requested, but never received, any documentation supporting any of Plaintiff's claims . . . . [N]o trier of fact could find that [Defendant] should have known that Plaintiff was a victim of identity theft.").

---

[2]  Generally, information on a credit report is incomplete or inaccurate if "'it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions, . . . even if it is technically accurate.'" *Carvalho*, 629 F.3d at 890 (quoted citations omitted).

**IV.    <u>CONCLUSION</u>**

For the foregoing reasons, Comenity respectfully requests that the Court grant summary judgment in its favor.


DATED:  June 25, 2025                    Respectfully submitted,

                                         WOMBLE BOND DICKINSON (US) LLP
                                         TOMIO B. NARITA
                                         NATHAN A. SEARLES
                                         KRISTINA B. HOVSEPYAN

                                         By:   /s/ Kristina B. Hovsepyan
                                               Kristina B. Hovsepyan
                                               Attorneys for Defendant
                                               Comenity Capital Bank