UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMENITY CAPITAL BANK,<br><br>　　　　Defendant. | Case No. 23-cv-04965-EKL<br><br>**ORDER GRANTING IN PART MOTION TO EXCLUDE**<br><br>Re: Dkt. No. 136 |

Comenity Capital Bank ("Comenity") moves to exclude the testimony of Plaintiff's rebuttal expert witness Douglas A. Hollon. *See Daubert* Mot., ECF No. 136 ("Mot."). Comenity argues that: (1) Hollon's expert report is untimely; (2) he seeks to testify on "ultimate legal issues," (3) he "is not qualified to offer the opinions he proffers," and (4) his proposed testimony relies on "insufficient facts or data." Mot. at i. The Court reviewed the parties' briefs and heard argument on August 13, 2025. For the following reasons, the Court GRANTS the motion in part.[1]

### 1.　　　**Proper Rebuttal**

Comenity argues that Hollon's expert report is untimely because it was disclosed on the deadline for *rebuttal* expert reports, but Hollon seeks to offer affirmative testimony. *See* Mot. at 1-2, 4-6. Rebuttal reports are "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in that party's expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii). "The test of whether an expert's opinion constitutes rebuttal or a new opinion, however, is not whether a rebuttal expert employs new testing or methodologies but instead,

---

[1] The parties are familiar with the facts of this case, which are summarized in detail in the Court's Order on Comenity's motion for summary judgment. The relevant legal standard is articulated below with respect to each of the arguments Comenity raised in its motion.

1  whether a rebuttal attempts to put forward new theories outside the scope of the report it claims to
2  rebut." *Huawei Techs., Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 995 (N.D. Cal. 2018)
3  (quoting *Wadler v. Bio-Rad Labs., Inc.*, No. 15-cv-02356-JCS, 2016 WL 6070530, at *3 (N.D.
4  Cal. Oct. 17, 2016)). "If a party fails to provide information or identify a witness as required by
5  Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on
6  a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed.
7  R. Civ. P. 37(c)(1). The party proffering an untimely expert has the burden to prove that the late
8  disclosure was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
9  259 F.3d 1101, 1107 (9th Cir. 2001).

On March 6, 2025, Comenity disclosed the report of its expert John Ulzheimer. *See* Ulzheimer Report, ECF No. 137-1. Ulzheimer offers two opinions: (1) "Comenity's credit reporting investigations into Plaintiff's credit reporting disputes were in line with, and exceeded, industry standard practices"; and (2) "Plaintiff has failed to establish a connection between Comenity's credit reporting and Plaintiff's alleged financial and credit related damages." *Id*. at 5. To support these opinions, Ulzheimer reviewed Comenity's responses to the Automated Consumer Dispute Verification ("ACDV") forms that it received from Equifax, Experian, and TransUnion and assessed Comenity's investigation into Panchenko's disputes. *Id*. at 17. Ulzheimer discounted the importance of certain materials that Comenity *did not* review – including "[p]olice reports, FTC fraud affidavits, and CFPB complaints" – because, in his view, these materials are not dispositive of whether fraud occurred. *Id*. at 18. Ulzheimer opines that "the presence of these reports, which are always one-sided and lack reference to outcomes of criminal investigations, are based entirely on a consumer's representations, are not evidence of fraud." *Id*.

On April 10, 2025 – the deadline to disclose rebuttal expert reports – Panchenko disclosed the Hollon report. In his report, Hollon recited Ulzheimer's opinions and stated: "I disagree and below are my reasons." Hollon Report at 19, ECF No. 137-2. Hollon also opined that: (1) "Comenity did not perform an adequate investigation regarding Mr. Panchenko's disputes"; and (2) Panchenko "is a victim of identity theft." *Id*. at 18-19.

2

The Court finds that Hollon's first opinion – that Comenity conducted an inadequate investigation – properly rebuts Ulzheimer's opinion that Comenity's investigation was "in line with, and exceeded, industry standard practices." Ulzheimer Report at 5. Although Hollon articulated this opinion in slightly different terms than Ulzheimer did, the two experts apply essentially the same methodology to address the same basic issue. Like Ulzheimer, Hollon reviewed each ACDV and the steps Comenity took to investigate. Hollon Report at 20-29. Hollon identified other steps that Comenity could have taken, and rebutted Ulzheimer's opinion that certain materials submitted by Panchenko – including the police report and FTC report – were insignificant. *See id*. This opinion does not "put forward new theories outside the scope of" Ulzheimer's report, thus it was timely disclosed as rebuttal testimony. *Huawei Techs.*, 340 F. Supp. 3d at 995.[2]

However, the Court finds that Hollon's second opinion – that Panchenko is a victim of identity theft – does not rebut any opinion offered by Comenity's expert Ulzheimer. At no point in his report does Ulzheimer opine as to whether Panchenko is, in fact, a victim of identity theft. Hollon essentially conceded this point at his deposition:

> Q. Okay. So [Ulzheimer] – he's not expressing an opinion on whether or not Mr. Panchenko is or is not a victim of identity theft, is he?
>
> A. Those two statements do not say anything about that, no.
>
> Q. Okay. So you're not – you're not rebutting anything in Mr. Ulzheimer's report relating to identity theft and whether or not Mr. Panchenko is a victim, are you?
>
> A. Well, part of my report is rebutting what he said, but I – in addition to what – the rebuttal, I'm also indicating that based on the reading of the evidence, in my opinion, Mr. Panchenko is a victim of identity theft.

Hollon Dep. Tr. 91:25-92:13, 96:15-24, ECF No. 139-27. Because Hollon's identity theft opinion

---

[2] Comenity argues that this opinion cannot qualify as rebuttal because Panchenko bears the burden of proof as to whether Comenity's investigation was reasonable. *See* Reply at 1, ECF No. 143. But there is no absolute requirement that the party with the burden of proof on an issue must disclose affirmative expert testimony on that issue. *See* Fed. R. Civ. P. 26, advisory committee's note to 1993 amendment (recognizing that "*in most cases* the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue" (emphasis added)).

3

does not rebut any opinion offered in Ulzheimer's report, it was untimely and must be excluded unless the late disclosure was substantially justified or harmless.[3]

Panchenko's failure to disclose Hollon's "identity theft" opinion was not substantially justified or harmless. Panchenko has maintained that he is a victim of identity theft from the outset of this case. Compl. ¶ 42, ECF No. 1. Thus, there was ample opportunity to develop and timely disclose expert testimony on this subject. *See City & Cnty. of S.F. v. Purdue Pharma L.P.*, No. 18-cv-07591-CRB, 2022 WL 1203075, at *2 (N.D. Cal. Apr. 22, 2022) (finding that late disclosure of expert testimony was not substantially justified because the subject of the expert's testimony was "a cornerstone of Plaintiff's case since day one"). In his opposition, Panchenko does not argue that the late disclosure of Hollon's "identity theft" opinion was harmless, as was his burden. *See Yeti by Molly*, 259 F.3d at 1107. The Court finds that the late disclosure was not harmless because it left Comenity without adequate time to prepare expert testimony on the same subject, given that expert discovery closed shortly after Hollon's report was disclosed and trial is fast approaching. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (holding that harmlessness turns on prejudice to the party against whom evidence is offered, "the ability of that party to cure the prejudice," disruption of trial, and bad faith or willfulness in the late disclosure).

For the foregoing reasons, the Court will exclude Hollon's proposed testimony as to whether Panchenko is a victim of identity theft. The Court did not consider Hollon's testimony on this subject in ruling on Comenity's motion for summary judgment,[4] and Hollon is precluded from offering such testimony at trial.[5] Because he was disclosed as a rebuttal expert, Hollon may testify

---

[3] Hollon testified that the "underlying reason" for Panchenko's dispute – identity theft – informs whether Comenity's investigation was adequate. *Id.* 93:2-94:19. But the issue of whether Panchenko is actually a victim of identity theft is assumed and not expressly addressed by Ulzheimer's report. *See Clear-View Techs., Inc. v. Rasnick*, No. 13-cv-02744-BLF, 2015 WL 3509384, at *4 (N.D. Cal. June 3, 2015) (excluding improper rebuttal on an issue "assume[d]" but "not raised by" the opening expert's report).

[4] The Court did not rely on any portion of Hollon's report in ruling on Comenity's motion for summary judgment.

[5] Comenity argues that the Court should exclude Hollon's report in full, citing to a case where Hollon's entire report was untimely. *See Ahn by and Through Hong v. Bank of America, N.A.*, No. 8:21-cv-01092-MEMF-ADS, 2023 WL 4763991, at *2-3 (C.D. Cal. July 25, 2023). That case

at trial on the other opinions disclosed in his report, but as a rebuttal witness, not in Panchenko's case in chief. *Amos v. Makita U.S.A., Inc.*, No. 2:09-cv-01304-GMN-RJJ, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011) ("Rebuttal experts cannot testify in their parties' case-in-chief.").

### 2. Hollon's Qualifications

Federal Rule of Evidence 702 requires that a testifying expert be "qualified as an expert by knowledge, skill, experience, training, or education." Rule 702 "contemplates a broad conception of expert qualifications." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir.1994)).

Here, Comenity argues that Hollon is not qualified "to be an expert on who is or is not a victim of identity theft, or on how furnishers investigate disputes, or on industry standards bearing on these issues." Mot. at 8. Comenity's motion is moot as to the first issue because the Court has excluded Hollon's opinion that Panchenko is a victim of identity theft. Otherwise, the Court finds that Hollon is sufficiently qualified to testify as an expert regarding how furnishers investigate disputes and industry standards for performing FCRA investigations. Hollon has worked in the credit reporting industry for 19 years. Hollon Report at 5. During that time, he personally handled tens of thousands of identity theft investigations for Experian. Hollon Dep. Tr. 46:8-20, 47:2-22. This experience qualifies Hollon to testify regarding how credit disputes should be investigated, and whether Comenity's investigations conformed to industry standards. At the motion hearing, Comenity argued that Hollon's experience is lacking because he worked for a credit reporting agency, and not for a data furnisher. But Rule 702 does not require that degree of specialized experience. *See Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 839 (9th Cir. 2011); *see also Pena v. Experian Info. Sols., Inc.*, No. 8:22-cv-01115-SSS-ADSx, 2024 WL 4868285, at *3 (C.D. Cal. Nov. 13, 2024). Thus, the Court declines to exclude Hollon for lack of qualifications.

---

is inapposite because Hollon's report was disclosed "more than a month after the close of discovery, and after Experian had already moved for summary judgment." *Id.* at *3. Here, Hollon's report was timely disclosed on the deadline to serve rebuttal expert reports, so his report may be excluded only to the extent it includes opinions that are outside the scope of rebuttal. *See* ECF No. 126 at 7 (noting April 10, 2025 deadline to designate rebuttal expert witnesses).

### 3. Legal Conclusions

Expert testimony concerning an ultimate issue is not per se improper. *See Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002). Federal Rule of Evidence 704(a) provides that expert testimony that is otherwise admissible is "not objectionable just because it embraces an ultimate issue" to be decided by the trier of fact. However, "an expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law." *Hangarter*, 373 F.3d at 1016 (quoting *Mukhtar*, 299 F.3d at 1066 n.10).

Here, Comenity argues that Hollon improperly seeks to testify that Panchenko is a victim of identity theft, and that Comenity failed to conduct a "reasonable" investigation as required by the FCRA. Mot. at 6-8. Again, Comenity's argument is moot with respect to the already-excluded opinion that Panchenko is a victim of identity theft. Otherwise, the Court finds that Hollon does not seek to improperly offer a legal conclusion, but rather offers expert testimony regarding the adequacy of Comenity's investigation – much like Ulzheimer does. At one point in his report, Hollon states that Comenity "failed to reasonably investigate Plaintiff's disputes." Hollon Report at 52. However, Hollon clarifies that he is using the word "reasonable" according to its dictionary definition, "not to express any legal opinions or conclusions" as to the standard of reasonableness in FCRA cases. *See id*. at 45 n.25, 46 n.26; *see also* Hollon Dep. Tr. 121:4-122:12. Nonetheless, given the risk that this terminology may confuse the issues and mislead the jury, *see* Fed. R. Evid. 403, Hollon must articulate his opinions in other terms – for example, by explaining why Comenity's investigation was *inadequate*. *See Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2007 WL 1932922, at *3 (N.D. Cal. June 29, 2007) (excluding expert testimony where "the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular").

### 4. Sufficient Facts or Data

Comenity argues that Hollon's "report, opinions, and testimony must be excluded because they are not based on sufficient facts and data as Rule 702 requires." Mot. at 9. The objective of the Court's gatekeeping function "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of

6

intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145, 152 (1999). Thus, "the test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), *as amended* (Apr. 27, 2010). In most cases, "experts' decisions about what data to use in their analysis bear on the weight, not the admissibility, of expert testimony." *In re Qualcomm Antitrust Litig.*, 328 F.R.D. 280, 305 (N.D. Cal. 2018) (collecting cases).

Here, Comenity primarily criticizes Hollon for failing to conduct the investigation that he opines Comenity should have undertaken. *See* Mot. at 9-10. Specifically, Hollon did not interview Panchenko or other third parties that may have relevant information about Panchenko's identity theft claims. *See id*. But Hollon "is a rebuttal expert whose purpose is to poke holes in [Ulzheimer's] testimony – not to put forth an affirmative case." *Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2025 WL 1569361, at *6 (N.D. Cal. June 2, 2025). Hollon was not required to conduct his own investigation to testify whether, based on his expertise, Comenity's investigation was inadequate in this case. Comenity's arguments are more appropriately the basis of cross-examination at trial. A jury can decide how much weight to give Hollon's testimony in light of the information he examined or failed to examine in reaching his opinions.

***

For the foregoing reasons, the Court GRANTS Comenity's motion to exclude Hollon's opinion that Panchenko is a victim of identity theft because that opinion was not timely disclosed. The Court also precludes Hollon from testifying that Comenity's investigation was not "reasonable" within the meaning of the FCRA. However, Hollon may testify to the other opinions disclosed in his report without articulating them as legal opinions. In all other respects, Comenity's motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 13, 2025

Eumi K. Lee
United States District Judge

7