1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO, | CASE NO.: 5:23-cv-04965-EKL |
| Plaintiff, | ~~[PROPOSED]~~ **ORDER RE: JOINT STATUS REPORT** |
| vs. | **\*\*AS MODIFIED\*\*** |
| BANK OF AMERICA, N.A., et al. | The Honorable Eumi K. Lee |
| Defendants. | |

At the Court's direction, Plaintiff Oleksandr Panchenko ("Plaintiff") and Defendant Comenity Capital Bank ("Comenity") (collectively, the "Parties") submitted a Joint Status Report on August 20, 2025, to specify additional proposed pretrial deadlines. Upon review of the Parties' Report, and good cause appearing, the Court Orders the following deadlines:

1. The Parties shall meet and confer no later than **September 17, 2025** regarding the following topics: (a) prospects of settling the case; (b) preparation of the Joint Pretrial Statement; (c) preparation and exchange of pretrial materials to be filed pursuant to Federal Rule of Civil Procedure 26(a)(3); and (d) clarification and narrowing of the contested issues for trial.

2. The Parties shall file a Joint Pretrial Statement no later than **September 24, 2025**. The Joint Pretrial Statement shall include the following:

    a. <u>The Parties</u>:  A list of the parties who have been served and have appeared.  Any parties not identified in the Joint Pretrial Statement will be deemed to have been dismissed.

    b. <u>Substance of the Action</u>:  A concise statement identifying the claims and defenses that remain to be decided; the elements of each claim and defense; and the pleading in which each claim and defense is pled.  Parties will be precluded from presenting claims or defenses not set forth in the Joint Pretrial Statement.

    c. <u>Relief Sought</u>:  A statement of relief sought, itemizing all elements of damages claimed.

    d. <u>Federal Jurisdiction and Venue</u>:  A statement of the bases for federal jurisdiction and venue.

    e. <u>Undisputed Facts</u>:  A concise statement of all facts that may be incorporated into the trial record by stipulation of the parties.

    f. <u>Disputed Facts</u>:  A concise statement of all disputed facts to be litigated at trial.

    g. <u>Disputed Legal Issues</u>:  A concise statement of each disputed point of law, citing relevant statutes and decisions.

    h. <u>Estimate of Trial Time</u>:  An estimate of the total number of hours needed for trial.  Except for voir dire, all time should be accounted for, including but not limited to opening statements, closing arguments, cross-examination, sidebars, objections, and argument outside the presence of the jury.  Unless the parties stipulate otherwise, or by Court order, the total number of hours will be equally divided between Plaintiff and Defendant.  The Parties will be required to keep track of their time each day, account for all available hours the jury is available, and report the stipulated division of time to the Court each day.

    i. <u>Settlement Discussions</u>:  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    j. <u>Amendments or Dismissals</u>:  A statement of proposed amendments to the pleadings or dismissals of parties, claims, or defenses.

    k. <u>Bifurcation of Separate Trial of Issues</u>:  A statement whether bifurcation or a separate trial of specific issues is feasible and desired.

    l. <u>Witnesses</u>:  *The following information shall be provided as an appendix to the Joint Pretrial Statement.*  Each party shall submit a list of all witnesses likely to be called at trial, including those appearing by deposition.  For each witness, there should be a short statement of the substance of his or her testimony and an estimate regarding the length of testimony in hours (including direct and

cross-examination). If the witness is an expert witness, please state the expert's theories and conclusions and the bases therefor. Attach the expert's curriculum vitae and report (if any). No party shall be permitted to call a witness in its case in chief who is not disclosed in the Joint Pretrial Statement without leave of the Court for good cause shown.

m. <u>Exhibits</u>: *The following information shall be provided as an appendix to the Joint Pretrial Statement.* A joint list of exhibits, discovery responses, and deposition excerpts to be offered at trial, in tabular form with: (a) a column identifying the exhibit number consistent with the premarking requirement below; (b) a column briefly describing the exhibit; (c) a column describing the purpose for which the exhibit is offered and identifying its sponsoring witness; (d) a column stating any objections to the exhibit; and (e) a column responding to the objections. The Court may rule on these objections before trial, and any unresolved objections must be asserted at trial. Before this list is filed with the Court, counsel shall meet and confer, in person or via video call, to consider exhibit numbers, eliminate duplicate exhibits and confusion over exhibits, and make a good faith effort to stipulate to admissibility. If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection. No party shall be permitted to offer any exhibit at trial that is not disclosed in the Joint Pretrial Statement without leave of the Court for good cause shown, unless it is offered solely for impeachment or rebuttal.

  i. All exhibits shall be pre-marked for identification by means of exhibit tags affixed to the lower-right corner of the first

        page of each exhibit. The parties must mark their exhibits using non-overlapping ranges of numbers, not letters, leaving enough unused numbers that additional exhibits can be marked during trial. For example, the parties might agree that Plaintiff will use numbers 001-199, and that Defendant will use numbers 300-499. A single exhibit should be marked only once.

        ii. Deposition excerpts shall be highlighted to reflect the testimony sought to be introduced at trial.

3. Motions *in limine*:
   a. Before filing any motion *in limine*, the moving party shall meet and confer and disclose the bases for their anticipated motions and seek a stipulated resolution from the opposing party.
   b. The Parties shall file their respective motions *in limine* no later than **September 24, 2025**. Each motion shall be filed as its own docket entry and shall be numbered as, for example, "Plaintiff's Motion *in Limine* No. 1 to Exclude. . . ." Each side is limited to 5 motions *in limine*. Each motion *in limine* is limited to 5 pages and may address only one issue.
   c. The Parties shall file oppositions to motions *in limine* no later than **October 1, 2025**.
   d. No reply briefs shall be filed unless requested by the Court.
4. The Parties shall file the following jury materials no later than **October 1, 2025:**
   a. <u>Preliminary Statement to the Jury</u>: A simplified statement of the case to be read to the jury during voir dire and as part of the proposed jury instructions. Unless the case is extremely complex, this statement should not exceed one paragraph.

    b. <u>Jury Questionnaire</u>:  Jury Services has a standard jury questionnaire for civil cases, which is available at: https://cand.uscourts.gov/attorneys/.  Generally, it is the Court's practice to use that questionnaire, modified if necessary to fit the needs of the case.  The parties must explain whether they are seeking any modifications to the standard jury questionnaire, and if so, they must provide those suggested changes in a jointly-prepared exhibit.  Jury Services has limited ability to add questions to the standard questionnaire.  Parties should propose no more than ten total additional questions to the form.

    c. <u>Voir Dire</u>:  Counsel will be allowed to conduct a brief voir dire.  The parties must provide for the Court's consideration:  a list of any agreed upon voir dire questions; a separate list of requested voir dire questions on which counsel cannot agree; and, a list of questions, if any, the parties would prefer the Court ask the jurors.

    d. <u>Jury Instructions</u>:

        i. <u>Joint Set of Instructions</u>:  The parties shall submit a complete *joint set* of proposed jury instructions, arranged in a logical sequence, which incorporates the *Model Jury Instructions of the Ninth Circuit* to the extent feasible and appropriate.  Proposed deviations from the model instructions, no matter how minor, must be clearly identified by red-lined copy and supported by authority.  Each instruction must be single-sided, and labeled on the top of each page, in bold, with a number and title of the instruction, with each new instruction starting on a new page.

        ii. <u>Stipulated Instructions</u>:  If an instruction is undisputed, it shall be identified as "Stipulated Instruction No. ___ re

            _____," with the blanks filled in as appropriate. Even if stipulated, the instruction shall be supported by citation to the *Model Jury Instructions of the Ninth Circuit* or other authority.

    iii. <u>Disputed Instructions</u>: If an instruction is disputed, all versions of the instruction shall be inserted together in the logical place for the instruction in the overall sequence. A disputed instruction shall be identified as "Disputed Instruction No. \_\_\_ re _____ offered by _____," with the blanks filled in as appropriate. All disputed versions of the same instruction shall bear the same number. If a party does not have an alternate version but contends that no such instruction should be given, that party should so state on a separate page inserted in lieu of an alternate version. Each party should support its position regarding a disputed instruction with a brief argument and citation to relevant authority, set forth immediately following the disputed instruction. The parties are encouraged to keep disputed instructions to a minimum.

    iv. <u>Courtesy Copies</u>: The Parties shall submit two courtesy copies of the jury instructions in a clearly labeled, single, three-ring binder, with two tabs. The first tab must contain all stipulated instructions. The second tab must contain all disputed instructions. An electronic version in MS Word shall be emailed to eklpo@cand.uscourts.gov.

e. <u>Verdict Form</u>: The parties shall submit a joint proposed verdict form. If the parties are unable to stipulate to a verdict form, each party shall submit a proposed verdict form.

5. The Parties shall file their respective Trial Briefs, not to exceed 15 pages, no later than **October 27, 2025**. A trial brief is most helpful to the Court when it summarizes the party's theory of the case, identifies key evidence, and provides summary briefing on any controlling issues of law.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: September 14, 2025

_____
The Honorable Eumi K. Lee
United States District Judge