**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
Matt.Loker@Loker.Law
Charles B. Cummins, Esq. (354861)
charles@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Oleksandr Panchenko

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; CALVARY PORTFOLIO SERVICES LLC; COMENITY CAPITAL BANK; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; U.S. BANK, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC; AND, TRANS UNION, LLC,<br><br>Defendants. | Case No.: 23-cv-4965 EKL<br><br>**PLAINTIFF OLEKSANDR PANCHENKO'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF, OR REFERENCE TO, PANCHENKO'S SETTLEMENTS WITH FORMER DEFENDANTS**<br><br>DATE:  October 8, 2025<br>TIME:  1:30 p.m.<br>COURTROOM:  1<br><br>HON. EUMI K. LEE |

**TO THE COURT, DEFENDANT AND THEIR ATTORNEYS OF RECORD:**

Plaintiff OLEKSANDR PANCHENKO ("Panchenko") hereby moves the Court, in limine, for the following Order: exclude reference to or evidence of Panchenko's confidential settlements with each Defendant Panchenko previously resolved his claims with.

## I. ARGUMENT

### A. THERE IS NO RIGHT TO OFFSET IN FCRA ACTIONS.

Comenity conveyed it will seek to introduce evidence of Panchenko's settlements with Dismissed Defendants because it claims to be entitled to an offset or credit for the confidential settlements with Dismissed Defendants. "The one satisfaction rule reflects the equitable principle that a plaintiff who has received full satisfaction of its claims from one tortfeasor generally cannot sue to recover additional damages corresponding to the same injury from the remaining tortfeasors." *Land v. Allied Collection Servs., Inc.*, No. 2:22-cv-01641-APG-EJY, 2024 U.S. Dist. LEXIS 6497, *2 (D. Nev. Jan. 12, 2024) citing *Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 760 (9th Cir. 2015). "The essential requirement for the 'one satisfaction rule' is that the amounts recovered by settlement and the judgment must represent common damages arising from a single, indivisible harm." *Valle v. Westhill Exch., LLC*, No. GJH-19-2304, 2021 U.S. Dist. LEXIS 244182, *7-8 (D. Md. Dec. 21, 2021). "The one satisfaction rule does not apply when the plaintiff has suffered separate injuries by different defendants…". *Id.* Of note, numerous District Courts previously ruled the one satisfaction rule does not apply to FCRA cases as well. *Ishaki v. Equifax Info. Servs.*, No. 2:19-CV-00558-GMN-EJY, 2019 U.S. Dist. LEXIS 239232, *5 (D. Nev. Sep. 20, 2019) citing *Contreras*, 2017 U.S. Dist. LEXIS 204181, at *3; *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1239 (C.D. Cal. 2007).

---

CASE NO.:                                           1 OF 6       *Panchenko v. Bank of America, N.A., et al.*
**PLAINTIFF OLEKSANDR PANCHENKO'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF, OR REFERENCE TO, PANCHENKO'S SETTLEMENT WITH FORMER DEFENDANTS**

The Fourth Circuit, and many District Courts, have rejected said contention. In *Sloane v Equifax Information Services*, 510 F.3d 495 (4th Cir. 2007), the consumer obtained a judgment against Equifax for violations of the FCRA. On appeal, Equifax argued that the consumer suffered a single indivisible injury and should not recover any damages from Equifax, or alternatively, that the judgment should be reduced by the amount of the confidential settlement with the other defendants. The Court noted that Equifax relied on the "one satisfaction rule" which operates to reduce a plaintiff's recovery from the non-settling defendant, and thus prevent the plaintiff from recovering twice for the same assessment of liability. *Id*. at 500-01.

The Court rejected Equifax's argument that the consumer had suffered a single indivisible injury that had already been redressed by the other parties. It noted that although some of the consumer's interactions with Equifax overlapped with exchanges with other credit reporting agencies, her encounters with Equifax both predate and postdate these other exchanges. The Court also noted that each agency produced reports with different inaccuracies and each agency either corrected or exacerbated these mistakes independently of the others. *Id*. Thus, even during the period when the consumer was disputing with all three agencies, "the inaccuracies in Equifax's credit reports caused [the consumer] discrete injuries independent to those caused by the other credit reporting agencies." *Id*.

Here, evidence of Comenity's conduct is also wholly separate from the Dismissed Defendants' conduct. Comenity alone was responsible for reviewing its own records, the Plaintiff's disputes, maintaining policies and procedures, and executing upon them, to avoid the very same calamitous damages occasioned on Plaintiff. Other furnishers, previously dismissed from this action, who similarly failed owed a distinct obligation under the law to review their *own* records, their *own* copies of Plaintiff's disputes, their *own* policies and procedures, and suffered the

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.:                              **2 OF 6**       *Panchenko v. Bank of America, N.A., et al.*
**PLAINTIFF OLEKSANDR PANCHENKO'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF, OR REFERENCE TO, PANCHENKO'S SETTLEMENT WITH FORMER DEFENDANTS**

result of their *own* failure to implement them, if they had them. On the other hand, the claims against the credit bureaus and dismissed furnishers were solely based upon their failure to have policies and procedures in place to ensure maximum possible accuracy of Panchenko's Credit Report and failures to do their own reasonable investigations. As such, evidence related to the different claims and subsequent confidential settlements and with the Dismissed Defendants would only serve to mislead and confuse the jury as to the remaining claims and valuation of any award against Comenity. Panchenko settled Panchenko's claims against the Dismissed Defendants alone and is entitled to receive compensation from Comenity for the harm Comenity alone caused. Thus, Comenity should not be entitled to an offset for these unrelated claims.

### 1. *Sloane* is in line with the overwhelming majority of cases on this issue.

In addition to *Sloane*, the overwhelming majority of FCRA cases have rejected application of the one-satisfaction rule to the FCRA. "[M]ost courts to have considered this question hold that the one-satisfaction rule, which is also referred to as an equitable offset, does not apply in FCRA cases." *Hoerchler v. Equifax Info. Servs., LLC*, 568 F. Supp. 3d 931, 936-937 (N.D. Ill. 2021) citing. *Zook v. Equifax Information Services, LLC,* No. 17-cv-2003-YY, 2018 U.S. Dist. LEXIS 235786, 2018 WL 10604347, at *2-3 (D. Or. July 2, 2018) (the "weight of authority" [*937]  from district courts nationwide holds that there is no equitable offset for causes of action under FCRA); *Contreras v. Kohl's Dep't Stores, Inc.,* EDCV 16-2678-JGB (KKx), 2017 U.S. Dist. LEXIS 204181, 2017 WL 6372646, at *3 (C.D. Cal. Dec. 12, 2017) ("there is no equitable offset in FCRA cases"); *Vasquez-Estrada v. Collecto, Inc.,* No. 3:14-CV-01422-ST, 2015 U.S. Dist. LEXIS 142280, 2015 WL 6163971, at *2 (D. Or. Oct. 20, 2015) ("Even if plaintiff sought duplicate damages, there is no express or implied right to an offset of amounts that plaintiff

may have received in settlement from other FCRA defendants.").

Panchenko anticipates Comenity will rely upon "the minority rule" by citing to *Losch* and *Williams* without acknowledging the material difference that caused these decisions to reach their conclusions. Specifically "[t]hese cases reliance on an Eleventh Circuit decision holding that the one-satisfaction rule applies to all federal statutory causes of action." *Hoerchler*, 568 F. Supp. 3d at 937 citing *Williams*, 2017 U.S. Dist. LEXIS 54834, at *2; and, *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278 n.7 (11th Cir. 2008). No such limitation is present in the Ninth Circuit, thus, this Court should disregard *Losch* and *Williams* in ruling upon Comenity's Motion.

### B. EVIDENCE OF OTHER CLAIMS WILL RESULT IN PREJUDICE, CONFUSION AND WASTE OF TIME.

Even if claims and settlements were relevant under Fed. R. Evid. 401, they should be excluded pursuant to Fed. R. Evid. 403. Under that rule, relevant evidence may be excluded where its probative value is outweighed by prejudice, confusion or waste of time. Allowing evidence concerning claims and confidential settlements against the Dismissed Defendants will result in all three.

If such evidence is allowed, Panchenko will have to explain the details of the claims against the Dismissed Defendants, the legal basis for each claim, the facts supporting each claim and the reason settling each claim for the amount agreed to. Moreover, the amount of these confidential settlements does not necessarily represent the amount of damages the Dismissed Defendants may have caused since settlements are always based upon a number of factors and various litigation strategies. The jury may be confused by such mini-trials and waste significant time. Panchenko may also be unfairly prejudiced because the jury would hear about payments for damages caused by the Dismissed Defendants, yet think those

payments cover damages caused by Comenity. Thus, Panchenko requests this Court exclude such evidence from this trial as a result.

Here, Panchenko requests this Court reach the same result. Panchenko's separate claims against the Dismissed Defendants were resolved based upon different litigation strategies and compensated Panchenko only for the harm caused by each of the Dismissed Defendants. To argue that the Dismissed Defendants voluntarily agreed to compensate Panchenko for Comenity's harm out of the goodness of their hearts belies logic. Even if Comenity's position were correct, "[t]o the extent that settlement amounts received by Plaintiffs come relevant to a post-judgment reduction of damages, that issue may be addressed at a later time," such as through post-trial motions and *in camera* review. *See Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-cv-580 AC, 2018 U.S. Dist. LEXIS 225087, at *27 (D. Or. Dec. 10, 2018). Thus, Panchenko requests Comenity be precluded from referencing, or presenting evidence of, Panchenko's settlements with the Dismissed Defendants.

## II.    CONCLUSION

Wherefore, a Motion in Limine should be granted directing Comenity; Comenity's witnesses; and, Comenity's attorneys not to mention Panchenko's confidential settlements with the Dismissed Defendants. *See Pongsai v. Am. Express Co.*, No. SA CV 19-01628-DOC (JDEx), 2021 U.S. Dist. LEXIS 90388, at *2 (C.D. Cal. May 10, 2021); *Rodriguez v. Adir Int'l, LLC*, No. 5:23-cv-02423-AH-(JCx), 2025 U.S. Dist. LEXIS 50789, at *2 (C.D. Cal. March 19, 2025) (excluding evidence of settlements with Credit Bureaus based upon relevance and prejudice); and, *Teshera v. United Wholesale Mortg., LLC*, No. 2:24-cv-4362-CBM-PD, 2025 U.S. Dist. LEXIS 178070, at *2 (C.D. Cal. Sep. 11, 2025) (same).

1  Date: September 24, 2025                                    **LOKER LAW, APC**

                                                        By:   ___/s/ Matthew M. Loker___
                                                              MATTHEW M. LOKER, ESQ.
                                                              ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.:                              6 OF 6          *Panchenko v. Bank of America, N.A., et al.*
**PLAINTIFF OLEKSANDR PANCHENKO'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF, OR REFERENCE TO, PANCHENKO'S SETTLEMENT WITH FORMER DEFENDANTS**

# CERTIFICATE OF SERVICE

A copy of the foregoing *Panchenko's Motion in Limine* has been filed via CM/ECF on September 24, 2025.

   /s/ Matthew M. Loker\_\_\_
MATTHEW M LOKER, ESQ

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.: 5:23-cv-02423-AH-JCx          *Panchenko v. Bank of America, N.A., et al.*
**PROOF OF SERVICE**