Tomio B. Narita (SBN 156576)
Tomio.Narita@wbd-us.com
Nathan A. Searles (SBN 234315)
Nathan.Searles@wbd-us.com
Alisa A. Givental (SBN 273551)
Alisa.Givental@wbd-us.com
Kristina B. Hovsepyan (SBN 340674)
Kristina.Hovsepyan@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:  (415) 433-5530

Attorneys for Defendant
Comenity Capital Bank

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., et al.<br><br>Defendants. | CASE NO.: 5:23-cv-04965-EKL<br><br>**DEFENDANT COMENITY CAPITAL BANK'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OF THE EXPENSE PLAINTIFF INCURRED DISPUTING COMENITY'S CREDIT REPORTING** |

Defendant Comenity Capital Bank ("Comenity") seeks an order excluding evidence and testimony at the trial of this matter relating to the expense Plaintiff Oleksandr Panchenko ("Plaintiff") incurred disputing Comenity's credit reporting with the credit reporting agencies ("CRAs")[1]. As a matter of law, Plaintiff will be unable to recover for the expense he incurred disputing Comenity's credit reporting, and any evidence or testimony regarding such will therefore be irrelevant, misleading, confusing and a waste of time.

## I. LEGAL STANDARD

Only relevant evidence is admissible; irrelevant evidence is not. *See* Fed. R. Evid. 402. "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. But even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II. ARGUMENT

The Second Circuit has held that "expenses incurred merely to notify [CRAs] of inaccurate credit information, and not to force their compliance with any specific provision of the statute, cannot be compensable as 'actual damages' for a violation of the FCRA." *Basconcello v. Experian Info. Solutions, Inc.*, 2017 U.S. Dist. LEXIS 39844, at *32 (N.D. Cal. Mar. 20, 2017), *citing Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995). While not yet adopted by the Ninth Circuit, a number of district courts within this circuit have adopted the Second Circuit's rule. *See, e.g., Gadomski v. Equifax Info. Servs., LLC*, 2018 U.S. Dist. LEXIS 76898, 2018 WL 2096862, at *5 (E.D. Cal. May 7, 2018); *Burrows v. Experian*

---

[1] Pursuant to the Court's Order dated September 14, 2025, counsel for Comenity met and conferred with counsel for Plaintiff regarding this Motion *in Limine*. Despite the effort, the Parties were unable to stipulate a resolution.

*Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 39845, 2017 WL 1046973, at *11 (N.D. Cal. Mar. 20, 2017).

The holding of these courts make sense, in light of the structure of the FCRA. Any expense incurred by consumers to notify CRAs of alleged inaccuracies in their credit reports are expenses to invoke a dispute process that the FCRA contemplates through section 1681s-2(a)(1)(B)(i).  It would not be appropriate to award consumers damages for the expenses they incurred invoking the statutory dispute process, given that any damage cannot occur until after a furnisher is notified of inaccurate information and then fails to correct it. *Burrows*, 2017 U.S. Dist. 39845, at *34.

Comenity anticipates Plaintiff will seek to present evidence and testimony of the expense he incurred disputing Comenity's credit reporting with the various CRAs, including, potentially, some form of compensation for the time he spent on the dispute process, and/or some amount of lost income he thinks he would have received if he had been able to obtain a job more quickly instead of focusing on improving his credit. Any such evidence or testimony must be excluded as it is irrelevant and likely to mislead or confuse the jury.

### III.    CONCLUSION

Defendant Comenity Capital Bank respectfully requests that the Court enter an order excluding evidence and testimony relating to the expense Plaintiff incurred in disputing Comenity's credit reporting with the CRAs at the trial for this matter.

DATED:  September 24, 2025            Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP
TOMIO B. NARITA
NATHAN A. SEARLES
ALISA A. GIVENTAL
KRISTINA B. HOVSEPYAN

By:    */s/ Kristina B. Hovsepyan*
       Kristina B. Hovsepyan
       Attorneys for Defendant
       Comenity Capital Bank