**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.loker@loker.law
Charles B. Cummins, Esq. (354861)
charles.cummins@loker.law

*Attorneys for Plaintiff,*
Oleksandr Panchenko

**WOMBLE BOND DICKINSON (US) LLP**
TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
NATHAN A. SEARLES (SBN 234315)
Nathan.Searles@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
KRISTINA B. HOVSEPYAN (SBN 340674)
Kristina.Hovsepyan@wbd-us.com

Attorneys for Defendant
Comenity Capital Bank

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OLEKSANDR PANCHENKO,** | **Case No.:** 23-cv-04965-EKL |
| Plaintiff, | **JOINT PRETRIAL STATEMENT** |
| v. | **HON. EUMI K. LEE** |
| **BANK OF AMERICA, N.A.; CAVALRY PORTFOLIO SERVICES, LLC; COMENITY CAPITAL BANK; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; U.S. BANK, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC; AND TRANS UNION, LLC,** | |
| Defendant(s). | |

TO THE COURT, THE PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

Plaintiff OLEKSANDR PANCHENKO ("Plaintiff" or "Panchenko"); and, Defendant COMENITY CAPITAL BANK ("Comenity") jointly submit this Joint Pretrial Statement.

a. **THE PARTIES**

| PLAINTIFF | DEFENDANT |
|---|---|
| Oleksandr Panchenko | Comenity Capital Bank |

b. **SUBSTANCE OF THE ACTION**

Panchenko contends Comenity violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), specifically section 1681s-2(b).

The elements that Panchenko must prove to allege a violation of section 1681s-2(b) of the FCRA are as follows:

1) Comenity is a "furnisher" of credit information;

2) Plaintiff notified a consumer reporting agency that Plaintiff disputed the information that Comenity reported about him as inaccurate;

3) A consumer reporting agency notified Comenity of the alleged inaccurate information that Plaintiff disputed;

4) The reporting by Comenity regarding Plaintiff was in fact inaccurate;

5) Comenity failed to conduct a reasonable investigation into the dispute as required by section 1681s-2(b)(1); and

6) Plaintiff suffered damages as a proximate result of Comenity's violation of the statute.

Source:15 U.S.C. §§ 1681n, 1681o, 1681s-2(b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154-55 (9th Cir. 2009); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 1010); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106-07 (9th Cir. 2012); *see also Panchenko v. Comenity Cap. Bank,* 2025 U.S. Dist. LEXIS 157032 (N.D. Cal. Aug. 13, 2025) (Order re: Summary Judgment); *Miller v. Westlake Servs. LLC*, 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022); *Robbins v. CitiMortgage, Inc.*, Case No. 16-CV-04732-LHK, 2017 WL 6513662, *5 (N.D. Cal. Dec. 20, 2017).

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

c. **RELIEF SOUGHT**

Panchenko seeks an award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Comenity for each incident of negligent noncompliance of the FCRA;

Panchenko also seeks an award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Comenity for each incident of willful noncompliance of the FCRA;

Additionally, Panchenko seeks an award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Comenity for each incident of willful noncompliance to the FCRA;

Panchenko asserts that attorneys' fees and reasonable costs are recoverable pursuant to the FCRA (15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2)) in the event that Panchenko is the prevailing party.

Comenity denies Panchenko is entitled to recover any damages. Comenity seeks entry of judgment in its favor, an award of costs as the prevailing party, and reserves the right to seek to recover its attorney's fees pursuant to section 1681n(c) and 1681o(b) of the FCRA.

d. **FEDERAL JURISDICTION AND VENUE**

It is stipulated that subject matter jurisdiction over this action exists under 15 U.S.C. § 1681 (FCRA) and venue is proper in this District and this Division pursuant to 28 U.S.C. § 1331.

e. **UNDISPUTED FACTS**

The following facts are admitted and require no proof: None.

f. **DISPUTED FACTS**

Comenity disputes that it furnished inaccurate information to any consumer reporting agency regarding Panchenko; disputes that it was adequately put on notice of the nature of Panchenko's claim by any consumer reporting agency; disputes that it conducted an unreasonable investigation into any disputes it received; disputes that its conduct was the cause of any damage to Panchenko; and disputes that Panchenko is entitled to seek or recover punitive damages from Comenity.

**g. DISPUTED LEGAL ISSUES**

All disputed legal issues are reflected in the disputed jury instructions that have been submitted by the parties.

**h. ESTIMATE OF TRIAL TIME**

The Plaintiff estimates that the trial of this matter will take five days. The Defendant estimates that the trial will last at least 10 days.

**i. SETTLEMENT DISCUSSIONS**

The parties engaged in the mediation of this matter on April 29, 2024. The parties then came before Magistrate Judge Susan van Keulen for a Pre-Settlement Conference telephone call on July 14, 2025. Thereafter, the Settlement Conference of this matter was reset for October 2, 2025.

The parties do not believe that further settlement discussions will be productive.

**j. AMENDMENTS OR DISMISSALS**

Proposed Amendments or Dismissals: None.

**k. Bifurcation of Separate Trial of Issues**

Bifurcation of Separate Trial of Issues: None.

**l. WITNESSES**

*See* Appendix 1.

**m. EXHIBITS**

*See* Appendix 2.

Date:   September 24, 2025                     **LOKER LAW, APC**

                                               BY:   /S/ MATTHEW M. LOKER
                                                     MATTHEW M. LOKER

                                               ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Date: September 24, 2025                    **WOMBLE BOND DICKINSON (US) LLP**

BY:   /s/ Tomio B. Narita
            Tomio B. Narita

Attorneys For Defendant Comenity Capital Bank

### SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(44) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to all defense counsel, and that I have obtained their authorization to affix electronic signatures to this document.

Date: September 24, 2025                    **LOKER LAW, APC**

BY:   /s/ Matthew M. Loker
            Matthew M. Loker

Attorney For Plaintiff

---

CASE NO.: 23-cv-04965-EKL                          *Panchenko v. Bank of America, N.A., et al.*
**JOINT PRETRIAL STATEMENT**

WBD (US) 4924-2085-0538

**CERTIFICATE OF SERVICE**

A copy of the foregoing **JOINT PRETRIAL STATEMENT** has been submitted via CM/ECF on September 24, 2025.

   /S/ MATTHEW M. LOKER
          MATTHEW M. LOKER

**LOKER LAW, APC**
**132 BRIDGE STREET**
**ARROYO GRANDE, CA 93420**

**CASE NO.: 23-cv-04965-EKL**     *Panchenko v. Bank of America, N.A., et al.*
**PROOF OF SERVICE**
WBD (US) 4924-2085-0538