TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
NATHAN A. SEARLES (SBN 234315)
Nathan.Searles@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
KRISTINA B. HOVSEPYAN (SBN 340674)
Kristina.Hovsepyan@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:  (415) 433-5530

Attorneys for Defendant
Comenity Capital Bank

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>   Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., et al.<br><br>   Defendants. | CASE NO.: 5:23-cv-04965-EKL<br><br>**DEFENDANT COMENITY CAPITAL BANK'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE LAY WITNESS TESTIMONY ABOUT PLAINTIFF'S CREDIT RELATED DAMAGES** |

I.  **INTRODUCTION**

Defendant Comenity Capital Bank ("Comenity") seeks an order precluding lay witness testimony speculating about Plaintiff Oleksandr Panchenko's ("Plaintiff") credit-related damages, particularly with respect to three anticipated assertions.

Under Fed. R. Evid. 701, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." However, a witness can testify to a matter "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Comenity anticipates that Plaintiff will attempt to introduce lay witness testimony (his own testimony, or testimony of his wife and/or friend) regarding alleged credit denials or credit related damage that is based neither on personal knowledge nor rationally tied to the witness's perception. Instead, the testimony will be based on unsubstantiated speculation about subjects that require technical and specialized knowledge that falls within the scope of Rule 702. Such testimony should not be permitted as not appropriately within the purview of lay witnesses, prohibited by Rule 602, and because any probative value will be substantially outweighed by the danger of unfair prejudice to Comenity, confusion of the issues, misleading the jury, and likelihood of undue delay, waste of time, or needlessly cumulative testimony pursuant to Fed. R. Evid. 403.

II.  **RELEVANT BACKGROUND**

Plaintiff sues Comenity for violation of the Fair Credit Reporting Act, specifically under 15 U.S.C. sec. 1681s-2(b). To prevail, Plaintiff must prove Comenity is a furnisher of credit information, that it furnished inaccurate information about Plaintiff to consumer reporting agencies, that Plaintiff disputed the inaccuracy with a consumer reporting agency, that the consumer reporting agency provided notice of that dispute to Comenity, that Comenity failed to

conduct a reasonable investigation of the dispute, and that Plaintiff suffered harm *as a result* of the failure.[1]

Comenity anticipates Plaintiff will proffer lay witness testimony (his own, his wife's, or his friend's) suggesting that the following harm is attributable to Comenity's alleged violations of Section 1681s-2(b):

(1) increased rent deposit for an apartment rental in early May 2023,

(2) denial by Goldman Sachs for an Apple Card on August 16, 2023, and

(3) denial by Stanford Federal Credit Union ("SCFU") for a credit account on August 16, 2023.

### III.   ARGUMENT

#### A. The increased deposit cannot be a harm attributable to Comenity's alleged violation of the FCRA because the alleged harm predates the alleged violation

The increased rental deposit that Plaintiff is expected to attribute to Comenity's alleged violation of the FCRA was communicated to Plaintiff on May 4, 2023, which was eight days prior to his first dispute regarding the Comenity reporting. Hovsepyan Decl., ¶ 3, Ex. A [Email communicating deposit amount to Plaintiff]. As a matter of law, Plaintiff cannot recover damages based on his alleged increase in rent deposit because the increase occurred before he disputed Comenity's reporting for the first time (and thus before Comenity could have violated section 1681s-2(b) of the FCRA). *See Williams v. Pentagon Fed. Credit Union,* 2025 U.S. Dist. LEXIS 126783, **15-16 (S.D. Tex. July 3, 2025) ("[A]ny liability for alleged violation of

---

[1] 15 U.S.C. §§ 1681n, 1681o, 1681s-2(b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154-55 (9th Cir. 2009); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 1010); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106-07 (9th Cir. 2012); *see also Panchenko v. Comenity Cap. Bank,* 2025 U.S. Dist. LEXIS 157032 (N.D. Cal. Aug. 13, 2025) (Order re: Summary Judgment); *Miller v. Westlake Servs. LLC*, 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022); *Robbins v. CitiMortgage, Inc.*, Case No. 16-CV-04732-LHK, 2017 WL 6513662, *5 (N.D. Cal. Dec. 20, 2017).

1681s-2(b) does not arise until a consumer reporting agency reports an inaccuracy to the furnisher and the furnisher fails to correct the error.").

**B. Plaintiff has no personal knowledge or rational basis for claiming Comenity is responsible for the alleged harm**

Plaintiff has no personal knowledge of the reasons for the above-referenced credit actions and no rational basis to claim that any one of them was substantially caused by Comenity. *See* Fed. R. Evid. 602; Fed. R. Evid. 701.

Plaintiff sued not only Comenity, but also other creditors, including Bank of America, N.A., Cavalry Portfolio Services, LLC, JPMorgan Chase Bank, N.A., and U.S. Bank, N.A. His theory as to each defendant was the same: that he was a victim of identity theft, that he notified each defendant of inaccurate information they were reporting about him, that each defendant failed to conduct a reasonable investigation and concluded that he was responsible for the accounts, and that each continued to report inaccurate information about him. *See* Dkt. No. 1. Plaintiff also sought to pin the same credit related damages – i.e. credit denials from Goldman Sachs and SFCU, as well as an increased deposit demanded by his landlord– on all defendants. *See* Dkt. No. 1.

Neither of the two credit denials dated August 16, 2023 (i.e., SFCU or Apple), makes any reference to Comenity or its reporting.[2] Rather, the SFCU denial indicates it was based on an Experian credit report dated August 16, 2023 and lists "no credit file"[3] and "[w]e do not offer the type of credit requested" as the sole denial reasons. Hovsepyan Decl., ¶ 4. Plaintiff has no rational basis for claiming that this denial has anything to do with Comenity, whose trade line was <u>not</u> appearing on his Experian credit report at the time in question. *Id.* at ¶ 5, Ex. B [Comenity's Trial Exhibit No. 200, Experian Dispute Results dated 8.16.23].

The same is true of the Apple card denial, which lists three reasons for the denial: "[s]erious delinquency," "[p]roportion of balances to credit limits on bank/national revolving or other revolving accounts too high," and "[t]oo few accounts currently paid as agreed." *Id.* at ¶ 6, Ex. C [Plaintiff's Trial Exhibit No. 54]. At that time, it is undisputed that multiple creditors were

---

[2] This is also true of the May 4, 2023 letter about the rent deposit.
[3] The lack of credit file is not surprising because Experian notified Plaintiff that it had deleted all trade lines from his credit as of August 16, 2023.

furnishing adverse information about Plaintiff and that the Comenity account had been reported as paid in full, with a $0 balance since February 2019, and a fully on time payment history. This makes both the second and third denial reasons not plausibly applicable to Comenity's reporting and Plaintiff has disclosed no expert to opine about whether the Comenity account reporting ever, let alone at the time in question, constituted a serious delinquency. Plaintiff's anticipated testimony that the denial is nonetheless attributable to Comenity's reporting is pure and unsubstantiated speculation.

### C. Plaintiff improperly seeks to introduce expert testimony through lay witnesses

Plaintiff has not retained any expert to perform a credit score analysis to opine on whether the Comenity reporting impacted his credit score, or by how much, or even that the Comenity reporting impacted his credit score on a report that was reviewed by Goldman Sachs, SFCU, or his landlord. To the contrary, Plaintiff retained Douglas Hollon as his expert who has never attempted to quantify Plaintiff's damages, and admittedly has not conducted a credit score analysis in this case. Hovsepyan Decl., ¶ 7, Ex. D [Hollon Depo., pp. 174:3-176:3]. Mr. Hollon confirmed that he did not reach any conclusions as to whether defendants Cavalry, Chase, U.S. Bank, Equifax, or Trans Union (some of which were furnishing adverse information on Plaintiff's credit report) caused any credit damage to Plaintiff. *Id.*, ¶ 7, Ex. D [Hollon Depo., pp. 24:16-35:18].

With no expert of his own to address these critical topics, Plaintiff is expected to attempt to rebut expert testimony offered by Mr. Ulzheimer with his opinions (or his wife's or friend's opinions) about how Comenity may have contributed to his alleged credit damage. There should be no doubt that testimony about the extent to which credit reporting by one furnisher (or absence thereof) together with the reporting of multiple other creditors could have impacted Plaintiff's credit score, creditworthiness, or creditors' decisions is not appropriate for a lay witness to proffer because it requires technical or specialized knowledge of the credit industry, credit mechanics, and credit scoring that Plaintiff does not possess.

### IV.   CONCLUSION

For the foregoing reasons, Comenity seeks an order precluding Plaintiff from introducing lay witness testimony speculating about Plaintiff's credit-related damages.

DATED: September 24, 2025

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP
TOMIO B. NARITA
NATHAN A. SEARLES
ALISA A. GIVENTAL
KRISTINA B. HOVSEPYAN

By: */s/ Kristina B. Hovsepyan*
Kristina B. Hovsepyan
Attorneys for Defendant
Comenity Capital Bank