Tomio B. Narita (SBN 156576)
Tomio.Narita@wbd-us.com
Nathan A. Searles (SBN 234315)
Nathan.Searles@wbd-us.com
Alisa A. Givental (SBN 273551)
Alisa.Givental@wbd-us.com
Kristina B. Hovsepyan (SBN 340674)
Kristina.Hovsepyan@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:   (415) 433-5530

Attorneys for Defendant
Comenity Capital Bank

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO, | CASE NO.: 5:23-cv-04965-EKL |
| Plaintiff, | **DEFENDANT COMENITY CAPITAL BANK'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OF PLAINTIFF'S DIRECT DISPUTES** |
| vs. | |
| BANK OF AMERICA, N.A., et al. | |
| Defendants. | |

Defendant Comenity Capital Bank ("Comenity") seeks an order excluding evidence of Plaintiff Oleksandr Panchenko's ("Plaintiff") direct disputes with Comenity.[1]  Any such evidence is irrelevant, because Plaintiff is not pursuing a claim based upon any direct dispute he purportedly made to Comenity.  He cannot pursue such a claim since the Ninth Circuit has held there is no private right of action for such a claim.  Consumers like Plaintiff may only pursue claims against furnishers under section 1681s-2(b) based on indirect disputes that they submit through the consumer reporting agencies.  Any testimony or evidence regarding his direct disputes to Comenity will only mislead the jury, create confusion, and ultimately waste everyone's time, making it far more prejudicial than probative.

## I.    LEGAL STANDARD

Only relevant evidence is admissible; irrelevant evidence is not.  *See* Fed. R. Evid. 402.  "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  But even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

## II.    ARGUMENT

The Ninth Circuit has made clear there is no private right of action for consumers to sue furnishers for failure to investigate <u>direct</u> disputes under section 1681s-2(a) of the FCRA.  More than twenty years ago, in *Nelson v. Chase Manhattan Mortgage Co.*, 282 F.3d 1057(9th Cir. 2002), the Court held that consumers do <u>not</u> have a private right of action to sue furnishers for failing to comply with their obligations under section 1681s-2(a) of the FCRA.  This *Nelson* ruling has been recognized and followed (as it must be) by district courts throughout California.

---

[1] Pursuant to the Court's Order dated September 14, 2025, counsel for Comenity met and conferred with counsel for Plaintiff regarding this Motion *in Limine*.  Despite the effort, the Parties were unable to stipulate a resolution.

*See Khankin v. JLR San Jose, LLC*, 2024 U.S. Dist. LEXIS 89507 at **2-3 (N.D.Cal. May 17, 2024) ("Plaintiffs' claim under 15 U.S.C. § 1681s-2(a) . . . fails as a matter of law because there is no private right of action under 15 U.S.C. § 1681s-2(a)"); *Kar v. Lincoln Auto. Fin. Servs.*, 2024 U.S. Dist. LEXIS 208233, at **13-14 (C.D. Cal. Nov. 15, 2024) (same); *Miraglia v. Pennsylvania Higher Educ. Assistance Ag'y*, 2024 U.S. Dist. LEXIS 195596, at **10-11 (S.D. Cal. Oct. 28, 2024) (same); *Cisneros v. Freedom Mortg. Corp.*, 2023 U.S. Dist. LEXIS 229249, at *18 (C.D. Cal. Dec. 14, 2023) (same); *Yu v. Tesla Energy Ops., Inc.*, 2022 U.S. Dist. LEXIS 152606, at **7-11 (C.D. Cal. Mar. 7, 2022) (same).

As the Ninth Circuit observed in *Nelson*, Congress "did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished," and for this reason Congress "limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies." *Id.* at 1060. Consumers like Plaintiff lack standing to sue under the FCRA by claiming the furnisher reported false information, or by claiming the furnisher did not properly investigate a dispute the consumer made directly to the furnisher. *See id.* at 1059. The *Nelson* court explained that section 1681s-2(c) "expressly provides" that consumer claims for willful or negligent noncompliance with the FCRA cannot be based on a failure to comply with section 1681s-2(a). *See id.* at 1060.

Plaintiff is certainly free to offer testimony or evidence that bears on his indirect disputes that he made through the consumer reporting agencies, as that evidence bears on his section 1681s-2(b) claim. Because Plaintiff did not and <u>cannot</u> bring a section 1681s-2(a) claim against Comenity, however, any evidence or testimony regarding his <u>direct</u> disputes to Comenity are wholly irrelevant and must be excluded, as a matter of law. Any such evidence or testimony will do nothing more than mislead the jury, create confusion, and ultimately waste everyone's time resulting in it being more prejudicial than probative.

## III.  **CONCLUSION**

For these reasons, Comenity seeks an order excluding evidence of Plaintiff's direct disputes with Comenity as they are irrelevant, misleading, confusing, and will waste everyone's time.

1

DATED:  September 24, 2025

Respectfully submitted,

2

3

WOMBLE BOND DICKINSON (US) LLP
TOMIO B. NARITA
NATHAN A. SEARLES
ALISA A. GIVENTAL
KRISTINA B. HOVSEPYAN

4

5

6

By:  */s/ Kristina B. Hovsepyan*
Kristina B. Hovsepyan
Attorneys for Defendant
Comenity Capital Bank

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28