Tomio B. Narita (SBN 156576)
Tomio.Narita@wbd-us.com
Nathan A. Searles (SBN 234315)
Nathan.Searles@wbd-us.com
Alisa A. Givental (SBN 273551)
Alisa.Givental@wbd-us.com
Kristina B. Hovsepyan (SBN 340674)
Kristina.Hovsepyan@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:   (415) 433-5530

Attorneys for Defendant
Comenity Capital Bank

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO, | CASE NO.: 5:23-cv-04965-EKL |
| Plaintiff, | **DEFENDANT COMENITY CAPITAL BANK'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE PLAINTIFF'S POLICE REPORT, FTC IDENTITY THEFT REPORTS, AND TRAVEL DOCUMENTS** |
| vs. | |
| BANK OF AMERICA, N.A., et al. | |
| Defendants. | |

Defendant Comenity Capital Bank ("Comenity") seeks an order precluding Plaintiff Oleksandr Panchenko ("Plaintiff") from offering copies of or testifying at the trial of this action regarding the contents of the following documents: (1) the police report Plaintiff obtained from the Mountain View Police Department in 2023; (2) the Federal Trade Commission Identity Theft Reports ("FTC reports") Plaintiff contends having submitted to the FTC in 2023; and (3) his travel related documents including passport stamps and Visas that Plaintiff attached to his dispute(s). These documents are irrelevant to the remaining claim in this case, under section 1681s-2(b) of the Fair Credit Reporting Act, and the admission of the documents or testimony about their contents into evidence would be more prejudicial than probative.

## I.    LEGAL STANDARD

Only relevant evidence is admissible; irrelevant evidence is not. *See* Fed. R. Evid. 402. "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Hearsay evidence, of course, is not admissible absent an exception. Fed. R. Evid. 802. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Even relevant evidence and admissible hearsay can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II.    ARGUMENT

With its Order granting in part the summary judgment motion of Comenity the Court dismissed three of the four claims asserted by Plaintiff, including his claim under the California Identity Theft Act, Cal. Civ. Code §§ 1798.92-1798.97. *See Panchenko v. Comenity Cap. Bank*, 2025 U.S. Dist. LEXIS 157032, **24-25 (N.D. Cal. Aug 13, 2025). His only remaining claim arises under section 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Dkt. No. 148.

To prevail on his FCRA claim, Plaintiff must prove Comenity is a furnisher of information, that Comenity's report to the consumer reporting agencies was inaccurate, that the inaccuracy was the product of an unreasonable investigation by Comenity, and that Plaintiff suffered damages as a proximate result of Comenity's conduct. *See Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251-53 (9th Cir. 2022); 15 U.S.C. § 1681s-2(b); 1681n; 16810.

Even though his Identity Theft Act claim was dismissed, Comenity anticipates Plaintiff will offer copies of his police report, FTC Reports, and his passport, stamps, and Visas at trial to attempt to establish that he was a victim of identity theft. He is expected to argue that these documents are somehow relevant to establishing that Comenity furnished inaccurate information about him and that it did not conduct a reasonable investigation of his credit reporting disputes. None of the documents have any bearing on the remaining claim, however, and each document is more prejudicial than probative.

## A. Plaintiff's Police Report Should Be Excluded

Plaintiff contacted the Mountain View Police Department in 2023 and a police report was subsequently generated. Dkt. No. 1, ¶¶ 42-43. On August 18, 2023, a copy of the report was allegedly transmitted to Comenity with one of Plaintiff's disputes. The document, however, was heavily redacted. *See e.g.* Hovsepyan Decl., ¶ 3, Ex. A [Excerpt of Plaintiff's Trial Ex. No. 2]. The redactions hid Plaintiff's date of birth, social security number, sex, race, hair, eye color, passport number, address information (i.e., then-current addresses, previous addresses, addresses of hotels he stayed at during visits to the United States, and addresses he was disputing as valid), phone numbers, employers during visits to the United States, reference numbers to ID theft reports he allegedly filed, and crucially, it omitted the information on his credit report that he was reporting as fraudulent to the police. *Id*.

The redactions rendered the police report useless for purposes of furnishers and consumer reporting agencies investigating Plaintiff's claim of identity theft; the police report, therefore, has no bearing on any issue remaining for trial. As Equifax testified in its deposition, the redactions to the critical identifying information and the account numbers being identified as fraudulent meant that the police report was insufficient for Equifax to suppress any of the disputed accounts

1  from Plaintiff's credit file because the report could not be validated to the consumer file or the

2  accounts being disputed. *See* Hovsepyan Decl., ¶ 6, Ex. D, pp. 208:25-209:4 ███████████

3  ████████████████████████████████████████████████████████████████████████

4  ███████  *see also:* pp. 204:14-209:4.

5      Beyond this, the heavily redacted police report should be excluded because it is an

6  incomplete document and thus cannot be properly authenticated under Rule 901 of the Federal

7  Rules of Evidence.  The report is also hearsay and does not fall within any exception to the rule.

8  Plaintiff did not create the document, nor can he authenticate it or lay a foundation for it under

9  any exception to the hearsay rule.

10     The report is also highly prejudicial. Comenity anticipates Plaintiff will seek to rely on

11 Officer Poirier's alleged determination (at the bottom of the report) that Plaintiff was a victim of

12 identity theft, but the officer is not identified as a witness who will testify at trial regarding the

13 his basis for making this determination. Moreover, the officer is not competent to establish the

14 truth of this fact, particularly with respect to the Comenity account at issue here.  Any testimony

15 along these lines, or testimony regarding the heavily redacted report, would be far more

16 prejudicial than probative. *See* Fed. R. Ev. 403.

17     Finally, to the extent the Court is inclined to allow the redacted Police Report into

18 evidence, it should be admitted with a limiting instruction that it is <u>not</u> evidence that Plaintiff is,

19 in fact, a victim of identity theft.  Plaintiff's Identity Theft Act Claim has been dismissed.

20 Identity theft is a crime, and here there is no evidence to establish that a crime was in fact

21 committed, or even that any person was ever investigated by the police or charged with a crime.

22 **B.  Plaintiff's FTC Report Should Be Excluded**

23     Plaintiff allegedly "created and signed… affidavit[s] with the Federal Trade Commission

24 [] detailing the many fraudulent accounts opened in his name."  Dkt. No. 1, ¶ 44; *see also:*

25 Hovsepyan Decl., ¶ 4, Ex. B [Excerpt of Plaintiff's Trial Ex. No. 2]. Like the police report,

26 however, evidence about any FTC report is far more prejudicial than probative.

27     An FTC report does not prove Plaintiff was a victim of identity theft, or that Comenity

28 was reporting inaccurate information, or that Comenity did not conduct a reasonable

---

investigation.  *See* Hovsepyan Decl., ¶ 4, Ex. B [Excerpt of Plaintiff's Trial Ex. No. 2]. Nor does it prove Plaintiff has been damaged in any way.  *Id.*  It simply contains a summary of Plaintiff's unproven allegations, and it is akin to the allegations made in his Complaint in this action.  *Id.* The jury, however, may be misled or confused by the fact that an FTC report has the title of a federal agency, and they are likely to attach undue importance to the document for this reason.

Moreover, as testified to by Equifax, the FTC reports received from Plaintiff could not be validated as having been filed with the FTC because the unique report reference numbers listed on each report fell outside the ranges specified by the FTC as valid for the months that the reports were supposedly submitted. Hovsepyan Decl., ¶ 6, Ex. D, p. 212:20-25

; *id.* at p. 213:12-16

; *see also: id.* at p. 215:12-19. This rendered them unacceptable as valid FTC reports and unusable for purposes of suppressing any disputed tradeline identified therein.

Plaintiff's questionable FTC reports are unduly prejudicial to Comenity and they will not contribute to making any fact probable.  They must be excluded.  At a bare minimum, the Court should give a limiting instruction that the jury should understand that an FTC report is simply a summary of allegations, the contents of an FTC Report were not investigated or approved by any federal agency, and the allegations are not necessarily true just because they appear on a form that is provided by the federal government.

### C.  Plaintiff's Passport Stamps And Travel Documents Are Irrelevant And Risk Confusing The Jury

On August 18, 2023, copies of Plaintiff's passport, along with passport stamps and certain travel Visas were allegedly transmitted to Comenity with one of his disputes.  Hovsepyan Decl., ¶ 5, Ex. C [Excerpt of Plaintiff's Trial Ex. No. 2]. Comenity anticipates Plaintiff will argue to the jury that these documents provide evidence he was a victim of identity theft, because

he was only in the United States during a limited period of time.  The Comenity account at issue in this suit, however, was opened in December 2015 and was closed in January 2018, and all the travel documents <u>post-date the closure</u> of the account and provide no information about his whereabouts at any time relevant to the operation of the Comenity account.  *See Id*.  For that very reason, they run the risk of misleading the jury and they should be excluded.  The potential for prejudice to Comenity substantially outweighs any probative value they might have.

In addition, Plaintiff should be precluded from offering copies of a more complete set of travel documents or testifying about what the contents of those documents would show.  Plaintiff had the chance to provide a complete set of travel documents back in 2023 when he submitted his disputes, and he chose to proceed with the incomplete set that he says he submitted to Comenity.  He cannot now try to offer evidence of or testimony about other travel documents, as that would confuse the jury and would be unfairly prejudicial to Comenity, since Comenity is being judged on its actions in response to information Plaintiff made available back in 2023.

### III.    <u>CONCLUSION</u>

Defendant Comenity Capital Bank respectfully requests that the Court enter an order excluding Plaintiff's (1) police report; (2) FTC Report; and (3) travel documents, including his passport, passport stamps, and travel Visas.  In the alternative, the Court should give and appropriate limiting instructions to the jury regarding these documents and any related testimony in order to avoid undue prejudice to Comenity.

DATED:  September 24, 2025                    Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP
TOMIO B. NARITA
NATHAN A. SEARLES
ALISA A. GIVENTAL
KRISTINA B. HOVSEPYAN

By:    */s/ Kristina B. Hovsepyan*
          Kristina B. Hovsepyan
          Attorneys for Defendant
          Comenity Capital Bank