TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
NATHAN A. SEARLES (SBN 234315)
Nathan.Searles@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
KRISTINA B. HOVSEPYAN (SBN 340674)
Kristina.Hovsepyan@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:   (415) 433-5530

Attorneys for Defendant
Comenity Capital Bank

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., et al.<br><br>Defendants. | CASE NO.: 5:23-cv-04965-EKL<br><br>**DEFENDANT COMENITY CAPITAL BANK'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE THE REPORT, OPINIONS, AND TESTIMONY OF PLAINTIFF'S EXPERT, DOUGLAS HOLLON** |

1
2
3
4

     Defendant Comenity Capital Bank ("Comenity") seeks an order excluding the report, opinions, and testimony of Douglas Hollon ("Hollon"), the designated rebuttal expert offered by Plaintiff Oleksandr Panchenko ("Plaintiff") concerning 1) Comenity's direct dispute handling, 2) certain damages alleged by Plaintiff, and 3) opinions not substantiated by adequate data.

5

## I.   RELEVANT BACKGROUND

6
7
8

     The deadline for disclosure of experts and expert witness reports was March 6, 2025. Dkt. No. 126.  Comenity timely disclosed its expert, John Ulzheimer.  He expressed two opinions:

9
10
11

> **Opinion #1:** Comenity's credit reporting investigations into Plaintiff's credit reporting disputes were in line with, and exceeded, industry standard practices, and
> **Opinion #2:** Plaintiff has failed to establish a connection between Comenity's credit reporting and Plaintiff's alleged credit related damages.

12

*See* Hovsepyan Decl., ("Decl.") ¶ 3, Ex. A [Comenity Trial Exhibit No. 84], pp. 16, 18.

13
14

     On April 10, 2025, Plaintiff served Hollon's "rebuttal" report, expressing Hollon's disagreement with Ulzheimer's two opinions based on four reasons:

15
16
17
18
19
20

> **Reason #1** – "there was no indication of a true investigation conducted by Comenity" with respect to Plaintiff's eight indirect disputes it received from the consumer reporting agencies;
> **Reason #2** – "there was no indication of a true investigation conducted by Comenity" with respect to Plaintiff's one direct dispute;
> **Reason #3** – "Mr. Panchenko was declined credit with Apple Card Goldman Sachs, and he has expended time and money disputing the inaccurate, fraudulent Comenity account"; and
> **Reason #4** – titled "Additional Information," summarizing why Mr. Hollon concluded that Plaintiff was a victim of identity theft.

21

*See* Hovsepyan Decl., ¶ 4, Ex. B [Plaintiff Trial Exhibit No. 55].

22
23
24
25
26

     Much of Hollon's anticipated testimony has already been excluded by this Court's Order dated August 13, 2025, which ruled that his opinion that Plaintiff is a victim of identity theft did not rebut any opinion offered by Comenity's expert, John Ulzheimer.  Dkt. No. 147, pp.1-4.  The Court further ruled Hollon could not express the opinion that Comenity failed to conduct a "reasonable" investigation of Plaintiff's credit reporting disputes.  *Id.*, p. 7.

27
28

## II.    LEGAL STANDARD

This Court must act as a "gatekeeper" for expert testimony by assessing its admissibility. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 145, 147 (1999); *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 592 (1993); Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible.").  Pursuant to Federal Rule of Evidence 702, the Court should only admit expert testimony that meets three requirements: "First, the evidence must be useful to a finder of fact. Second, the expert witness must be qualified to provide this testimony.  Third, the proposed evidence must be reliable or trustworthy."  *Sterner v. U.S. Drug Enforcement Agency*, 467 F. Supp. 2d 1017, 1033 (S.D. Cal. 2006) (citations omitted).

## III.    HOLLON'S REASONS 2 AND 3 ARE NOT "REBUTTALS"

### A.  Ulzheimer expresses no opinion about Comenity's handling of any direct dispute

Plaintiff's one remaining claim is for an alleged violation of the Fair Credit Reporting Act, 15 U.S.C. section 1681s-2(b), which requires furnishers to conduct a reasonable investigation of **indirect** disputes – disputes received from a consumer reporting agency.

Mr. Ulzheimer's Opinion #1 consists of the finding that Comenity's handling of the "credit bureau sourced dispute[s]" (i.e. indirect disputes) was consistent with or "exceeded industry standards."  Hovsepyan Decl., Ex. A [Comenity Trial Exhibit No. 84], p. 16.

Because Mr. Ulzheimer did not express an opinion on Comenity's handling of any <u>direct</u> disputes (and for the reasons discussed in Comenity's MIL No. 5 – that the handling of direct disputes is neither relevant nor privately actionable), Mr. Hollon's opinion about the handling of any direct dispute from Plaintiff (Reason #2) is not a rebuttal opinion and should be excluded.

### B.  Ulzheimer expresses no opinion about whether Plaintiff expended "time and money" disputing the Comenity account

With his Opinion # 2, Ulzheimer explains the reasons why he disagrees that Plaintiff experienced credit related damages because of Comenity's credit reporting in the form of "a harmed credit score, denials of credit, denied employment, and increased security deposits as a result of Comenity."  Hovsepyan Decl., Ex. A [Comenity Trial Exhibit No. 84], p. 18.

Ulzheimer expresses <u>no</u> opinion on whether Plaintiff had, or had not, incurred damage because of "time or money" spent to dispute Comenity's reporting. *Id.*  Therefore, Hollon's opinion that Plaintiff "has expended time and money disputing the inaccurate, fraudulent Comenity account," *id.*, Ex. B [Plaintiff Trial Exhibit No. 55], p. 32, is not a rebuttal opinion.

Ulzheimer <u>does</u> opine as part of Opinion # 2 that there is no evidence tying the Comenity reporting to the denial of Plaintiff's application for an Apple Card.  *Id.* at Ex. A [Comenity Trial Exhibit No. 84], p. 20.  Hollon makes **no attempt to rebut this opinion**.  *See id.* at Ex. B [Plaintiff Trial Exhibit No. 55].

The remainder of Hollon's Reason #3 discussion is dedicated to explaining the basis for his belief that Mr. Panchenko expended time and money on disputing the Comenity account.  *Id.* at p. 32.  Hollon does not discuss, however, Ulzheimer's finding that the denial of the Apple Card cannot be not tied to Comenity's reporting, nor does Hollon provide any basis for making such a connection.  *Id.* at Ex. B [Plaintiff Trial Exhibit No. 55].

## IV.    HOLLON'S "REASONS" THAT ARE NOT BASED ON SUFFICIENT FACTS OR DATA SHOULD BE EXCLUDED

Hollon's report, opinions, and testimony expressed in Reason # 2 and # 3, and in part in Reason # 1 must be excluded because they are not based on sufficient facts and data as Rule 702 requires.  "A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).  If such an analytical gap exists, an order excluding the expert testimony is proper.  *See id.*

### A.  Time spent by Plaintiff disputing the Comenity account

In his deposition, Hollon conceded he had **never even spoken directly** with Plaintiff or communicated with him in any way.  Hovsepyan Decl., ¶ 5, Ex. C [Hollon Depo.], pp. 36:16-37:1.  It is utter speculation for Hollon to opine about how much time Plaintiff allegedly spent disputing his Comenity account, let alone attempt to assign any arbitrary damage figure to that time.  Hollon admits he has done <u>nothing</u> to attempt to quantify the damages that Plaintiff allegedly incurred by "expending time and money disputing the inaccurate, fraudulent Comenity account" (nor intends to do so in the future).  *Id.*, Ex. C [Hollon Depo.], pp. 179:14-181:17.  In

any event, time and expense incurred disputing inaccuracies on credit reports, including submitting police reports, is not actionable in most jurisdictions. *See, Basconcello v. Experian Info. Solutions, Inc.*, 2017 U.S. Dist. LEXIS 39844, at *32 (N.D. Cal. Mar. 20, 2017); *Gadomski v. Equifax Info. Servs., LLC*, 2018 U.S. Dist. LEXIS 76898, 2018 WL 2096862, at *5 (E.D. Cal. May 7, 2018); *Burrows v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 39845, 2017 WL 1046973, at *11 (N.D. Cal. Mar. 20, 2017).

**B.  Failure to contact Plaintiff as part of indirect dispute investigations**

In his report, Hollon repeatedly states that "[i]t is [his] opinion that Comenity, as part of a true investigation, should have contacted and spoke with Mr. Panchenko by telephone." *See e.g.* Hovsepyan Decl., Ex. B [Plaintiff's Trial Exhibit No. 55], pp. 21-24.  Hollon does <u>not</u> indicate this is an industry standard, however, and in his deposition testimony was unable to cite to a single example of a furnisher he is aware of that does so as part of its indirect dispute investigation procedures.  *Id.* at Ex. C [Hollon Depo.], pp. 131:22-137:4.  In this light, Hollon's opinion is not an expert opinion, but a lay person's aspiration about what he subjectively believes an investigation could include, shrouded in the false guise of an expert opinion to say that this is what "should" be the case.

**C.  Apple Card/Goldman Sachs credit denial**

To the extent that Hollon's one reference to the Apple Card in his report is an attempt to tie the Apple Card denial to Comenity's reporting, the opinion should be excluded because it is unsupported by any data.  *See* Hovsepyan Decl., Ex. B [Plaintiff's Trial Exhibit No. 55], p. 32 ("From my reading of the evidence, Mr. Panchenko was declined credit with Apple Card Goldman Sachs, and he has expended time and money disputing the inaccurate, fraudulent Comenity account.").

Hollon has provided no support in his Report or during his deposition for the opinion that Plaintiff had been "declined credit with Apple Card Goldman Sachs" ***because of*** Comenity. At his deposition, Hollon claimed he had seen a document stating that <u>one</u> of the reasons Goldman Sachs had denied Plaintiff's credit application was due to a "serious delinquency" on his credit report.  But he could not identify the document, did not recall the other reasons why

Goldman Sachs had denied Plaintiff's application, did not know that Comenity was reporting a zero balance at the time, and had never seen the credit report that Goldman Sachs relied upon when making its decision to deny the application for the card.  Hovsepyan Decl., Ex. C [Hollon Depo.], pp. 168:24-169:18; *see also* pp. 172:23-173:11 (did not recall if Goldman Sachs denied Plaintiffs' application due to "insufficient credit history.")

Importantly, Hollon conceded **he had no idea what impact** the Comenity account had on Plaintiff's credit score, because he "wasn't asked to perform a credit score analysis" and had no plans to do so.  Hovsepyan Decl., Ex. C [Hollon Depo.], pp.175:12-176:3.  He had not attempted, nor did he intend to attempt, to quantify the damages caused by the alleged Apple Card denial.  *Id*., pp.174:9-175:11.  Given Hollon's admissions that he had not seen the credit report relied upon by Goldman Sachs when denying Plaintiff's credit application, did not recall all the reasons the credit application had been denied, and had not done a credit score analysis, his opinions about the Apple Card denial must be excluded.  There is no reliable basis for him to opine that Comenity's reporting impacted Plaintiff's credit score, or by how much, or whether Comenity's reporting was a substantial factor in Goldman Sachs' decision to deny Plaintiff credit.

## V.    HOLLON IS NOT QUALIFIED TO OFFER DAMAGE OPINIONS

Hollon is not qualified "by knowledge, skill, experience, training or education" to be an expert on whether Plaintiff suffered any damages because of Comenity's alleged failure to investigate Plaintiff's disputes.  Fed. R. Evid. 702.  Regardless of how accomplished an expert is in his general field, he must have qualifications in the particular field to which a proffered opinion relates.  *United States v. Chang*, 207 F.3d 1169, 1173 (9th Cir. 2000) (excluding an expert's testimony on the authenticity of a security agreement even though he had "practical experience in international finance"); *LuMetta v. United States Robotics, Inc.*, 824 F.2d 768, 770 (9th Cir. 1987) (testimony properly excluded; witnesses had limited knowledge of subject).

Hollon claims to be familiar with the dispute process, but does not have the requisite experience or training to opine on the issue of whether Comenity's conduct caused Plaintiff's alleged damages.  Nothing in his testimony or in the curriculum vitae he submitted suggests he

1    has sufficient background or training to opine on damages.  His testimony is unreliable and

2    should be excluded.

3    **V.    <u>CONCLUSION</u>**

4            The Court should exclude Hollon's report, opinions, and testimony that is neither proper

5    rebuttal testimony nor rebuttal testimony grounded in adequate data.

6

7    DATED:  September 24, 2025              Respectfully submitted,

8                                           WOMBLE BOND DICKINSON (US) LLP
                                            TOMIO B. NARITA
9                                           NATHAN A. SEARLES
                                            ALISA A. GIVENTAL
10                                          KRISTINA B. HOVSEPYAN

11

12                                          By:   */s/ Kristina B. Hovsepyan*
                                                  Kristina B. Hovsepyan
13                                                Attorneys for Defendant
                                                  Comenity Capital Bank

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28