**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
Matt.Loker@Loker.Law
Charles B. Cummins, Esq. (354861)
charles@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Oleksandr Panchenko

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; CALVARY PORTFOLIO SERVICES LLC; COMENITY CAPITAL BANK; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; U.S. BANK, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC; AND, TRANS UNION, LLC,<br><br>Defendants. | Case No.: 23-cv-4965 EKL<br><br>**PLAINTIFF OLEKSANDR PANCHENKO'S OPPOSITION TO DEFENDANT COMENITY CAPITAL BANK'S MOTION IN LIMINE NO. 2 TO EXCLUDE PANCHENKO'S POLICE REPORT, FTC IDENTITY THEFT REPORTS, AND TRAVEL DOCUMENTS [DKT. NO. 161]**<br><br>DATE: October 8, 2025<br>TIME: 1:30 p.m.<br>COURTROOM: 1<br><br>HON. EUMI K. LEE |

**TO THE COURT, DEFENDANT AND THEIR ATTORNEYS OF RECORD:**

Plaintiff OLEKSANDR PANCHENKO hereby lodges the following Opposition to Defendant COMENITY CAPITAL BANK's Motion *in Limine* No. 2 to Exclude Panchenko's Police Report, FTC Identity Theft Reports, and Travel Documents.

## I. INTRODUCTION

Comenity's Motion in Limine No. 2 is nothing more than an improper attempt to sanitize the evidentiary record and prevent the jury from seeing the very materials that expose the inadequacy of its investigation. The police report, FTC Identity Theft Affidavits, and travel documents were all submitted by Panchenko in good faith as part of his disputes, yet Comenity now seeks to exclude them wholesale without a single case supporting such relief. Motions in limine are not vehicles to rewrite the facts, resolve disputed issues, or shield a party from damaging but admissible evidence. Here, each document Comenity seeks to suppress is relevant, probative, and admissible under established evidentiary principles. To strip them away would not only contravene the governing legal standard but also deprive the jury of a full and accurate picture of Comenity's investigative failures. For these reasons, Comenity's Motion should be denied in its entirety.

## II. LEGAL STANDARD

"Although not expressly authorized by the Federal Rules of Civil Procedure of the Federal Rules of Evidence, district courts have inherent authority to consider motions *in limine* to manage the course of trials." *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV10-03738 AB (CWx), 2015 U.S. Dist. LEXIS 186633, at *4 (C.D. Cal. Apr. 10, 2015) citing to *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "Although district courts have broad discretion in ruling on motions *in limine*, courts must be careful not to use them to resolve factual disputes

CASE NO.: 24-cv-4965-EKL     1 OF 8     *Panchenko v. Bank of America, N.A., et al.*

**PLAINTIFF OLEKSANDR PANCHENKO'S OPPOSITION TO DEFENDANT COMENITY CAPITAL BANK'S MOTION IN LIMINE NO. 2 TO EXCLUDE PANCHENKO'S POLICE REPORT, FTC IDENTITY THEFT REPORTS, AND TRAVEL DOCUMENTS [DKT. NO. 161]**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

or to weigh evidence." *Id*. citing to *Goodman v. Las Vegas Metropolitan Police Dep't*, 963 F. Supp. 2d 1036, 1047-48 (D. NV 2013); and, Jones, et al. Rutter Group Prac. Guide Fed. Civ. Trials & Evid., ¶ 4:345 (The Rutter Group, 2006) ("Motions *in limine* may not be used, however, as a disguise for a motion for summary judgment or to dismiss."). "To exclude evidence on a motion *in limine* the evidence must be inadmissible on all potential grounds." *Acad. of Motion Picture Arts & Scis.*, 2015 U.S. Dist. LEXIS 186633, at *5. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. citing to *Goodman*, 963 F. Supp. 2d at 1047.

Moreover, Motions *in limine* "will not lie to exclude broad categories of evidence." *Id*. citing to *Liberal v. Estrada*, No. C 07-0024 SBA, 2011 U.S. Dist. LEXIS 100394, at *5 (N.D. Cal. Sept. 7, 2011). "As one California court has succinctly observed, unless the motion identifies specific evidence it seeks to exclude and the specific reasons to exclude it, the court would be forced to 'rule in a vacuum' on the admissibility of evidence." *Id*., at *6 citing to *Kelly v. New West Federal Savings*, 49 Cal. App. 4th 659, 670 (Cal. Ct. App. 1996). "If granted, such amorphous motions would 'leav[e] the court and the parties to guess what [evidence] during trial may be included within the scope of the ruling." *Id*.

### III. ARGUMENT

Comenity's Motion in Limine No. 2 seeks to exclude three categories of evidence: (A) Panchenko's Police Report, (B) Panchenko's FTC Identity Theft Report, and (C) Panchenko's travel documents. In essence, Comenity asks this Court to strip these materials from Panchenko's disputes as if they were never submitted, thereby misleading the jury into believing that Panchenko failed to provide the very documents he relied upon to substantiate his identity theft claims.

Notably, Comenity cites not a single case, within this Circuit or nationwide, that authorizes a court to selectively sanitize a consumer's dispute, permitting the jury to view only those portions that serve a furnisher's defense while concealing the remainder. The absence of legal support is telling. More importantly, Comenity's position underscores the damning nature of the very evidence it seeks to conceal: evidence its investigators should have reviewed and considered, but for Comenity's reckless internal policy of categorically ignoring consumer-provided materials during the relevant period. For these reasons, and those discussed below, the jury must be permitted to review Panchenko's disputes in their entirety rather than a distorted, watered-down version manufactured for Comenity's benefit.

A. **PANCHENKO'S POLICE REPORT IS ADMISSIBLE.**

Comenity first seeks to exclude Panchenko's Police Report because it was (1) heavily redacted; (2) is hearsay; and, (3) prejudicial. Each of these arguments should be rejected for the reasons discussed below.

### 1. Panchenko did not redact his Police Report.

Comenity argues Panchenko's police report should be artificially excised from his disputes because Equifax did not consider the redacted version in its own investigation under 15 U.S.C. § 1681i. This argument misses the mark entirely since Equifax's conduct under § 1681i is irrelevant to Panchenko's claims against Comenity under § 1681s-2(b).

Moreover, Panchenko did not apply the redactions, those were made by the police themselves and regardless the very information Comenity now complains of as "missing" was provided elsewhere in Panchenko's dispute. If Comenity believed the redactions posed any genuine issue during its investigation, it had every opportunity to request an unredacted copy from Panchenko or to verify the report directly with Officer Poirier since his contact information was provided along with

the report. Comenity chose to do neither. Instead, Comenity's investigators candidly admitted they never read the police report, or any portion of Panchenko's disputes, because of Comenity's internal policy of disregarding consumer-submitted materials altogether. These facts go to the very heart of Comenity's investigative failures, and the jury, not Comenity's counsel, should determine the weight and credibility of this evidence.

### 2. Panchenko's Police Report is admissible pursuant to the official records exception to the hearsay rule.

Comenity next seeks to sanitize Panchenko's disputes claiming the police report is hearsay. This argument is incorrect.

Officer Poirier's police report is admissible pursuant to the official documents exception to the hearsay rule. "The official documents exception to the hearsay rule, which was recognized at common law, permits the introduction, for the proof of the facts stated therein, of all documents prepared by public officials pursuant to a duty imposed by the nature of their office." *United States v. Leal*, 509 F.2d 122, 125 (9th Cir. 1975) citing *Olender v. United States*, 210 F.2d 795, 801 (9th Cir. 1954). *See also Rogers v. Price*, No. SACV19-1607 DOC (JEM), 2020 U.S. Dist. LEXIS 202993, at *38 (C.D. Cal. Sep. 25, 2020) citing *People v. Martinez*, 22 Cal. 4th 106, 111-12 (2000) (acknowledging admissibility of police records); and, *Toy v. Casey*, No. C-93-513 MHP, 1994 U.S. Dist. LEXIS 18724, at *17, n.6 (N.D. Cal. Dec. 28, 1994) (overruling hearsay objection due to official document exception).

Here, the police report satisfies the official documents exception to the hearsay rule since Officer Poirier prepared it in the ordinary course of his role as an officer for the Mountain View Police Department. Comenity has not called into question the authenticity of the document. Instead, Comenity simply wants to preclude the jury from seeing, and considering, the police report because it is

damning to its case. It is important however for the jury to consider the Police Report as it relates to the contested issues of accuracy and reasonableness. Panchenko made various statements to the police department subjecting himself to fines and imprisonment if those statements were false. Officer Poirier then concluded Panchenko was the victim of identity theft based upon his investigation thereafter. Panchenko contends these facts support a potential jury finding that Comenity's reporting of the fraudulent account to the credit bureaus was inaccurate. Panchenko further contends Comenity's policy of refusing to read substantiating documents, such as this police report, may lead to the jury concluding Comenity's investigation was reckless and/or unreasonable. Thus, Comenity's hearsay objection to the police report should be overruled.

In the event this Court finds the police report does not meet the official documents exception, Panchenko requests leave to amend his witness list to add Officer Poirier for purposes of authenticating, and discussing, his police report. With more than a month before trial is set to begin, there is no prejudice to Comenity for doing so.

### B. PANCHENKO'S FTC IDENTITY THEFT REPORT IS ADMISSIBLE.

Comenity also seeks to preclude the jury from seeing Panchenko's Identity Theft Affidavits submitted to the FTC. These Affidavits should be considered by the jury for the same reasons as Panchenko's Police Report since each Affidavit was submitted with the following affirmation:

> **Under penalty of perjury, I declare this information is true and correct to the best of my knowledge.**
> I understand that knowingly making any false statements to the government may violate federal, state, or local criminal statutes, and may result in a fine, imprisonment, or both.

[Bold face in original]

The form continues to state:

> Use this form to prove to businesses and credit bureaus that you have submitted an FTC Identity Theft Report to law enforcement. Some businesses might request that you also file a report with your local police.

[*Id*.].

Panchenko's FTC Identity Theft Affidavits, as part of his disputes, bolster his claims that he is the victim of identity theft and that Comenity failed to conduct a reasonable investigation by not reviewing the Affidavits. Thus, the jury should consider these documents and decide what weight to give them.

### 1. Equifax's unsubstantiated challenge to the authenticity of the FTC Identity Theft Reports should be disregarded.

As before, Comenity seeks to benefit from an investigation it played no role in by relying upon Equifax. Equifax's unsubstantiated challenge to the authenticity of the FTC Identity Theft Report was simply a statement during a deposition that was never substantiated with any supporting documentation. For his part, however, Panchenko immediately supplemented his document production to include confirmations from the FTC regarding his submissions. [Exhibit 1]. Comenity may present its challenges for the jury's consideration; however, Equifax's testimony is not a sufficient basis for precluding introduction of these pieces of Panchenko's disputes.

### C. PANCHENKO'S PASSPORT AND TRAVEL DOCUMENTS SHOULD BE CONSIDERED BY THE JURY.

Finally, Comenity offers no legitimate justification for excising Panchenko's dispute materials, including his passport and other travel documents. As an

immigrant navigating identity theft for the first time, Panchenko diligently provided every document he could to substantiate his victimization. Rather than consider those materials, Comenity disregarded them outright, and now its counsel attempts to minimize the gravity of this policy by restricting the jury's awareness of the very documents Comenity chose to ignore. If Comenity truly believed additional or alternative documents were necessary to verify Panchenko's whereabouts when the account was opened, it could have simply requested them. The fact that Panchenko did not anticipate precisely which documents Comenity's counsel now deems most relevant is no grounds for exclusion. These documents remain part of Panchenko's dispute, and any perceived shortcomings are matters for cross-examination at trial, not for wholesale omission.

## IV. CONCLUSION

Comenity's second Motion in Limine is an impermissible attempt to conceal critical evidence from the jury and rewrite the narrative of Panchenko's disputes. The police report, FTC Identity Theft Affidavits, and travel documents are not only admissible but essential to understanding both the accuracy of Comenity's reporting and the reasonableness of its investigation. The law does not allow a furnisher to cherry-pick evidence to present a sanitized record, nor does it permit the exclusion of entire categories of documents simply because they are unfavorable. These evidentiary issues belong before the jury, where questions of weight and credibility can be properly decided. Because Comenity's request exceeds the narrow purpose of a motion in limine and threatens to distort the factual record, its Motion should be denied in full.

Date: October 1, 2025                                    **LOKER LAW, APC**

                                                By:   ___/s/ Matthew M. Loker___
                                                      MATTHEW M. LOKER, ESQ.
                                                      ATTORNEY FOR PLAINTIFF

**CASE NO.: 24-cv-4965-EKL**           **8 OF 8**      *Panchenko v. Bank of America, N.A., et al.*
**PLAINTIFF OLEKSANDR PANCHENKO'S OPPOSITION TO DEFENDANT COMENITY CAPITAL BANK'S MOTION IN LIMINE NO. 2 TO EXCLUDE PANCHENKO'S POLICE REPORT, FTC IDENTITY THEFT REPORTS, AND TRAVEL DOCUMENTS [DKT. NO. 161]**

# CERTIFICATE OF SERVICE

A copy of the foregoing *Panchenko's Opposition to Motion in Limine No. 2* has been filed via CM/ECF on October 1, 2025.

   /s/ Matthew M. Loker
MATTHEW M LOKER, ESQ

CASE NO.: 5:23-cv-02423-AH-JCx     *Panchenko v. Bank of America, N.A., et al.*
**PROOF OF SERVICE**