**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
Matt.Loker@Loker.Law
Charles B. Cummins, Esq. (354861)
charles@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Oleksandr Panchenko

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; CALVARY PORTFOLIO SERVICES LLC; COMENITY CAPITAL BANK; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; U.S. BANK, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC; AND, TRANS UNION, LLC,<br><br>Defendants. | Case No.: 23-cv-4965 EKL<br><br>**PLAINTIFF OLEKSANDR PANCHENKO'S OPPOSITION TO DEFENDANT COMENITY CAPITAL BANK'S MOTION IN LIMINE NO. 3 TO EXCLUDE LAY WITNESS TESTIMONY ABOUT PANCHENKO'S CREDIT RELATED DAMAGES [DKT. NO. 159]**<br><br>DATE:         October 8, 2025<br>TIME:         1:30 p.m.<br>COURTROOM:  1<br><br>HON. EUMI K. LEE |

**TO THE COURT, DEFENDANT AND THEIR ATTORNEYS OF RECORD:**

Plaintiff OLEKSANDR PANCHENKO hereby lodges the following Opposition to Defendant COMENITY CAPITAL BANK's Motion *in Limine* No. 3 to Exclude Lay Witness Testimony about Panchenko's credit related damages.

## I. INTRODUCTION

Comenity's Motion in Limine No. 3 is nothing more than an improper attempt to prevent the jury from hearing relevant and probative evidence of Panchenko's pecuniary losses. The law is clear: questions of causation and damages belong to the jury, not to Comenity, and certainly not to a pretrial evidentiary motion. Panchenko is entitled to recount the financial consequences he suffered, including credit denials from Goldman Sachs and Stanford Federal Credit Union, and the jury may then assign whatever weight or value it deems appropriate. The Ninth Circuit has already foreclosed the type of causation evasion Comenity advances here, making clear that the existence of other inaccurate reporting does not absolve a furnisher of liability. Because Comenity's motion seeks to preclude the jury from considering exactly the type of factual dispute the law reserves for them, it must be denied

## II. LEGAL STANDARD

"Although not expressly authorized by the Federal Rules of Civil Procedure of the Federal Rules of Evidence, district courts have inherent authority to consider motions *in limine* to manage the course of trials." *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV10-03738 AB (CWx), 2015 U.S. Dist. LEXIS 186633, at *4 (C.D. Cal. Apr. 10, 2015) citing to *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "Although district courts have broad discretion in ruling on motions *in limine*, courts must be careful not to use them to resolve factual disputes or to weigh evidence." *Id*. citing to *Goodman v. Las Vegas Metropolitan Police Dep't*, 963 F. Supp. 2d 1036, 1047-48 (D. NV 2013); and, Jones, et al. Rutter Group

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.: 24-cv-4965-EKL          1 OF 4          *Panchenko v. Bank of America, N.A., et al.*
**PLAINTIFF OLEKSANDR PANCHENKO'S OPPOSITION TO DEFENDANT COMENITY CAPITAL BANK'S MOTION IN LIMINE NO. 3 TO EXCLUDE LAY WITNESS TESTIMONY ABOUT PANCHENKO'S CREDIT RELATED DAMAGES [DKT. NO. 159]**

Prac. Guide Fed. Civ. Trials & Evid., ¶ 4:345 (The Rutter Group, 2006) ("Motions *in limine* may not be used, however, as a disguise for a motion for summary judgment or to dismiss."). "To exclude evidence on a motion *in limine* the evidence must be inadmissible on all potential grounds." *Acad. of Motion Picture Arts & Scis.*, 2015 U.S. Dist. LEXIS 186633, at *5. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. citing to *Goodman*, 963 F. Supp. 2d at 1047.

Moreover, Motions *in limine* "will not lie to exclude broad categories of evidence." *Id*. citing to *Liberal v. Estrada*, No. C 07-0024 SBA, 2011 U.S. Dist. LEXIS 100394, at *5 (N.D. Cal. Sept. 7, 2011). "As one California court has succinctly observed, unless the motion identifies specific evidence it seeks to exclude and the specific reasons to exclude it, the court would be forced to 'rule in a vacuum' on the admissibility of evidence." *Id*., at *6 citing to *Kelly v. New West Federal Savings*, 49 Cal. App. 4th 659, 670 (Cal. Ct. App. 1996). "If granted, such amorphous motions would 'leav[e] the court and the parties to guess what [evidence] during trial may be included within the scope of the ruling." *Id*.

### III.    ARGUMENT

Comenity's Motion in Limine No. 3 seeks to bar Panchenko and his witnesses from testifying about his pecuniary losses, including the increased rental deposit in May 2023, the Goldman Sachs credit denial on August 16, 2023, and the Stanford Federal Credit Union denial on the same date. While Panchenko does not intend to hold Comenity liable for the pre-dispute rental deposit, he is entitled to present evidence regarding the Goldman Sachs and Stanford denials so that the jury may determine their value. Panchenko's testimony will be straightforward: he will recount what happened to him, and the jury, not Comenity, will decide the resulting

damages. Such testimony does not require the assistance of an expert.

As this Court has already considered at summary judgment, the presence of multiple erroneous entries on Panchenko's credit report does not provide Comenity with a "get out of jail free" card. At most, it may mitigate the quantum of damages in comparison to Comenity acting alone. The Ninth Circuit has expressly rejected such causation evasion. In *Gross*, CitiMortgage argued that its reporting could not have caused the plaintiff's damages because other furnishers also provided inaccurate information. The Ninth Circuit squarely rejected this defense, holding that CitiMortgage's reasoning "is based on CitiMortgage's claim that Gross's financial issues were caused by entries made by others on his credit report, and not by CitiMortgage." *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022). The Court further emphasized that "[t]his causation issue is quintessentially one for the jury," citing *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 770 (9th Cir. 1981).

Accordingly, while Comenity is free to dispute the extent of Panchenko's damages before the jury, the existence of multiple bad actors is not a legitimate basis to preclude him from presenting this evidence at trial.

## IV. CONCLUSION

Comenity's Motion in Limine No. 3 should be denied. The testimony Panchenko seeks to offer is straightforward, relevant, and reserved for the jury's consideration. Whether other inaccurate furnishers also contributed to his harm does not excuse Comenity's conduct nor justify excluding evidence of Panchenko's losses. The Ninth Circuit has made clear that causation and damages are issues for the jury to resolve, not to be stripped away at the threshold of trial. Panchenko is entitled to present his story, and the jury is entitled to weigh it. Comenity's attempt to prevent that process is contrary to controlling precedent and should be rejected.

1  Date: October 1, 2025                                          **LOKER LAW, APC**

3                                                         By:    ___/s/ Matthew M. Loker___
                                                                 MATTHEW M. LOKER, ESQ.
                                                                 ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**CASE NO.: 24-cv-4965-EKL**             **4 OF 4**        *Panchenko v. Bank of America, N.A., et al.*
**PLAINTIFF OLEKSANDR PANCHENKO'S OPPOSITION TO DEFENDANT COMENITY CAPITAL BANK'S MOTION IN LIMINE NO. 3 TO EXCLUDE LAY WITNESS TESTIMONY ABOUT PANCHENKO'S CREDIT RELATED DAMAGES [DKT. NO. 159]**

## CERTIFICATE OF SERVICE

A copy of the foregoing *Panchenko's Opposition to Motion in Limine No. 3* has been filed via CM/ECF on October 1, 2025.

          /s/ Matthew M. Loker\_\_\_\_
          MATTHEW M LOKER, ESQ

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.: 5:23-cv-02423-AH-JCx      *Panchenko v. Bank of America, N.A., et al.*
**PROOF OF SERVICE**