TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
NATHAN A. SEARLES (SBN 234315)
Nathan.Searles@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
KRISTINA B. HOVSEPYAN (SBN 340674)
Kristina.Hovsepyan@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for Defendant
Comenity Capital Bank

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., et al.<br><br>Defendants. | CASE NO.: 5:23-cv-04965-EKL<br><br>**DEFENDANT COMENITY CAPITAL BANK'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF, OR REFERENCE TO, PLAINTIFF'S SETTLEMENTS WITH FORMER DEFENDANTS** |

I. **INTRODUCTION**

In 2023, Plaintiff Oleksandr Panchenko ("Plaintiff") sued five different furnishers and three different consumer reporting agencies for the same thing. He claimed he told each defendant he was a victim of identity theft, and that the information appearing on his credit report was inaccurate. He alleged that each defendant refused to change the reporting. He said each defendant caused him emotional distress, forced him to spend time dealing with his disputes, and caused him to suffer the same credit denials.

Plaintiff has settled with six of the seven defendants he sued, and he has apparently been paid by each of them. *See* Docket 155. Plaintiff now wants to seek damages for his alleged injuries from the one remaining defendant, Comenity Capital Bank ("Comenity") while preventing the jury from hearing about the amounts he has already received from other parties for the same injuries. Specifically, he moves *in limine* to exclude evidence of, or reference to, his settlements with former defendants. Dkt. No. 155 (the "Motion").

Although Plaintiff acknowledges the Ninth Circuit has embraced the "one satisfaction rule" for statutory claims, he asserts (without citing binding authority) that the rule does not apply in cases brought under the Fair Credit Reporting Act ("FCRA"). He says that allowing evidence of his other settlements may result in prejudice, confusion, and waste of time.

Plaintiff's motion must be denied. Indeed, because Plaintiff repeatedly alleged and testified that he suffered the <u>same</u> injuries as a result of the conduct of Comenity and all the former defendants, it would be error to prevent the jury from hearing evidence of other payments he received for those injuries. If any recovery is awarded by the jury against Comenity without consideration of the settlement payments, that recovery would almost certainly be a windfall for Plaintiff. This is exactly what the "one satisfaction rule" is designed to prevent.

Finally, even if Plaintiff could somehow prove at trial that Comenity caused him "discrete injuries" that are independent of any harm caused by the settling defendants (he cannot do this), his motion should still be denied. There will be no risk of confusion or prejudice because the jury will be instructed by the Court that it can only award damages based on the injuries caused by Comenity. If Plaintiff proves that any distinct injuries exist, then any

evidence of compensation he received from the other Defendants can be easily disregarded, or the Court can issue an appropriate limiting instruction.

## II. GRANTING PLAINTIFF'S MOTION WOULD VIOLATE THE "ONE SATISFACTION RULE"

"The one satisfaction rule reflects the equitable principle that a plaintiff who has received full satisfaction of its claims from one tortfeasor generally cannot sue to recover additional damages corresponding to the same injury from the remaining tortfeasors." *Uthe Technology Corporation v. Aetrium, Inc.*, 808 F.3d 755, 760 (9th Cir. 2015) (doctrine was applicable to Plaintiff's RICO claims). The Ninth Circuit has stated that "the animating purpose of the one satisfaction rule is to prevent double recovery and unjust enrichment." *Id*. at 761.

In addition, the Ninth Circuit has confirmed "the fundamental principle that a payment made by a joint tort-feasor diminishes the claim against the remaining tort-feasor." *Seymour v. Summa Vista Cinema*, 809 F.2d 1385, 1389 (9th Cir. 1987) (affirming district court's decision to offset settlement amount paid by co-defendant corporation against the jury's verdict against the employer of broker who fraudulently induced plaintiff to buy stock in the corporation).

Plaintiff argues that all the former defendants engaged in different <u>conduct</u>. This is irrelevant. Because all defendants allegedly caused the same injury, his motion is barred by the one satisfaction rule. *See, Gao v. Campus 150 Venture II*, *LLC*, 2021 U.S. Dist. LEXIS 246093, at *3 (C.D. Cal. Oct. 29, 2021) (compelling production of settlement agreements; the "relevant inquiry for purposes of the one-satisfaction rule is not whether the conduct is distinct but whether the injury is distinct."); *see also, Halston v. Gold Coast Fed. Credit Union*, 2022 U.S. Dist. LEXIS 203582, at *3-5 (S.D. FL Nov. 8, 2022) (applying one satisfaction rule in FCRA case; finding plaintiff had not suffered distinct injuries); *Wellemeyer v. Trans Union, LLC*, 2022 U.S. Dist. LEXIS 92890, at *2 (W.D. KY May 23, 2022) (granting motion to compel settlement agreements; plaintiff's injury - harm to her credit rating - caused by multiple defendants).

Plaintiff has never alleged or attempted to prove that Comenity and the six former defendants caused him different <u>injuries</u>. His Complaint lumped all Defendants together and claimed "Defendants' inaccurate and negative reporting damaged [his] creditworthiness[;]" and

1   "[a]s a direct and proximate cause of Defendants' willful action and inaction, [he] suffered actual
2   damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute
3   letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased
4   costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of
5   credit denials." Dkt. No. 1, ¶¶ 69, 77.[1]  He made no effort to allege any specific, differentiated
6   damage caused by any particular Defendant.  *Id.*  [2]

7        His Rule 26(a) disclosures were similar.  Asked to disclose his "computation of any
8   category of damages" he did <u>not</u> differentiate damages caused by any defendant, stating only that
9   "Plaintiff seeks actual damages, statutory damages, punitive damages, attorneys' fees and costs.
10  Plaintiff's actual damages will need to be quantified by a combination of Plaintiff's testimony,
11  expert testimony and the jury."  Hovsepyan Decl., ¶ 2, Ex. A [Plaintiff's Initial Disclosures dated
12  March 11, 2024].  Plaintiff has <u>not</u> retained any expert witness to calculate his damages or to
13  differentiate between damages caused by Comenity versus the settling defendants.

14       His sworn discovery responses did <u>not</u> differentiate any injury caused by Comenity or
15  any former defendant.  He claimed emotional distress caused by "fraudulent credit card *debts*"
16  and the daily routine of "contacting *banks*." Hovsepyan Decl., ¶¶ 8, 13, Exs. G, L [Plaintiff's
17  Supplemental Response to Bank of America Interrogatories, Set One; Plaintiff's Supplemental
18  Response to Equifax Interrogatories, Set One] (emphasis added).  He identified the same three
19  alleged credit denials - "Goldman Sachs Apple Card; Bank of America; and Stanford Federal
20  Credit Union" – and pointed to the same documents.  Hovsepyan Decl., ¶¶ 3-13, Exs. B-L
21  [Plaintiff's Responses to Comenity's Interrogatories and Requests for Production; Plaintiff's
22  Responses and Supplemental Responses to Bank of America's Interrogatories and Requests for
23  Production; Plaintiff's Responses and Supplemental Responses to Chase's Interrogatories and

---

[1] He further alleged he "spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information . . ." *Id.* at ¶ 77
[2] The separate Complaint that he filed against defendant Experian Information Solutions made identical allegations. *See* Hovsepyan Decl., ¶ 15, Ex. N.

Requests for Production; Plaintiff's Responses and Supplemental Responses to Equifax's Interrogatories and Requests for Production].

At his deposition, he lumped all the defendants together and claimed they were all responsible for his damages, without distinguishing any particular injury:

> Q:  So you believe all the companies are responsible for your damages?
> A:  Yes.

Hovsepyan Decl., ¶ 14, Ex. M [Plaintiff Depo., pp. 310:4-6]; *see also id.* at pp. 137:2-139:11, 169:13-171:11. Plaintiff has consistently alleged and testified that all the defendants were responsible for his same injuries. It would be error and would violate the "one satisfaction rule" to prevent the jury from considering the other payments for those injuries.

### a. *Sloane* And The Other Decisions Cited By Plaintiff Are Distinguishable

The facts of *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495 (4th Cir. 2007), could hardly be more different, and the case does not help Plaintiff. There, Equifax apparently waited until <u>after</u> the jury had entered a verdict against before it raised the "one satisfaction rule," and argued on appeal the district court should have reduced the verdict to account for the settlements paid by the other defendants. *See Sloane*, 510 F.3d at 500-501. The Fourth Circuit, however, noted there was "credible evidence that her emotional and economic damages resulted from separate acts by separate parties." *Id.* at 501. Although some of her interactions with Experian overlapped with her interactions with the other defendants, "her encounters with Equifax both predate and postdate these other exchanges … [she] contacted Equifax … more than a year before she contacted Experian and Trans Union, and Equifax's reporting errors persisted long after Trans Union and Experian had rectified the errors in their reports." *Id*. Here, by contrast, Plaintiff began submitting disputes with Comenity and the other defendants at the same time and he claims credit damages and emotional distress damages caused by all defendants during the same time period. The "one satisfaction rule" applies and the motion must be denied.

### III. EVIDENCE OF SETTLEMENTS DOES NOT VIOLATE RULE 403

Plaintiff suggests evidence of his settlement should be excluded under Federal Rule of Evidence 403, or he will be forced to conduct "mini-trials" that may confuse the jury and waste

1  time. His argument makes no sense and directly conflicts with assertion that the "one
2  satisfaction rule" does not apply here.
3        Plaintiff must be prepared to show at the <u>one</u> trial that is about to proceed how he can
4  differentiate for the jury between the specific injuries caused by Comenity, one the one hand, and
5  the injuries caused by the settling defendants, on the other. Plaintiff will necessarily be forced to
6  explain to the jury the differences between the claims he asserted and the injuries he suffered by
7  reason of the other defendants, on the one hand, versus the claims asserted and injuries caused by
8  Comenity. If Plaintiff now characterizes this as "mini-trials" then they are trials of his making.
9        The jury will not be confused. They are only permitted to award damages caused by
10  Comenity's actions. *See* Ninth Circuit Manual of Model Jury Instructions No. 5.1. The way to
11  avoid confusion is to allow in evidence about how the other defendants injured plaintiff, and how
12  (if at all) those injuries are different than the injuries allegedly caused by Comenity.
13  Fundamental fairness also dictates that the jury hear about the compensation Plaintiff received
14  for the injuries caused by the defendants. Concealing this evidence will mislead the jury and
15  invite them to award windfall damages to Plaintiff.

### IV.   <u>CONCLUSION</u>

For all the reasons set forth above, the Court should deny Plaintiff's motion *in limine* to exclude evidence of, or reference to, Plaintiff's settlements with former defendants.

DATED: October 1, 2025        Respectfully submitted,

                                     WOMBLE BOND DICKINSON (US) LLP
                                     TOMIO B. NARITA
                                     NATHAN A. SEARLES
                                     ALISA A. GIVENTAL
                                     KRISTINA B. HOVSEPYAN

By:  */s/ Kristina B. Hovsepyan*
        Kristina B. Hovsepyan
        Attorneys for Defendant
        Comenity Capital Bank