MATTHEW M. LOKER, ESQ. (279939)
**LOKER LAW, APC**
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420
TELEPHONE: (805) 994-0177

ATTORNEY FOR PLAINTIFF,
OLEKSANDR PANCHENKO

TOMIO B. NARITA (SBN 156576)
NATHAN A. SEARLES (SBN 234315)
ALISA GIVENTAL (SBN 273551)
KRISTINA B. HOVSEPYAN (SBN 340674)
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:  (415) 433-5530

Attorneys for Defendant
Comenity Capital Bank

# UNITED STATES DISTRICT COURT

## NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>    Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA, N.A., et al.<br><br>    Defendants. | CASE NO.: 5:23-cv-04965-EKL<br><br>**[PROPOSED] JOINT JURY INSTRUCTIONS**<br><br>Date: October 8, 2025 (FPTC)<br>Time: 2:30 p.m.<br>Courtroom: 7, 4th Floor<br>280 South First Street, San Jose<br><br>The Honorable Eumi K. Lee |

## <u>TABLE OF CONTENTS</u>

**Stipulated Instruction No. 1 re: Duty of Jury** ................................................................. **1**

**Stipulated Instruction No. 2 re: Duty of Jury** ................................................................. **2**

**Stipulated Instruction No. 3 re: Duty of Jury** ................................................................. **3**

**Stipulated Instruction No. 4 re: Claims and Defenses** ................................................. **4**

**Stipulated Instruction No. 5 re: Burden of Proof—Preponderance of the Evidence** .......... **5**

**Stipulated Instruction No. 7 re: What is Evidence** ........................................................ **7**

**Stipulated Instruction No. 8 re: What is Not Evidence** ................................................. **8**

**Stipulated Instruction No. 10 re: Direct and Circumstantial Evidence** ....................... **10**

**Stipulated Instruction No. 11 re: Ruling on Objections** ............................................... **11**

**Stipulated Instruction No. 12 re: Credibility of Witnesses** .......................................... **12**

**Stipulated Instruction No. 13 re: Corporations and Partnerships-Fair Treatment** ........... **13**

**Stipulated Instruction No. 14 re: Liability of Banks – Scope of Authority Not in Issue** ...... **14**

**Stipulated Instruction No. 15 re: Conduct of the Jury** ................................................. **15**

**Stipulated Instruction No. 17 re: No Transcript Available to Jury** ............................. **18**

**Stipulated Instruction No. 18 re: Taking Notes** ........................................................... **19**

**Stipulated Instruction No. 19 re: Questions to Witnesses by Jurors During Trial** ......... **20**

**Stipulated Instruction No. 20 re: Bench Conferences and Recesses** ............................ **21**

**Stipulated Instruction No. 21 re: Outline of Trial** ....................................................... **22**

**Stipulated Instruction No. 22 re: Cautionary Instructions** ......................................... **23**

**Stipulated Instruction No. 23 re: Deposition in Lieu of Live Testimony** .................... **24**

**Stipulated Instruction No. 27 re: [Expert] Opinion Testimony** .................................. **28**

**Stipulated Instruction No. 28 re: Charts and Summaries Not Received in Evidence** ......... **29**

**Stipulated Instruction No. 29 re: Charts and Summaries Received in Evidence** ................. **30**

**Stipulated Instruction No. 30 re: Elements of 15 USC Section 1681s-2(b) Claim** ............... **31**

**Stipulated Instruction No. 31 re: Definition of Furnisher Under the FCRA** ...................... **32**

**Disputed Instruction No. 32 re: Meaning of Inaccuracy Offered by Panchenko** ................ **33**

**Disputed Instruction No. 32 re: Meaning of Inaccuracy Offered by Comenity** .................. **34**

**Disputed Instruction No. 33 re: Investigation Obligation Trigger Offered by Panchenko** . **36**

**Disputed Instruction No. 33 re: Investigation Obligation Trigger Offered by Comenity** .... **37**

**Disputed Instruction No. 34 re: "Reasonable Investigation" Offered by Panchenko** ......... **38**

**Disputed Instruction No. 34 re: "Reasonable Investigation" Offered by Comenity** .......... **39**

**Stipulated Instruction No. 35 re: Negligent Violation** ................................................. **41**

**Disputed Instruction No. 36 re: Willful Violation Offered by Panchenko** ...................... **42**

**Disputed Instruction No. 36 re: Willful Violation Offered by Comenity** ......................... **43**

**Disputed Instruction No. 37 re: Recovery for Violation Offered by Panchenko** ................ **44**

**Disputed Instruction No. 37 re: Recovery for Violation Offered by Comenity** ................. **45**

**Stipulated Instruction No. 38 re: Actual Damages** ..................................................... **46**

**Disputed Instruction No. 39 re: Examples of Emotional Distress Offered by Panchenko** ... **47**

**Disputed Instruction No. 39 re: Examples of Emotional Distress Should Not Be Given** ..... **48**

**Disputed Instruction No. 40 re: Emotional Distress Damages Offered by Panchenko** ........ **49**

**Disputed Instruction No. 41 re: Emotional Distress Damages Offered by Comenity** .......... **50**

**Disputed Instruction No. 42 re: Proximate Cause Offered by Panchenko** .......................... **51**

**Disputed Instruction No. 42 re: Proximate Cause Offered by Comenity** ............................ **52**

**Stipulated Instruction No. 43 re: Mitigation of Damages** ......................................... **53**

**Disputed Instruction No. 44 re: Punitive Damages Offered by Panchenko** ......................... **54**

1

**Disputed Instruction No. 44 re: Punitive Damages Offered by Comenity** ............................ **56**

2

**Stipulated Instruction No. 45 re: "Consumer Report"** ......................................... **58**

3

**Stipulated Instruction No. 46 re: Duty to Deliberate** ............................................ **59**

4

**Stipulated Instruction No. 47 re: Consideration of Evidence—Conduct of the Jury** ........... **60**

5

6

**Stipulated Instruction No. 48 re: Communication with Court** .......................................... **62**

7

**Stipulated Instruction No. 50 re: Return of Verdict** ................................................ **64**

8

**Stipulated Instruction No. 52 re: Deadlocked Jury** ............................................ **66**

9

**Stipulated Instruction No. 53 re: Continuing Deliberations After Juror is Discharged** ...... **67**

10

**Stipulated Instruction No. 54 re: Post-Discharge Instruction** ................................ **68**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 1 re: Duty of Jury**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.2 (v. March 2025).

1

**Stipulated Instruction No. 2 re: Duty of Jury**

2       Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the

3   law.

4       It is your duty to find the facts from all the evidence in the case.  To those facts you will

5   apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

6   with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

7   prejudices or sympathy.  That means that you must decide the case solely on the evidence before

8   you.  You will recall that you took an oath to do so.

9       At the end of the trial, I will give you final instructions.  It is the final instructions that will

10  govern your duties.

11      Please do not read into these instructions, or anything I may say or do, that I have an opinion

12  regarding the evidence or what your verdict should be.

13

**Authority for Instruction**

14  Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.3 (v. March 2025).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Stipulated Instruction No. 3 re: Duty of Jury**

2    Members of the Jury: Now that you have heard all of the evidence and the arguments of

3 the attorneys, it is my duty to instruct you on the law that applies to this case.

4    A copy of these instructions will be sent to the jury room for you to consult during your

5 deliberations.

6    It is your duty to find the facts from all the evidence in the case.  To those facts you will

7 apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

8 with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

9 prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

10 you.  You will recall that you took an oath to do so.

11    Please do not read into these instructions or anything that I may say or do or have said or

12 done that I have an opinion regarding the evidence or what your verdict should be.

13

**Authority for Instruction**

14    Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.4 (v. March 2025).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 4 re: Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Panchenko asserts that Comenity violated the Fair Credit Reporting Act when it investigated disputes that he submitted about information Comenity furnished to the consumer reporting agencies. The plaintiff has the burden of proving these claims.

Comenity denies those claims.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.5 (v. March 2025).

**Stipulated Instruction No. 5 re: Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.6 (v. March 2025).

1

**Stipulated Instruction No. 6 re: Burden of Proof – Clear and Convincing Evidence**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.7 (v. March 2025).

**Stipulated Instruction No. 7 re: What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I [may instruct] [have instructed] you to accept as proved.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.9 (v. March 2025).

**Stipulated Instruction No. 8 re: What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.10 (v. March 2025).

**Stipulated Instruction No. 9 re: Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [ describe purpose] and not for any other purpose.]

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.11 (v. March 2025).

**Stipulated Instruction No. 10 re: Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.12 (v. March 2025).

**Stipulated Instruction No. 11 re: Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.13 (v. March 2025).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 12 re: Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case, if any;

5.  the witness's bias or prejudice, if any;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.14 (v. March 2025).

1

**Stipulated Instruction No. 13 re: Corporations and Partnerships-Fair Treatment**

All parties are equal before the law and a bank is entitled to the same fair and conscientious consideration by you as any party.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 4.1 (v. March 2025) [as modified to use the term "bank"].

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 14 re: Liability of Banks – Scope of Authority Not in Issue**

Under the law, a bank is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a national banking association is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 4.2 (v. March 2025) [as modified to use the term "bank"].

**Stipulated Instruction No. 15 re: Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or

using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result, requiring the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the clerk signed by any one or more of you.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.15 (v. March 2025).

### Stipulated Instruction No. 16 re: Publicity During Trial

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

### Authority for Instruction

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.16 (v. March 2025).

**Stipulated Instruction No. 17 re: No Transcript Available to Jury**

    I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

**Authority for Instruction**

    Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.17 (v. March 2025).

1

**Stipulated Instruction No. 18 re: Taking Notes**

2
        If you wish, you may take notes to help you remember the evidence.  If you do take notes,

3
please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking

4
distract you.  When you leave, your notes should be left in the courtroom.  No one will read your

5
notes.

6
        Whether or not you take notes, you should rely on your own memory of the evidence. Notes

7
are only to assist your memory. You should not be overly influenced by your notes or those of

8
other jurors.

9

**Authority for Instruction**

10
        Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.18 (v. March 2025).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Stipulated Instruction No. 19 re: Questions to Witnesses by Jurors During Trial

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

### Authority for Instruction

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.19 (v. March 2025).

**Stipulated Instruction No. 20 re: Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.20 (v. March 2025).

1

**Stipulated Instruction No. 21 re: Outline of Trial**

2       Trials proceed in the following way:  First, each side may make an opening statement.  An

3  opening statement is not evidence.  It is simply an outline to help you understand what that party

4  expects the evidence will show.  A party is not required to make an opening statement.

5       The plaintiff will then present evidence, and counsel for the defendant may cross-examine.

6  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

7       After the evidence has been presented, I will instruct you on the law that applies to the case

8  and the attorneys will make closing arguments.

9       After that, you will go to the jury room to deliberate on your verdict.

10

**Authority for Instruction**

11  Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.21 (v. March 2025).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 22 re: Cautionary Instructions**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.0 (v. March 2025).

**Stipulated Instruction No. 23 re: Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Karen Denise Cobb of Equifax was taken on August 21, 2024.

The depositions of Fabian Ochoa-Garcia and Jordan Lund of Bank of America were taken on September 4, 2024.

The depositions of Pavithra S and Arshiya Banu were taken on March 12, 2025.

The deposition of J. Elizabeth Rani was taken on March 17, 2025.

The deposition of Poojitha Kadaresh was taken on March 18, 2025.

The deposition of Praghathi Gopinath was taken on March 27, 2025.

The deposition of Ramya Shashidhar was taken on March 28, 2025.

The depositions of Arul Shanmugam; and, Sierra Dawn Ford were taken on April 10, 2025.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.4 (v. March 2025).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Stipulated Instruction No. 24 re: Impeachment Evidence – Witness**

The evidence that a witness (e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.) may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.9 (v. March 2025).

**Stipulated Instruction No. 25 re: Use of Interrogatories**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.11 (v. March 2025).

**Stipulated Instruction No. 26 re: Use of Requests for Admission**

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.12 (v. March 2025).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 27 re: [Expert] Opinion Testimony**

You [have heard] [are about to hear] testimony from [_name_] who [testified] [will testify] about [his] [her]opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.13 (v. March 2025).

**Stipulated Instruction No. 28 re: Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.14 (v. March 2025).

**Stipulated Instruction No. 29 re: Charts and Summaries Received in Evidence**

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.15 (v. March 2025).

**Stipulated Instruction No. 30 re: Elements of 15 USC Section 1681s-2(b) Claim**

Panchenko contends that Comenity violated section 1681 s-2(b) of the Fair Credit Reporting Act. To establish a violation of this law, Panchenko bears the burden of proving, by a "preponderance of the evidence," each of the following:

1) Comenity is a "furnisher" of credit information,

2) Panchenko notified a consumer reporting agency that he disputed the information that Comenity furnished about him as "inaccurate,"

3) A consumer reporting agency notified Comenity of the alleged "inaccurate" information of that Panchenko disputed;

4) The reporting by Comenity regarding Panchenko was in fact "inaccurate;" and

5) Comenity "negligently" or "willfully" failed to conduct a "reasonable investigation" into the dispute.

**Authority for Instruction**

15 U.S.C. §§ 1681n, 1681o, 1681s-2(b); *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154-55 (9th Cir. 2009); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106-07 (9th Cir. 2012); *see also Panchenko v. Comenity Cap. Bank*, 2025 U.S. Dist. LEXIS 157032 (N.D. Cal. Aug. 13, 2025) (Order re: Summary Judgment); *Miller v. Westlake Servs. LLC*, 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022); *Robbins v. CitiMortgage, Inc.*, Case No. 16-CV-04732-LHK, 2017 WL 6513662, *5 (N.D. Cal. Dec. 20, 2017).

**Stipulated Instruction No. 31 re: Definition of Furnisher Under the FCRA**

A "furnisher" is an entity that transmits information concerning a particular credit obligation owed by a particular consumer to consumer reporting agencies.

**Authority for Instruction**

*Yu v. Tesla Energy Ops., Inc.*, Case No. CV 21-0062 FMO (KSx), 2022 U.S. Dist. LEXIS 152606, *7 (C.D. Cal. Mar. 7, 2022).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 32 re: Meaning of Inaccuracy Offered by Panchenko**

An item on a credit report can be inaccurate 'because it is patently incorrect, or because it is misleading in such a way…that it can be expected to adversely affect credit decisions.'

**Authority for Instruction**

*Robbins*, 2017 U.S. Dist. LEXIS 209367, at *15 citing to *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *Biggs*, 209 F Supp. 3d at 1144; and, *Gorman*, 584 F.3d at 1163-64.

1

**Disputed Instruction No. 32 re: Meaning of Inaccuracy Offered by Comenity**

2

An item on a credit report can be inaccurate because it is patently incorrect, or because it

3

is misleading in such a way that it can be expected to adversely affect credit decisions. Reported

4

information is actionably "inaccurate" only if that information is objectively and readily verifiable

5

as mistake- or error-free.

6

**Authority for Instruction**

7

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) ("[A] credit

8

entry can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently

9

incorrect, or because it is misleading in such a way and to such an extent that it can be expected

10

to adversely affect credit decisions.'"), citing e.g. *Sepulvado v. CSC Credit Servs., Inc.,* 158 F.3d

11

890, 895 (5th Cir.1998); *Roberts v. Carter-Young, Inc.,* 131 F.4th 241, 251 (4th Cir. 2025) ("The

12

Second Circuit recently … held that 'reported information is actionably "inaccurate" only if that

13

information is objectively and readily verifiable' as mistake- or error-free. …That makes sense.

14

Furnishers are not tribunals. They have neither the resources nor the expertise to conduct the

15

level of investigation that takes place in judicial proceedings or to make the kinds of

16

determinations about disputes that courts make. But furnishers can investigate disputes about

17

'objectively and readily verifiable' information."), citing  *Sessa v. Trans Union, LLC*, 74 F.4th

18

38, 42 (2d Cir. 2023) (citing *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir.

19

2023)); *Roberts,* 131 F.4th at 251 ("What it means for a dispute to be objectively and readily

20

verifiable requires some fleshing out. Inaccuracy or incompleteness under the FCRA is not

21

synonymous with legally recoverable or legally valid. For instance, a dispute that involves

22

complex fact-gathering and in-depth legal analysis of the sort that courts would typically perform

23

is not objectively and readily verifiable. A dispute that implicates unsettled questions of law and

24

requires credibility determinations and quasi-discovery isn't either. Inaccuracies that are

25

objectively and readily verifiable do not include claims of tortious conduct that require a

26

furnisher to evaluate the subjective nature of the parties' actions—such as claims of fraud or

27

retaliation."); *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024)

28

("in determining whether a claimed inaccuracy is potentially actionable under [§ 1681s-2], a

court must determine, *inter alia*, whether the information in dispute is 'objectively and readily verifiable' "); *Ghuyumjyan v. Bank of Am., N.A.,* No. 2:24-CV-10749-MEMF-BFM, 2025 WL 1754625, at *4 (C.D. Cal. June 24, 2025) (recognizing the "objectively and verifiable" as applicable to furnishers).

1    **Disputed Instruction No. 33 re: Investigation Obligation Trigger Offered by Panchenko**

2    Comenity's duty under section 1681s-2(b) of the Fair Credit Reporting Act to investigate

3    any dispute arises when Panchenko establishes that Comenity was notified by a consumer

4    reporting agency about the dispute.

5    **Authority for Instruction**

6    *Prosser v. Navient Sols., Inc.*, 2015 U.S. Dist. LEXIS 118018, at *21 (N.D. Cal. 2015)

7    citing to *Gorman*, 584 F.3d at 1162; and, *Drew v. Equifax Info. Servs.*, 690 F.3d 1100, 1110 (9th

8    Cir. 2012); *Soria v. U.S. Bank N.A.*, No. SACV17-603 CJC (KESx), 2019 U.S. Dist. LEXIS 70068,

9    at *27-28 (C.D. Cal. Apr. 25, 2019) citing to *Gorman*, 584 F.3d at 1155; *Hinkle*, 2016 U.S. App.

10    LEXIS 12661, at *17.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Disputed Instruction No. 33 re: Investigation Obligation Trigger Offered by Comenity**

2        Comenity's duty under section 1681s-2(b) of the Fair Credit Reporting Act to conduct a

3    reasonable investigation of information disputed by Plaintiff is not triggered until a consumer

4    reporting agency provides Comenity with notice of Plaintiff's dispute.

5                                    **Authority for Instruction**

6        15 U.S.C. § 1681s-2(b); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057,

7    1059-60 (9th Cir. 2002); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154-55 (9th

8    Cir. 2009); *Asad v. Experian Info. Sols., Inc.*, 2024 U.S. Dist. LEXIS 51724 (C.D. Cal. Mar. 21 ,

9    2024); *Miller v. Westlake Servs. LLC*, 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 34 re: "Reasonable Investigation" Offered by Panchenko**

A furnisher's investigation cannot be superficial and "requires an inquiry likely to turn up information about the underlying facts and positions of the parties, not a cursory or sloppy review of the dispute.'"

A furnisher does not conduct a reasonable investigation 'by merely rubber stamping,' particularly 'where the circumstances demand[] a more thorough inquiry.'" Instead, the FCRA requires some degree of careful inquiry by furnishers of information.

### Authority for Instruction

*Prosser v. Navient Sols., Inc.*, 2015 U.S. Dist. LEXIS 118018, at *21 (N.D. Cal. 2015) citing to *Gorman*, 584 F.3d at 1162; and, *Drew v. Equifax Info. Servs.*, 690 F.3d 1100, 1110 (9th Cir. 2012); *Soria v. U.S. Bank N.A.*, No. SACV17-603 CJC (KESx), 2019 U.S. Dist. LEXIS 70068, at *27-28 (C.D. Cal. Apr. 25, 2019) citing to *Gorman*, 584 F.3d at 1155; *Hinkle*, 2016 U.S. App. LEXIS 12661, at *17.

1

**Disputed Instruction No. 34 re: "Reasonable Investigation" Offered by Comenity**

2

In determining whether Comenity conducted a "reasonable investigation," the pertinent

3

question is whether Comenity acted reasonably in light of what it learned about the nature of the

4

dispute from the description in the notice of dispute it received from the consumer reporting

5

agency. An investigation should not be a cursory or sloppy review of the dispute or merely

6

rubberstamp the furnisher's earlier submissions. But, if only vague or scant details are provided

7

by the consumer reporting agency, then a less searching investigation is required. And, an

8

investigation is not necessarily unreasonable even if it results in a conclusion that turns out to be

9

incorrect. For example, even if you find that Plaintiff did not open the account and Comenity's

10

investigation reached the wrong conclusion, this does not mean that Comenity's investigation of

11

Plaintiff's dispute was unreasonable under the circumstances.

12

Plaintiff bears the burden of proving Comenity's investigation was unreasonable.

13

**Authority for Instruction**

14

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1160 (9th Cir. 2009) ("We agree

15

that '[w]hether a reinvestigation conducted by a furnisher in response to a consumer's notice of

16

dispute is reasonable ... depends in large part on ... the allegations provided to the furnisher by

17

the credit reporting agency.'") (quoting *Krajewski v. Am. Honda Fin. Corp.*, 557 F.Supp.2d 596,

18

610 (E.D.Pa.2008)); *Soria v. U.S. Bank N.A.,* No. SACV1700603CJCKESX, 2019 WL 8167925,

19

at *8 (C.D. Cal. Apr. 25, 2019), *Gorman*, 584 F.3d at 1157 (quoting *Westra v. Credit Control of*

20

*Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) ("[The furnisher's] investigation in this case was

21

reasonable given the scant information it received regarding the nature of [the consumer's]

22

dispute.")); *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617 (6th Cir. 2012) ("how thorough

23

an investigation must be to be 'reasonable' turns on what relevant information was provided to a

24

furnisher by the CRA giving notice of a dispute"); *Prosser v. Navient Sols., Inc.*, No. 15-CV-

25

01036-SC, 2015 WL 5168635, at *7 (N.D. Cal. Sept. 3, 2015) ("Here, the Court may or may not

26

ultimately agree with the legal conclusion reached by Defendants, but that does not belie the

27

reasonableness of the investigation or compliance with the statutory duties at issue."); *Gorman*,

28

584 F.3d at 1156 ("A provision that required only a cursory investigation would not provide such

protection; instead, it would allow furnishers to escape their obligations by merely rubber stamping their earlier submissions, even where circumstances demanded a more thorough inquiry."); *Gorman,* 584 F.3d at 1156 ("We emphasize that the requirement that furnishers investigate consumer disputes is procedural. An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate."); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1110 (9th Cir. 2012) ("As Gorman explains, an FCRA violation is tied to the reasonableness of an investigation rather than the accuracy of its results."); *Martinez v. American Express Nat'l Bank*, Case No. CV 21-8130-DMG (MAAx), 2022 U.S. Dist. LEXIS 199019, *16 (C.D. Cal. Nov. 1, 2022) ("[E]ven though the parties agree that the American Express account at issue in this case did not, in fact, belong to Plaintiff, the reasonableness of [defendant's] investigation does not turn on this fact."); *Prosser v. Navient Sols., Inc.,* No. 15-CV-01036-SC, 2015 WL 5168635, at *7 (N.D. Cal. Sept. 3, 2015) ("Plaintiff still bears the burden of showing the investigation was unreasonable.") (citing *Gorman,* 584 F.3d at 1154; *O'Connor v. Capital One,* N.A., No. CV 14–00177–KAW, 2014 WL 2215965, at *7 (N.D.Cal. May 29, 2014)).

**Stipulated Instruction No. 35 re: Negligent Violation**

To prove a negligent violation of section 1681s-2(b) of the Fair Credit Reporting Act, Panchenko must prove by a preponderance of the evidence that Comenity failed to use "reasonable care" in investigating the dispute from a consumer reporting agency. "Reasonable care" is the degree of care that a reasonably prudent person would use under similar circumstances.

**Authority for Instruction**

*Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 69, 127 S. Ct. 2201, 2215, 167 L. Ed. 2d 1045 (2007) ("There being no indication that Congress had something different in mind, we have no reason to deviate from the common law understanding in applying the statute."); *see e.g.* Ninth Circuit Manual of Model Civil Jury Instructions, No. 6.1 (v. March 2025) ("Negligence is the failure to use reasonable care. Reasonable care is the degree of care that a reasonably prudent person would use under like circumstances. Someone can be negligent by doing something that a reasonably prudent person would not have done, or by failing to do something that a reasonably prudent person would have done."); *Taylor v. First Advantage Background Servs. Corp*, 207 F. Supp. 3d 1095, 1102 (N.D. Cal. 2016), citing *Safeco,* 551 U.S. at 58 ("In the absence of contrary congressional intent, negligence must be given its common law meaning.");

*Id.* citing *Banga v. Chevron U.S.A. Inc.*, No. C–11–01498 JCS, 2013 WL 71772, at *11 (N.D.Cal. Jan. 7, 2013) (quoting *Almaraz v. Universal Marine Corp.,* 472 F.2d 123, 124 (9th Cir.1972) (applying standard to FCRA claim under 15 U.S.C. § 1681*o*) (The "standard of conduct required to avoid negligence [is] that of a reasonably prudent person under similar circumstances.").

**Disputed Instruction No. 36 re: Willful Violation Offered by Panchenko**

To prove a willful violation of section 1681s-2(b) of the Fair Credit Reporting Act, Panchenko must show by a preponderance of the evidence that Comenity acted in knowing or "reckless disregard" of its obligations under the law. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

**Authority for Instruction**

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69, 127 S. Ct. 2201, 2215, 167 L. Ed. 2d 1045 (2007) ("[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.") Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.5 (v. March 2025).

**Disputed Instruction No. 36 re: Willful Violation Offered by Comenity**

To prove a willful violation of section 1681s-2(b) of the Fair Credit Reporting Act, Panchenko must show by a preponderance of the evidence that Comenity acted in knowing or "reckless disregard" of its obligations under the law. A defendant acts in "reckless disregard" when its action both is a violation under a reasonable reading of the statute's terms and shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless. Put another way, a defendant acts in "reckless disregard" when it adopts a view of its statutory obligations that is objectively unreasonable

**Authority for Instruction**

*Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 69, 127 S. Ct. 2201, 2215 (2007) ("[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."); *Shaw v. Experian Info. Sols., Inc.,* 891 F.3d 749, 760 (9th Cir. 2018) ("Recklessness is an objective standard. …A defendant acts in reckless disregard when its action both is **"**a violation under a reasonable reading of the statute's terms" and "shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."), citing *Safeco Ins. Co. of Am.,* 551 U.S. at 68-69; *Shaw,* 891 F.3d at 760 ("there was no statute, CFPB guidance, or case law that 'might have warned [Experian] away from the view it took' or informed Experian that its approach to reporting short sales was objectively unreasonable. …To the contrary, the CFPB informed Experian that it had investigated the short sale-foreclosure problem and discovered that the underlying problem was not due to inaccurate reporting by furnishers or CRAs. This agency guidance suggests Experian's conduct, even if it were a violation of the FCRA, was not objectively unreasonable and therefore not reckless."), citing *Safeco Ins. Co. of Am.,* 551 U.S. at 70 & n. 20.

**Disputed Instruction No. 37 re: Recovery for Violation Offered by Panchenko**

If you find the Panchenko has proven by a preponderance of the evidence that Comenity negligently or willfully violated section 1681s-2(b) of the Fair Credit Reporting Act by failing to conduct a reasonable investigation of a dispute it received from a consumer reporting agency, you must decide whether Panchenko is entitled to recover any damages.

If you find Comenity negligently failed to conduct a reasonable investigation, you must award Panchenko only the "actual damages" that Panchenko is able to prove he incurred as a "proximate cause" of Comenity's actions.

If you find Comenity willfully failed to conduct a reasonable investigation, you must award Panchenko any "actual damages" that Panchenko is able to prove he incurred as a "proximate cause" of Comenity's actions. A finding that Comenity's violation was willful also means you must award "punitive damages."

**Authority for Instruction**

15 U.S.C. §§ 1681n, 1681o.

**Disputed Instruction No. 37 re: Recovery for Violation Offered by Comenity**

If you find the Panchenko has proven by a preponderance of the evidence that Comenity negligently or willfully violated section 1681s-2(b) of the Fair Credit Reporting Act by failing to conduct a reasonable investigation of a dispute it received from a consumer reporting agency, you must decide whether Panchenko is entitled to recover any damages.

If you find Comenity negligently failed to conduct a reasonable investigation, you may award Panchenko only the "actual damages" that Panchenko is able to prove he incurred as a "proximate cause" of Comenity's actions.

If you find Comenity willfully failed to conduct a reasonable investigation, you may award Panchenko any "actual damages" that Plaintiff is able to prove he incurred as a "proximate cause" of Comenity's actions or statutory damages in the amount of not less than $100 and not more than $1,000 A finding that Comenity's violation was willful also means you may award "punitive damages."

**Authority for Instruction**

15 U.S.C. §§ 1681n, 1681o; *Banga v. Experian Information Solutions, Inc.,* 473 Fed.Appx. 699, 700 (9th Cir.2012) ("The district court properly granted summary judgment on Banga's claims for negligent violations under § 1681*o* of the Act because she failed to raise a triable dispute as to whether defendants' conduct resulted in actual damages"); *Grigoryan v. Experian Info. Sols., Inc.,* 84 F. Supp. 3d 1044, 1077 (C.D. Cal. 2014), citing *Wagner v. BellSouth Telecom., Inc.,* 520 Fed.Appx. 295, 298 (5th Cir.2013) (Unpub. Disp.) (affirming summary judgment where plaintiff "failed to establish actual damages that were proximately caused by Equifax").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Stipulated Instruction No. 38 re: Actual Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Panchenko on the Panchenko's FCRA claim, you must determine Panchenko's damages. Panchenko has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Panchenko for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries; and,

The mental, emotional, pain and suffering experienced;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### Authority for Instruction

Ninth Circuit Manual of Model Civil Jury Instructions, Nos. 5.1-5.2 (v. March 2025).

**Disputed Instruction No. 39 re: Examples of Emotional Distress Offered by Panchenko**

As examples, emotional distress damages may include humiliation, injury to reputation, embarrassment, fear, anger, panic, mental distress, nervousness, difficulty eating, distraction from day to day activities, difficulty sleeping, lack of concentration, anxiety, impaired relationships with friends, family or coworkers, and any other symptoms arising from a defendant's violations.

**Authority for Instruction**

*Kim v. BMW Fin. Servs. NA, LLC*, 142 F. Supp. 3d 935, 944 (C.D. Cal. 2015); *Amado v. eCapital Servs., LLC*, 2015 U.S. Dist. LEXIS 88076 (C.D. Cal. 2015); *Powell v. Blackrock Asset Mgmt., LLC*, 2011 U.S. Dist. LEXIS 113785 (C.D. Cal. 2011); *Nelson v. Equifax Info Servs. LLC*, 522 F. Supp. 2d 1222 (C.D. Cal. 2007); *Zhang v. American Gem Seafoods*, 339 F.3d 1020 (9th Cir. 2003); *Johnson v. Hale*, 13 F.3d 1351 (9th Cir. 1994).

**Disputed Instruction No. 39 re: Examples of Emotional Distress Should Not Be Given**

Comenity objects to Disputed Instruction No. 39 re: Examples of Emotional Distress offered by Plaintiff on the grounds that the instruction is unnecessary and prejudicial.

An instruction listing out over a dozen examples of what may constitute emotional distress is unnecessary because "emotional distress" is a common and familiar concept that an average juror can understand. *United States v. Young,* 458 F.3d 998, 1010 (9th Cir. 2006) (Jury instructions need not define common terms that are readily understandable by the jury), citing *United States v. Dixon,* 201 F.3d 1223, 1231 (9th Cir.2000); *United States v. Tirado*, 290 F. App'x 28, 31–32 (9th Cir. 2008) (unnecessary to define a term that has "no greater import than its ordinary meaning").

Meanwhile, based on Plaintiff's deposition testimony, he is expected to testify at trial that he experienced emotional distress in forms very similar to these very same examples. "[J]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." *Hunter v. Cnty. of Sacramento,* 652 F.3d 1225, 1232 (9th Cir.2011); *Moore v. Richmond Police Dep't*, 497 F. App'x 702, 705 (9th Cir. 2012). Here, highlighting as jury instructions certain examples of emotional distress is likely to mislead the jury into giving those examples particular import, whereas no such importance is appropriate or required under the applicable law.

1

**Disputed Instruction No. 40 re: Emotional Distress Damages Offered by Panchenko**

2

Emotional distress damages are also recoverable even if Panchenko has no out-of-pocket

3

losses or credit denials.

4

**Authority for Instruction**

5

*Kim v. BMW Fin. Servs. NA, LLC*, 142 F. Supp. 3d 935, 944 (C.D. Cal. 2015) citing to *Roybal v.*

6

*Equifax*, 2008 WL 4532447, at *4-5 (E.D. Cal. 2009); *Thomas v. Trans Union, LLC*, 197 F. Supp.

7

2d 1233, 1236 (D. Or. 2002); *Fischl v. Gen. Motors Acceptance Corp.*, 708 F.2d 143, 151 (5th Cir.

8

1983); and, *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 41 re: Emotional Distress Damages Offered by Comenity**

Emotional distress damages may be recoverable even if Panchenko has no out-of-pocket losses or credit denials. However, recovery for emotional distress may be awarded only if the existence of emotional distress is sufficiently detailed and appropriately linked to Comenity's alleged violation.

**Authority for Instruction**

*Moran v. Screening Pros, LLC*, No. 212CV05808SVWAGR, 2020 WL 4724307, at *10 (C.D. Cal. July 30, 2020), *aff'd*, 25 F.4th 722 (9th Cir. 2022) ("To survive summary judgment on an emotional distress claim under the FCRA, Plaintiff must submit evidence that reasonably and sufficiently explains the circumstances of his injury and does not resort to mere conclusory statements."), quoting *Taylor v. First Advantage Background Servs. Corp*, 207 F. Supp. 3d 1095, 1105 (N.D. Cal. 2016); *Phillips v. Archstone Simi Valley LLC*, No. CV155559DMGPLAX, 2017 WL 11683680, at *14 (C.D. Cal. Jan. 13, 2017) ("The plaintiff must, however, proffer evidence linking the emotional distress to the alleged FCRA violations."), citing *Grigoryan v. Experian Info. Sols., Inc.,* 84 F. Supp. 3d 1044, 1088 (C.D. Cal. 2014); *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1078 (E.D. Cal. 2007) (citing *Wantz v. Experian Info. Sols.*, 386 F.3d 829, 834 (7th Cir. 2004); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001) ) ("[A] plaintiff must demonstrate more than transitory symptoms of emotional distress and unsupported self-serving testimony by a plaintiff is not sufficient.").

1

### Disputed Instruction No. 42 re: Proximate Cause Offered by Panchenko

2

3     In order to recover damages, Panchenko need only show that Comenity's failure to comply

4     with the Fair Credit Reporting Act was a substantial factor in causing Panchenko's damages.

5     Panchenko need not prove that Comenity's failure to comply was the sole cause of Panchenko's

6     damages.

### Authority for Instruction

7     *See Philbin v. Trans Union Corp.*, 101 F.3d 957, 968 (3d Cir. 1996); *Guimond v. Trans

8     Union Credit Info. Co.*, 45 F3d 1329, 1333 (9th Cir. 1995); *Thompson v. San Antonio Retail

9     Merchants Ass'n*, 682 F2d 509, 513 (5th Cir. 1982); *Dalton v. Capital Associated Indus.*, 257 F.3d

10     409, 418 (4th Cir. 2001).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 42 re: Proximate Cause Offered by Comenity**

The term "proximate cause" means there must be a connection between Comenity's conduct that Panchenko claims violated the Fair Credit Reporting Act and the injury complained of by Plaintiff. The act Panchenko claims to have produced the injury must have been a natural and probable result of Comenity's conduct.

**Authority for Instruction**

3A Fed. Jury Prac. & Instr. § 153:50 (6th ed.); *Suluki v. Credit One Bank, NA,* 138 F.4th 709, 724–25 (2d Cir. 2025) (citing *Johnson v. MBNA Am. Bank, NA,* 357 F.3d 426, 433 (4th Cir. 2004) ("[T]he extensive instructions by the district court made clear that [the consumer's] claim was based on [the creditor's] duty to investigate consumer disputes, not its duty to provide accurate information[,] ... [and the court correctly] instructed the jury that the damages recoverable ... may not include any damages that were caused by the inaccuracy of the information itself.")); *Gross v. CitiMortgage, Inc.,* 33 F.4th 1246, 1253 (9th Cir. 2022) ("CitiMortgage argues that even if liability were established, the district court should be affirmed on the alternate ground that there are no damages. That reasoning is based on CitiMortgage's claim that Gross's financial issues were caused by entries made by others on his credit report, and not by CitiMortgage. This causation issue is quintessentially one for the jury and not for us to decide on appeal") (citing *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 770 (9th Cir. 1981) ("Causation is generally a question of fact for the jury ..."); *Grigoryan v. Experian Info. Sols., Inc.,* 84 F. Supp. 3d 1044, 1077 (C.D. Cal. 2014), citing *Wagner v. BellSouth Telecom., Inc.,* 520 Fed.Appx. 295, 298 (5th Cir.2013) (Unpub. Disp.) (plaintiff "failed to establish actual damages that were proximately caused by Equifax"). *Twumasi-Ankrah v. Checkr, Inc.,* 954 F.3d 938, 941 (6th Cir. 2020) (An element of an FCRA claim is that "the defendant's conduct was the proximate cause of the plaintiff's injury."), citing *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 43 re: Mitigation of Damages**

Panchenko has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.3; *Riley v. Equifax Info. Servs., LLC*, 2021 U.S. Dist. LEXIS 15945, *21-22 (M.D. Fla. Aug. 24, 2021) (rejecting argument that CRA cannot raise a failure to mitigate defense); *Graham v. CSC Credit Servs.*, 306 F. Supp. 2d 873, 880 (D. Minn. 2004) (assuming that duty to mitigate exists in FCRA case).

**Disputed Instruction No. 44 re: Punitive Damages Offered by Panchenko**

If you find for the plaintiff, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.5 (v. March 2025); Whether punitive damages need to be proved by a preponderance of the evidence or clear and convincing

evidence also depends on the standards applicable to the underlying claim for relief.  For example, several states in the Ninth Circuit require proof by clear and convincing evidence before punitive damages are awarded on a state law claim. *See, e.g., White v. Ford Motor Co*., 312 F.3d 998, 1011 (9th Cir. 2002) (applying Nevada's clear and convincing standard).  On the other hand, a preponderance of the evidence standard has been upheld for punitive damages in certain federal claims.  *See, e.g., In re Exxon Valdez,* 270 F.3d 1215, 1232 (9th Cir. 2001) (holding that preponderance standard applied to punitive damages claim in maritime case, citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 n.11 (1991)). *See elaso Smith v. City of Oakland*, 538 F.Supp.2d 1217, 1246 (N.D. Cal. 2008) ("Plaintiffs did not have to prove by clear and convincing evidence as, Defendants contend, that they were entitled to punitive damages for the federal claims. All they needed to show under federal law was a preponderance of the evidence").

**Disputed Instruction No. 44 re: Punitive Damages Offered by Comenity**

If you find for the plaintiff, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.5 (v. March 2025); *Diaz v. Allstate Northbrook Indemnity Company*, 687 F.Supp.3d 1022 (S.D. Cal. 2023) ("Before a

1   plaintiff may recover under a claim for punitive damages, he or she must first establish by clear

2   and convincing evidence that the defendant acted with malice, oppression or fraud."), citing

3   *Adams v. Allstate Ins. Co*., 187 F. Supp. 2d 1207, 1218 (C.D. Cal. 2002); *Lunsford v. American*

4   *Guarantee & Liability Ins. Co*., 18 F.3d 653, 656 (9th Cir. 1994)).

**Stipulated Instruction No. 45 re: "Consumer Report"**

The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—

    (A)    credit or insurance to be used primarily for personal, family, or household purposes;

    (B)    employment purposes; or

    (C)    any other purpose authorized under section 1681b of this title.

A consumer disclosure is not a consumer report.  A consumer report is a report prepared for third parties while a consumer disclosure is the consumer reporting agency's file it reveals to the consumer, not a third party.

**Authority for Instruction**

15 U.S.C. § 1681a(d); *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1101 (9th Cir. 2022); *King v. Equifax Info. Servs.*, No. C 22-07484 WHA, 2023 U.S. Dist. LEXIS 68052, *7-9 (N.D. Cal. Apr. 18, 2023) (Supreme Court has recently explained the difference "between (i) credit files that consumer reporting agencies maintain internally and (ii) the consumer credit reports that consumer reporting agencies disseminate to third-party creditors."); *Steimetz v. American Honda Finance*, 447 F. Supp. 3d 994, 1008 (D. Nev. 2020); *Letren v. Trans Union, LLC*, 2017 U.S. Dist. LEXIS 14628, *2 n.2 (D. Md. Feb. 2, 2017).

1

**Stipulated Instruction No. 46 re: Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.1 (v. March 2025).

**Stipulated Instruction No. 47 re: Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

### Authority for Instruction

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.2 (v. March 2025).

**Stipulated Instruction No. 48 re: Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.3 (v. March 2025).

**Stipulated Instruction No. 49 re: Readback or Playback**

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a readback of the testimony of [witness's name] it is being provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony. Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible. Because of the length of the testimony of this witness, excerpts will be read. The readback could contain errors. The readback cannot reflect matters of demeanor , tone of voice, and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation, but must be considered in the context of all the evidence presented.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.4 (v. March 2025).

**Stipulated Instruction No. 50 re: Return of Verdict**

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.5 (v. March 2025).

**Stipulated Instruction No. 51 re: Additional Instructions of Law**

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.6 (v. March 2025).

**Stipulated Instruction No. 52 re: Deadlocked Jury**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.7 (v. March 2025).

**Stipulated Instruction No. 53 re: Continuing Deliberations After Juror is Discharged**

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.8 (v. March 2025).

**Stipulated Instruction No. 54 re: Post-Discharge Instruction**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence.  Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.]

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.9 (v. March 2025).


DATED:  October 1, 2025             Respectfully submitted,

                                      WOMBLE BOND DICKINSON (US) LLP
                                      TOMIO B. NARITA
                                      NATHAN A. SEARLES
                                      ALISA GIVENTAL
                                      KRISTINA B. HOVSEPYAN

                                      By:   */s/ Kristina B. Hovsepyan*
                                            Kristina B. Hovsepyan
                                            Attorneys for Defendant
                                            Comenity Capital Bank


                                      LOKER LAW, APC

                                      By:   */s/ Matthew M. Loker*
                                            Matthew M. Loker
                                            Attorney for Plaintiff

1

## SIGNATURE CERTIFICATION

2       Pursuant to Section 2(f)(44) of the Electronic Case Filing Administrative Policies and

3   Procedures Manual, I hereby certify that the content of this document is acceptable to all defense

4   counsel, and that I have obtained their authorization to affix electronic signatures to this

5   document.

6

7

8   DATED:  October 1, 2025                    Respectfully submitted,

9                                              WOMBLE BOND DICKINSON (US) LLP
                                               TOMIO B. NARITA
10                                             NATHAN A. SEARLES
                                               ALISA GIVENTAL
11                                             KRISTINA B. HOVSEPYAN

12                                             By:   */s/ Kristina B. Hovsepyan*
13                                                   Kristina B. Hovsepyan
                                                     Attorneys for Defendant
14                                                   Comenity Capital Bank

15

16

17

18

19

20

21

22

23

24

25

26

27

28