UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>v.<br><br>COMENITY CAPITAL BANK, et al.,<br><br>Defendant. | Case No. 23-cv-04965-EKL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 155, 158, 159, 160, 161, 162 |

Plaintiff Oleksandr Panchenko claims that Defendant Comenity Capital Bank violated the Fair Credit Reporting Act ("FCRA") by failing to reasonably investigate inaccurate information that Comenity furnished to the credit reporting agencies. Before the Court are six motions *in limine* to exclude evidence from the upcoming jury trial in this case. The Court provided the parties with a tentative ruling, then heard argument at the October 8, 2025 pretrial conference. For the following reasons, the motions are GRANTED in part and DENIED in part.

I.   **LEGAL STANDARD**

Motions *in limine* are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). They are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). In many instances, rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016). If a district court does rule *in limine*, the court may "change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *City of Pomona*, 866 F.3d at 1070; *see also Ohler v. United States*, 529

1  U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may
2  always change his mind during the course of a trial.").

3  A court may exclude evidence before trial consistent with the Federal Rules of Evidence.
4  Evidence is relevant if: (1) "it has any tendency to make a fact more or less probable than it would
5  be without the evidence"; and (2) "the fact is of consequence in determining the action." Fed. R.
6  Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Additionally, Rule 403
7  provides that a "court may exclude relevant evidence if its probative value is substantially
8  outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,
9  misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."
10 Fed. R. Evid. 403.

## II.    DISCUSSION

The Court first addresses Plaintiff's motion, then turns to Comenity's five motions *in limine*.

### A.    Plaintiff's MIL No. 1

Plaintiff has settled his claims with all the original Defendants in this action other than Comenity. *See* Order Denying Mot. to Extend Discovery at 4, ECF No. 126. Anticipating that Comenity will seek to introduce evidence of these settlements, Plaintiff moves to "exclude reference to or evidence of [his] confidential settlements with each Defendant [Plaintiff] previously resolved his claims with." ECF No. 155 at 1. Plaintiff argues that the settlement evidence is irrelevant because Comenity is not entitled to offset a jury verdict based on settlements reached with the other Defendants. *Id*. Plaintiff also argues that the settlement evidence should be excluded under Rule 403 because "the amount of these confidential settlements does not necessarily represent the amount of damages the Dismissed Defendants may have caused," and the jury may be confused and incorrectly conclude that these payments "cover damages caused by Comenity." *Id*. at 4.

Comenity responds that the settlement evidence is relevant because the "one satisfaction" rule applies in FCRA cases. ECF No. 174 at 1. "The one satisfaction rule reflects the equitable principle that a plaintiff who has received full satisfaction of its claims from one tortfeasor

generally cannot sue to recover additional damages corresponding to the same injury from the remaining tortfeasors." *Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 760 (9th Cir. 2015). "[T]he animating purpose of the one satisfaction rule is to prevent double recovery and unjust enrichment." *Id*. at 761. Here, Comenity contends that Plaintiff "suffered the *same* injuries as a result of the conduct of Comenity and all the former defendants," thus, "[i]f any recovery is awarded by the jury against Comenity without consideration of the settlement payments, that recovery would almost certainly be a windfall for Plaintiff." ECF No. 174 at 1.

The Court concludes that it would be premature to decide, at this stage, whether the one satisfaction rule applies to this case. Based on the authority cited by the parties, it appears that no Court of Appeals has squarely addressed whether the rule applies in FCRA cases. Additionally, for the rule to apply, the plaintiff must seek recovery for a single, indivisible harm "that has already been redressed by other parties." *Sloane v Equifax Info. Servs.*, 510 F.3d 495, 500-01 (4th Cir. 2007). But the nature and extent of Plaintiff's harm, and the cause(s) of such harm, have not yet been established.[1]

The Court also concludes that the applicability of the one satisfaction rule, and the offset of any damages award against Comenity, is an issue for the Court to decide on a post-trial motion – it is not a matter for the jury. This is consistent with the approach taken by many other courts that have addressed the issue. *See, e.g., Rodriguez v. Adir Int'l, LLC,* No. 5:23-cv-02423-AH-(JCx), 2025 WL 2005454, at *1 (C.D. Cal. Mar. 19, 2025); *Hoerchler v. Equifax Info. Servs., LLC*, 568 F. Supp. 3d 931, 936-37 (N.D. Ill. 2021); *Zook v. Equifax Info. Servs., LLC*, No. 17-cv-2003-YY, 2018 WL 10604347, at *3 (D. Or. July 2, 2018).[2] This approach also avoids the potential for unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403; *see also*

---

[1] Discovery has not conclusively established that Plaintiff seeks recovery for a single, indivisible harm. In arguing to the contrary, Comenity cites ambiguous testimony and allegations. *See* ECF No. 175 at 3-4. For example, when asked "So you believe all the companies are responsible for your damages?", Plaintiff responded "Yes." *Id*. at 4. This testimony does not establish, as a matter of law, that Plaintiff suffered a single, indivisible harm.

[2] At the pretrial conference, Comenity did not identify any case in which settlement evidence was presented to the jury for purposes of determining a damages offset. The only Ninth Circuit authority that Comenity cited in its brief involved a *post-trial* offset of damages. *See Seymour v. Summa Vista Cinema*, 809 F.2d 1385, 1389 (9th Cir. 1987).

*Rodriguez*, 2025 WL 2005454, at *1-2 (holding that "the risk of confusion to the jury based on information about Experian's settlement as a potential measure of damages outweighs any possible relevance, given that the issue of offset can be addressed post-trial").

At the pretrial conference, Comenity argued that the jury should hear evidence that Plaintiff's alleged harms may be attributable to the conduct of others, including the settling Defendants. But this conflates the issue of causation with the issue of offset. The settlement agreements are inadmissible for purposes of showing that the settling Defendants *caused* Plaintiff's harms. *See* Fed. R. Evid. 408 (instructing that compromise offers are "not admissible" to prove the validity of a claim); *see also Smith-Jeter v. Artspace Everett Condo. Ass'n*, 689 F. App'x 862, 863 (9th Cir. 2017). To address causation, Comenity may present evidence that, for example, Plaintiff's credit reports contained other adverse records furnished by others. By contrast, the issue of offset will be addressed post-trial, to the extent necessary.

Accordingly, this motion is GRANTED. At trial, Comenity may not reference or introduce evidence of confidential settlements that Plaintiff reached with the other Defendants in this action and the related action against Experian. However, Comenity may renew its argument as to the one satisfaction rule in a post-trial motion to reduce the jury's damages award, if any.

### B.    Defendant's MIL No. 1

Comenity moves to preclude Plaintiff's rebuttal expert, Douglas A. Hollon, from offering three opinions at trial.[3] First, Comenity seeks to exclude Hollon from testifying about how Comenity handled any "direct dispute" that Plaintiff made to Comenity – as opposed to the indirect disputes he made to the credit reporting agencies – because it is outside the scope of proper rebuttal. ECF No. 162 at 2. Second, Comenity seeks to exclude Hollon's testimony regarding damages – including the time Plaintiff spent disputing the Comenity account, and whether Plaintiff was denied credit because of the Comenity account. *Id*. at 3-5. Finally, Comenity seeks to preclude Hollon from testifying that Comenity should have contacted Plaintiff as part of its investigation into Plaintiff's indirect disputes. *Id*. at 4.

---

[3] The Court has already excluded some of Hollon's proposed testimony. Order Granting in Part Mot. to Exclude, ECF No. 147 ("*Daubert* Order"). This order continues to apply at trial.

4

In response, Plaintiff stipulates that "Hollon will not opine as to Comenity's handling of [Plaintiff's] direct dispute nor will Hollon attempt to quantify damages." ECF No. 169 at 1. At the pretrial conference, Plaintiff further stipulated that Hollon will not testify that Plaintiff's application for an Apple credit card was denied because of Comenity's conduct. The Court finds that Plaintiff's stipulations fully resolve the first two points raised in Comenity's motion. As to the third point, the Court has already rejected Comenity's request to preclude Hollon from testifying that Comenity should have contacted Panchenko as part of its investigation. ECF No. 136 at 3, 10. The Court found that Hollon is qualified to opine on the requirements of an adequate investigation based on his experience in the industry. *Daubert* Order at 5. The Court further held that "Comenity's arguments are more appropriately the basis of cross-examination at trial. A jury can decide how much weight to give Hollon's testimony in light of the information he examined or failed to examine in reaching his opinions." *Id*. at 7. Comenity offers no reason or the Court to revisit these holdings.

Accordingly, the motion is DENIED as moot with respect to points one and two. The motion DENIED as to point three for the reasons stated in the *Daubert* Order.

### C.     Defendant's MIL No. 2

Comenity seeks to preclude Plaintiff from offering into evidence, or testifying at trial regarding, several categories of documents: (1) a police report; (2) a Federal Trade Commission ("FTC") identity theft report; and (3) Plaintiff's "travel related documents including passport stamps and Visas that Plaintiff attached to his dispute(s)." ECF No. 161 at 1. Comenity argues that these documents are irrelevant and more prejudicial than probative. *Id*.[4]

First, Comenity argues that the police report was heavily redacted, which rendered it "useless for purposes of furnishers and consumer reporting agencies investigating Plaintiff's claim of identity theft." *Id*. at 2. This argument is unpersuasive. Comenity can argue to the jury that the police report was not useful to its investigation because important information was redacted.

---

[4] Comenity's motion, which seeks exclusion of different categories of documents for different reasons, violates the Court's instruction that each motion *in limine* "may address only one issue." Pretrial Order at 4, ECF No. 153.

Comenity also argues that the police report contains a hearsay conclusion by a police officer that Plaintiff was a victim of identity theft. *Id*. at 3. Thus, if the report is admitted, Comenity requests a limiting instruction that the report "is *not* evidence that Plaintiff is, in fact, a victim of identity theft." *Id*. However, the police officer's conclusion that Plaintiff is a victim of identity theft, as reflected in the report, is admissible under the public records hearsay exception. Fed. R. Evid. 803(8); *see also Colvin v. United States*, 479 F.2d 998, 1003 (9th Cir. 1973) ("Entries in a police report based on an officer's observation and knowledge may be admitted[.]"). The statement at issue reflects the officer's own conclusion based on his observations and investigation. *See* ECF No. 161-1 at EXP_PANCHENKO_0474 ("Based on the information I obtained during my investigation, I determined that the suspect committed a violation of California Penal Code 530.5 – Identity Theft."). Furthermore, the fact that the officer concluded that Plaintiff was a victim of identity theft, and that Plaintiff provided this evidence to Comenity, is relevant to the reasonableness of Comenity's investigation. Of course, Comenity may attack the weight and credibility of the officer's conclusion – for example, by arguing the officer primarily relied on Plaintiff's own self-reporting of identity theft. In that regard, the Court finds that a limiting instruction is appropriate to prevent the jury from incorrectly concluding that Plaintiff's statements in the police report are admissible for the truth of the matter asserted, *i.e.,* that Plaintiff was in fact the victim of identity theft.[5]

Second, Comenity argues that the FTC report may mislead or confuse the jury because it "does not prove Plaintiff was a victim of identity theft," but "simply contains a summary of Plaintiff's unproven allegations." ECF No. 161 at 3-4. In the alternative, Comenity requests a limiting instruction that "an FTC report is simply a summary of allegations, the contents of an FTC report were not investigated or approved by any federal agency, and the allegations are not necessarily true just because they appear on a form that is provided by the federal government." *Id*. at 4. Plaintiff responds that the FTC report is relevant because Plaintiff swore under penalty of perjury to the statements made in his report, and the report bolsters his claim that he was a victim

---

[5] The Court finds that exclusion under Federal Rule of Evidence 403 is not warranted, and that the prejudicial impact, if any, can be mitigated by a limiting instruction.

6

of identity theft. ECF No. 170 at 5-6. Plaintiff cannot use his own hearsay statements to bolster the claim that he was the victim of identity theft. The Court concludes that the FTC report is relevant because it is part of the overall record of information that was available to Comenity, which bears on whether Comenity's investigation was reasonable. However, the Court finds that a limiting instruction is appropriate to prevent the jury from incorrectly concluding that the FTC report reflects the conclusions of the FTC.

Finally, Comenity argues that Plaintiff's passport and visas could mislead the jury. Comenity notes that these travel documents *post-date* the period during which the disputed account was open from December 2015 to January 2018. ECF No. 161 at 3-4. Therefore, these documents do not establish that Plaintiff was outside of the United States during the relevant period, and they do not support Plaintiff's position that someone else must have opened the account. *Id*. This argument is not persuasive. The travel documents are relevant because they are part of the overall record of what Plaintiff provided to Comenity and the credit reporting agencies. Excluding these documents would present the jury with an inaccurate and incomplete view of the efforts Plaintiff made to dispute the Comenity account, and the information that Comenity could have considered when investigating Plaintiff's dispute. Comenity's argument about the significance of these documents goes to their weight, not admissibility.

Accordingly, this motion is DENIED. However, the Court will give the following limiting instructions, as discussed at the pretrial conference and reflecting the parties' input:

> The testimony [you are about to hear/you have just heard] regarding the police report dated June 13, 2023 or the copy of the police report [you have just seen/you are about to see], represents the findings of the police officer making the report, based upon information gathered by him during his investigation. You may consider the police report for the limited purpose of understanding Plaintiff's allegations, as well as for the purpose of what Comenity had in its possession.

> The testimony [you are about to hear/you have just heard] regarding the Federal Trade Commission identity theft report(s) that Plaintiff submitted to the FTC and any copies of such FTC reports [you are about to see/you have just seen], is/are to be considered for the limited purpose of understanding Plaintiff's allegations. This report reflects information submitted to the FTC by Plaintiff. The report may be considered solely as a summary of the allegations made by Plaintiff, and does not reflect the independent findings of the FTC itself.

**D.      Defendant's MIL No. 3**

Comenity moves to preclude "lay witness testimony speculating about . . . [Plaintiff's] credit-related damages."  ECF No. 159 at 1.  Comenity anticipates that Plaintiff will proffer testimony that the following harms are attributable to Comenity's alleged FCRA violations: (1) increased rent deposit for an apartment; (2) denial by Goldman Sachs of an Apple credit card; and (3) denial by Stanford Federal Credit Union ("SFCU") of a credit account.  *Id*. at 2.  Comenity argues that the increased rent deposit occurred before Plaintiff disputed the Comenity account, and therefore, it is not actionable.  *Id*. at 3.  Comenity argues that Plaintiff and his witnesses lack personal knowledge as to the causes of the credit denials.  Comenity further argues that both Goldman Sachs and SFCU cited multiple reasons for denying Plaintiff's credit applications.  *Id*. at 4.

Plaintiff responds that he "does not intend to hold Comenity liable for the pre-dispute rental deposit."  ECF No. 171 at 2.  Accordingly, Comenity's motion is moot on this point.  As to the credit denials, Plaintiff argues that he "is entitled to present evidence regarding the Goldman Sachs and [SFCU] denials so that the jury may determine their value."  *Id*. at 2.  Plaintiff states that his "testimony will be straightforward:  he will recount what happened to him," and the jury will decide whether Comenity is responsible for any resulting damages.  *Id*.  The Court agrees that Plaintiff is competent to testify, based on his personal knowledge, that he was denied credit by Goldman Sachs and SFCU.  This proposed testimony does not venture into expert testimony on causation.  Comenity's argument that there were other causes of the credit denials is a question for the jury to decide, as the Court previously held.  Order on Mot. for Summ. J. at 13, ECF No. 148 ("MSJ Order").

Accordingly, this motion is DENIED.

**E.      Defendant's MIL No. 4**

Comenity seeks an order excluding evidence of Plaintiff's "direct disputes" with Comenity because such evidence is irrelevant and potentially misleading.  ECF No. 160 at 1.  Comenity argues that this evidence may confuse the issues because Plaintiff does not and cannot bring a FCRA claim based on the direct dispute.  *Id*. (first citing *Nelson v. Chase Manhattan Mortgage*

8

*Co*., 282 F.3d 1057, 1060 (9th Cir. 2002); and then citing *Khankin v. JLR San Jose, LLC*, No. 23-cv-06145-JSC, 2024 WL 2274445, at *1 (N.D. Cal. May 17, 2024)).

In response, Plaintiff "agrees to not present evidence of his direct disputes as a violation of" FCRA. ECF No. 172 at 1. However, Plaintiff argues that he should be permitted to present evidence of his direct disputes for other reasons. For example, if Plaintiff provided Comenity with information as part of a direct dispute and Comenity failed to review that information when investigating his *indirect* disputes, such a failure may bear on the reasonableness of Comenity's investigation. *See* MSJ Order at 3. The Court finds this argument persuasive, and Comenity has not cited any authority holding that evidence of a direct dispute is irrelevant to the reasonableness of a furnisher's investigation.

Accordingly, this motion is DENIED. However, the parties shall meet and confer regarding whether a limiting instruction is necessary to prevent confusing the issues.

### F.     Defendant's MIL No. 5

Comenity "seeks an order excluding evidence and testimony at the trial . . . relating to the expense Plaintiff . . . incurred disputing Comenity's credit reporting with the credit reporting agencies." ECF No. 158 at 1. Comenity contends that Plaintiff may not recover for these expenses as a matter of law. *Id*. at 1-2 (collecting cases). Plaintiff filed a notice of non-opposition to this motion. ECF No. 173. Accordingly, this motion is GRANTED as unopposed.

### G.     Motion to Seal

Comenity filed an administrative motion to consider whether certain deposition testimony of an Equifax witness should be sealed. *See* ECF No. 164. Equifax has not filed a statement in support of sealing this testimony, and the deadline for filing such a statement has passed. *See* Civil L.R. 79-5(f)(3). Accordingly, the administrative motion is DENIED. Comenity shall file the materials provisionally sealed at ECF No. 164 on the public docket, without redactions, by **October 17, 2025**.

## III.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's MIL No. 1 is GRANTED, but Comenity may renew its argument as to the one-satisfaction rule post-trial, to the extent relevant based on the jury's verdict.
2. Defendant's MIL No. 1 is DENIED.
3. Defendant's MIL No. 2 is DENIED, but the Court will give the jury limiting instructions as to the police and FTC reports as discussed above.
4. Defendant's MIL No. 3 is DENIED.
5. Defendant's MIL No. 4 is DENIED, but the parties shall meet and confer regarding a potential limiting instruction as to the purposes for which the jury may consider evidence of Plaintiff's direct dispute.  The parties shall file their proposed limiting instruction by **October 17, 2025**.
6. Defendant's MIL No. 5 is GRANTED as unopposed.
7. Defendant's motion to seal is DENIED.

**IT IS SO ORDERED.**

Dated: October 9, 2025

Eumi K. Lee
United States District Judge

10