**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.loker@loker.law
Charles B. Cummins, Esq. (354861)
charles.cummins@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Oleksandr Panchenko

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; CALVARY PORTFOLIO SERVICES LLC; COMENITY CAPITAL BANK; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; U.S. BANK, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC; AND, TRANS UNION, LLC,<br><br>Defendants. | Case No.: 23-cv-4965 EKL<br><br>**PLAINTIFF OLEKSANDR PANCHENKO'S POCKET BRIEF IN SUPPORT OF PANCHENKO'S PROPOSED JURY INSTRUCTION NO. 32**<br><br>HON. EUMI K. LEE |

## I. INTRODUCTION

Defendant COMENITY CAPITAL BANK invites this Court to disregard binding Ninth Circuit precedent in favor of a speculative and self-serving definition of "accuracy" under the Fair Credit Reporting Act. Comenity's proposal rests not on law but on conjecture; its own predictions and hopes of what the Ninth Circuit *might* hold someday, should it ever revisit the issue. The law, however, is not written in hypotheticals. Plaintiff OLEKSANDR PANCHENKO respectfully urges this Court to ground its instruction in what the Ninth Circuit has *actually held*, not in Comenity's aspirational rewriting of established authority; authority which has remained consistent over numerous decades and multiple revisitations. Panchenko contends the jury should be instructed according to binding precedent as it exists today, not according to Comenity's wishful forecast of what the law could become.

## II. LEGAL STANDARD

Jury instructions are a fundamental component of a fair trial, serving to inform the jury of the applicable legal standards and to guide their deliberations. The Ninth Circuit has emphasized that the purpose of jury instructions is to inform the jury of the law and to guide its deliberations so that the verdict is based on a correct understanding of the legal principles governing the case. *See, e.g., United States v. Frega*, 179 F.3d 793 (9th Cir. 1999). Proper instructions ensure that jurors apply the law correctly to the facts, thereby safeguarding the parties' rights to a fair trial. The Ninth Circuit has "stressed that 'jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading.'" *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005) citing *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002).

### III. ARGUMENT

Panchenko contends (A) his proposed jury instruction represents the law in the Ninth Circuit; and, (B) Comenity's proposed jury instruction should be rejected since it deviates from the Ninth Circuit.

#### A. PANCHENKO'S PROPOSED JURY INSTRUCTION REPRESENTS THE LAW IN THE NINTH CIRCUIT.

Panchenko proposed the following jury instruction for accuracy:

> An item on a credit report can be inaccurate 'because it is patently incorrect, or because it is misleading in such a way…that it can be expected to adversely affect credit decisions.'

[Dispute Jury Instruction No. 32 – Meaning of Inaccuracy Proposed by Panchenko]

Panchenko's proposed Jury Instruction is not rooted in aspiration or preference; it is drawn verbatim from binding Ninth Circuit precedent that has governed for nearly two decades. Panchenko does not seek to expand, modify, or reinterpret the law; he merely asks that the jury be instructed in accordance with what the Ninth Circuit has long held.

The Ninth Circuit first adopted this definition of "accuracy" in *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008 (9th Cir. 2009), relying on a consistent line of authority from multiple circuits. There, the Court held that "a credit entry can be 'incomplete or inaccurate' within the meaning of the FCRA because it is patently incorrect, or because it is materially misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id.* at 1023 citing *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415–16 (4th Cir. 2001); *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998).

Since *Gorman*, the Ninth Circuit has repeatedly reaffirmed this definition, each time it has revisited the issue, cementing its status as the controlling standard within this Circuit. The Ninth Circuit has utilized Panchenko's proposed Jury Instruction as follows:

| | |
|---|---|
| 2010 | 2. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890-91 (9th Cir. 2010) |
| 2012 | 3. *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012) |
| 2016 | 4. *Peters v. Discover Bank*, 649 F. App'x 405, 408 (9th Cir. 2016) |
| 2018 | 5. *Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) |
| 2019 | 6. *Jaras v. Equifax Inc.*, 766 F. App'x 492, 496 (9th Cir. 2019) (dissent) <br> 7. *Florence v. Experian Info. Sols., Inc.*, 775 F. App'x 308, 309 (9th Cir. 2019) |
| 2020 | 8. *Steinmetz v. Am. Honda Fin. Corp.*, 835 F. App'x 199, 201 (9th Cir. 2020) |
| 2022 | 9. *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1252 (9th Cir. 2022) |
| 2025 | 10. *Davis v. PNC Bank, N.A.*, No. 24-2564, 2025 U.S. App. LEXIS 9908, at *2 (9th Cir. Apr. 25, 2025) |

Comenity appears to believe that the eleventh time will be the charm. After nearly two decades of consistent rulings, spanning ten prior Ninth Circuit decisions from 2009 through 2025, Comenity now asks this Court to assume the Circuit will abruptly abandon its long-standing definition of "accuracy" under the FCRA. Such wishful thinking cannot justify disregarding binding precedent that has remained steadfast for nearly twenty years.

Indeed, the Ninth Circuit had a clear and timely opportunity to revisit or refine its well-established interpretation of "accuracy" in *Davis*, a decision issued mere months ago and subsequent to every authority cited by Comenity,

including *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 251 (4th Cir. Mar. 14, 2025); *Sessa v. Trans Union, LLC*, 74 F.4th 38, 42 (2d Cir. 2023); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023); and *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1369 (11th Cir. 2024). Yet, the Ninth Circuit deliberately chose to reaffirm its existing framework. Had the Court intended to incorporate an "objective and verifiable" standard into the FCRA's definition of accuracy, *Davis* would have been the appropriate vehicle to do so. It was not; and the Court's silence speaks volumes.

**B. COMENITY'S PROPOSED JURY INSTRUCTION SHOULD BE DISREGARDED BECAUSE IT DOES NOT COMPLY WITH NINTH CIRCUIT AUTHORITY.**

Comenity's proposed "objective and verifiable" language, borrowed from other Circuits, should be rejected. It exceeds the Ninth Circuit's long-established definition of "accuracy" and originates from factually and legally distinct contexts that bear no relevance here.

As explained in Panchenko's Opposition to Comenity's Motion for Summary Judgment (Dkt. No. 139), the Eleventh Circuit's use of that phrase in *Holden v. Holiday Inn Club Vacations Inc.* arose from a complex contract dispute and was expressly limited to situations where a legal issue is "sufficiently settled so that the import on a particular debt is readily and objectively verifiable." *Id.* citing *Mader*, 56 F.4th at 271; *Gorman*, 584 F.3d at 1156; *Gross*, 33 F.4th at 1253. Similarly, *Roberts v. Carter-Young, Inc.* applied the phrase only in a unique retaliatory landlord-tenant context, not in the credit reporting of identity theft victims. *Roberts*, 131 F.4th at 251–52 (citing *Sessa*, 74 F.4th at 42). Both of these decisions noted the complexity of the factual circumstances before the Circuit court and that their decisions did not reach settled questions of law.

Here, the law is clear and settled: reporting a fraudulent debt on the credit file of an identity theft victim is inaccurate under the FCRA. *See Drew*, 690 F.3d at 1100; *Miller v. Trans Union, LLC*, 637 F. Supp. 3d 853, 854 (C.D. Cal. 2022); *Romero v. Monterey Fin. Servs., LLC*, 2021 U.S. Dist. LEXIS 15934, at *27–28 (S.D. Cal. Jan. 27, 2021)*; *Wood v. Credit One Bank, N.A.*, 277 F. Supp. 3d 821, 850–51 (E.D. Va. 2017); *Asad*, *Shoraka*, *Boullosa*, and *Westbrook*. Because Ninth Circuit precedent remains binding and unambiguous, Comenity's attempt to import extra-circuit language serves only to distort the law and should be firmly rejected.

## IV. <u>CONCLUSION</u>

The Ninth Circuit has consistently and unequivocally defined "accuracy" under the FCRA, applying the same standard across nearly two decades of precedent. Comenity's reliance on decisions from other circuits, each arising from factually distinct circumstances, does nothing but risk misleading the jury as to what the law is within this Circuit. This Court should decline Comenity's invitation to substitute speculation for settled law.

Panchenko respectfully requests this Court adopt his proposed jury instruction, which quotes directly from binding Ninth Circuit authority and mirrors the same definition approved in *Drew*, another identity theft case applying the FCRA.

Date: October 14, 2025

**LOKER LAW, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A copy of the foregoing *Panchenko's Pocket Brief in Support of Panchenko's Proposed Jury Instruction No. 32* has been filed via CM/ECF on October 14, 2025.

   /s/ Matthew M. Loker
MATTHEW M LOKER, ESQ