MATTHEW M. LOKER, ESQ. (279939)
**LOKER LAW, APC**
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420
TELEPHONE: (805) 994-0177

ATTORNEY FOR PLAINTIFF,
OLEKSANDR PANCHENKO

TOMIO B. NARITA (SBN 156576)
NATHAN A. SEARLES (SBN 234315)
ALISA GIVENTAL (SBN 273551)
KRISTINA B. HOVSEPYAN (SBN 340674)
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:  (415) 433-5530

Attorneys for Defendant
Comenity Capital Bank

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., et al.<br><br>Defendants. | CASE NO.: 5:23-cv-04965-EKL<br><br>**PARTIES' REPORT ON MEET AND CONFER EFFORTS; REVISED PROPOSALS FOR DISPUTED JURY INSTRUCTION NO. 37; WITHDRAWAL AND OBJECTION TO DISPUTED INSTRUCTION NO. 44 BY COMENITY** |

Pursuant to the Court's Minute Order re: second pretrial conference, held on October 21, 2025, the Parties met and conferred about disputed instructions Nos. 37 and 42. [Dkt. No. 194, § 5]. The Parties hereby submit a summary of the agreements they reached and issues they have not resolved, as well as revised

PARTIES' REPORT ON MEET AND CONFER EFFORTS; REVISED PROPOSALS FOR DISPUTED JURY INSTRUCTION NO. 37; WITHDRAWAL AND OBJECTION TO DISPUTED INSTRUCTION NO. 44 BY COMENITY
WBD (US) 4900-1049-1765

proposals and/or positions on Instructions No. 37 and 44.

The Parties agree that disputed instruction no. 42 (re: Proximate Cause) need not be given so both Parties hereby withdraw their versions of that instruction.

The Parties also agreed on all but the last sentence of a proposed revision to Instruction No. 37. After some additional analysis, Comenity concluded that under the FCRA, it is the judge, not the jury, that decides the availability and amount, if any, of punitive damages, in the event the jury makes a finding that a violation was willful. *See* 15 U.S.C. §1681n(a)(2) (permitting an award of "such amount of punitive damages as the court may allow"). Panchenko disputes the timing of Comenity's position as well as the merits.  Thus, the Parties submit herewith two versions of a Revised Disputed Instruction No. 37 and authorities for same, that differ solely as to the last sentence, underlined in Plaintiff's version, and crossed out in Comenity's.

Based on its conclusion that under the FCRA, it is the judge, not the jury, that decides the availability and amount, if any, of punitive damages, Comenity hereby withdraws Disputed Instruction No. 44 re: Punitive Damages Offered by Comenity, and instead submits its objection to an instruction on punitive damages being given to the jury. Because Comenity has withdrawn the instruction on punitive damages, the Parties agree that further briefing on the standard of proof for punitive damages (preponderance of the evidence versus clear and convincing evidence) is not necessary for purposes of finalizing the jury instructions.

Enclosed hereinbelow are the two versions of Revised Disputed Instruction No. 37 re: "Recovery for Violation," offered by Plaintiff and Comenity, Disputed Instruction No. 44 re: Punitive Damages offered by Plaintiff, and Comenity's Objection to Disputed Instruction No. 44 re: Punitive Damages offered by Plaintiff.

DATED:  October 27, 2025             Respectfully submitted,

By: _/s/ Matthew M. Loker_
Matthew M. Loker
Attorney for Plaintiff

By: _/s/ Tomio B. Narita_
Tomio B. Narita
Attorneys for Defendant
Comenity Capital Bank

**PARTIES' REPORT ON MEET AND CONFER EFFORTS; REVISED PROPOSALS FOR DISPUTED JURY INSTRUCTION NO. 37; WITHDRAWAL AND OBJECTION TO DISPUTED INSTRUCTION NO. 44 BY COMENITY**
WBD (US) 4900-1049-1765

**Disputed Instruction No. 37 re: "Recovery for Violation" Offered by Panchenko**

If you find that Panchenko has proven by a preponderance of the evidence that Comenity negligently failed to conduct a reasonable investigation of a dispute it received about Panchenko from a consumer reporting agency, Comenity is liable to Panchenko in the amount of any actual damages that Panchenko sustained as a result of the failure.

If you find Panchenko has proven by a preponderance of the evidence that Comenity willfully failed to conduct a reasonable investigation of a dispute it received about Panchenko from a consumer reporting agency, Comenity is liable to Panchenko in the amount of any actual damages that Panchenko sustained as a result of the failure or damages of not less than $100 and not more than $1,000. A finding that Comenity's violation was willful also means you may award "punitive damages" pursuant to Jury Instruction No. 44.

**Authority for Instruction**

15 U.S.C. §§ 1681n, 1681o.

In addition, Panchenko objects to Comenity's request to bifurcate punitive damages because (i) it is untimely; and, (ii) lacks merit.

**Untimeliness:** Panchenko objects to Comenity's eleventh-hour request for the Court to decide punitive damages; a proposal raised for the first time on Friday, October 24, 2025. Under § K of the Pretrial Order (Dkt. No. 153), any request for bifurcation of punitive damages was required to be made at that time. The Parties conferred on this very issue and jointly filed their Pretrial Statement on September 24, 2025, expressly addressing bifurcation:

**k. Bifurcation of Separate Trial of Issues**

Bifurcation of Separate Trial of Issues: None.

**PARTIES' REPORT ON MEET AND CONFER EFFORTS; REVISED PROPOSALS FOR DISPUTED JURY INSTRUCTION NO. 37; WITHDRAWAL AND OBJECTION TO DISPUTED INSTRUCTION NO. 44 BY COMENITY** WBD (US) 4900-1049-1765

[Dkt. No. 157, 4:15-16].

Both sides then proceeded in full reliance on that agreement throughout the Pretrial process. They each submitted proposed jury instructions regarding punitive damages, including Disputed Instructions Nos. 37 and 44. [Dkt. No. 176.] They also each requested that the jury determine the amount of punitive damages through their competing verdict forms. [Dkt. Nos. 168, 175.]

Comenity's abrupt reversal of position; made barely one week before trial; defies the orderly pretrial process, prejudices Panchenko, and violates the Court's established directives. The request should therefore be denied as untimely.

**Meritless:** "Congress enacted [the Fair Credit Reporting Act] in 1970 to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 2205-06 (2007) citing 15 U.S.C. § 1681; *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001). In the fifty-five years since the statute's enactment, Comenity cannot identify a single FCRA case in which the Court; not the jury; has determined punitive damages. Nor is Panchenko's counsel aware of any such authority.

To the contrary, Courts have long recognized that the statutory language concerning punitive damages merely codifies the judiciary's post-verdict duty to review excessive awards, not a congressional command to replace a jury's role with a bench determination. *Armeni v. TransUnion LLC*, No. 3:15-CV-00066, 2016 U.S. Dist. LEXIS 166399, at *3 (W.D. Va. Dec. 2, 2016) citing *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 145 (4th Cir. 2008); *Northrop v. Hoffman of Simsbury, Inc.*, 12 F. App'x 44, 50 (2d Cir. 2001); *Collins v. Retail Credit Co.*, 410 F. Supp. 924, 933 (E.D. Mich. 1976).

Consistent with this uniform authority, punitive damages in FCRA matters have always been submitted to the jury; precisely as the Parties contemplated in the Pretrial filings. See, e.g., *Cairns v. GMAC Mortg. Corp.*, No. CIV 04-1840-PHX-SMM, 2007 U.S. Dist. LEXIS 16689, at *27 (D. Ariz. Mar. 5, 2007) (punitive

**PARTIES' REPORT ON MEET AND CONFER EFFORTS; REVISED PROPOSALS FOR DISPUTED JURY INSTRUCTION NO. 37; WITHDRAWAL AND OBJECTION TO DISPUTED INSTRUCTION NO. 44 BY COMENITY** WBD (US) 4900-1049-1765

damages under the FCRA reserved for the jury); *Shoraka v. Bank of Am., N.A.*, No. 8:23-CV-00309-DOC-JDE, 2023 U.S. Dist. LEXIS 224493, at *20 (C.D. Cal. Dec. 13, 2023) citing *Martinez v. Am. Express Nat'l Bank*, No. CV21-18130 DMG (MAAx), 2022 U.S. Dist. LEXIS 199019, at *5 (C.D. Cal. Nov. 1, 2022); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1210 (C.D. Cal. 2007) (same).

Comenity's request therefore stands not only without precedent but in direct conflict with more than half a century of consistent judicial practice under the FCRA.

### Disputed Instruction No. 37 re: "Recovery for Violation" Offered by Comenity

If you find that Panchenko has proven by a preponderance of the evidence that Comenity negligently failed to conduct a reasonable investigation of a dispute it received about Panchenko from a consumer reporting agency, Comenity is liable to Panchenko in the amount of any actual damages that Panchenko sustained as a result of the failure.

If you find Panchenko has proven by a preponderance of the evidence that Comenity willfully failed to conduct a reasonable investigation of a dispute it received about Panchenko from a consumer reporting agency, Comenity is liable to Panchenko in the amount of any actual damages that Panchenko sustained as a result of the failure or damages of not less than $100 and not more than $1,000. ~~A finding that Comenity's violation was willful also means you may award "punitive damages" pursuant to Jury Instruction No. 44.~~

### Authority for Instruction

15 U.S.C. § 1681n(a) "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) (A) any actual damages sustained by the consumer as a result of the failure *or* damages of not less than $100 and not more than $1,000; … (2) such amount of punitive damages *as the court may allow*; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees *as determined by the court*.") (emphasis added); *Meza-Carmona v. Garland*, 113 F.4th 1163, 1167 (9th Cir. 2024) ("Under the presumption of consistent usage, 'a word or phrase is presumed to bear the same meaning throughout a text.'") (quoting *United States v. Paulson*, 68 F.4th 528, 555 (9th Cir. 2023) (quoting Antonin Scalia & Brian A. Garner, Reading Law: The Interpretation of Legal Texts 170 (2012) (citing *IBP, Inc. v. Alvarez*, 546 U.S. 21,

34 (2005)); 15 U.S.C. § 1681o(a) ("Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees *as determined by the court*.") (emphasis added).

Plaintiff's objection to the Court deciding punitive damages as an untimely request for bifurcation should be overruled. Bifurcation is within the discretion of the Court pursuant to Fed. R. Civ. Pro. 42(b). Comenity does not seek to bifurcate the trial into two phases wherein the jury hears evidence on liability and then evidence of damages, or in any other way to bifurcate evidence to be heard by the jury on the basis of convenience, to avoid prejudice, or for purposes of expedience and economy. Comenity seeks to have the Court decide punitive damages because this is what Congress dictated when it permitted recovery of punitive damages for a willful violation. Nor will Plaintiff be prejudiced in any way by this "eleventh hour request" to honor Congressional intent, because it does not require Plaintiff to alter his plans for evidence that must be presented to the jury – the same evidence will be the basis of the jury's decision on willfulness, and the Court's decision on the propriety of awarding punitive damages.

Moreover, contrary to Plaintiff's contention, none of the cases he cites support the proposition that punitive damages are decided by a jury. *See, e.g., Cairns v. GMAC Mortg. Corp.*, No. CIV 04-1840-PHX-SMM, 2007 U.S. Dist. LEXIS 16689, at *27 (D. Ariz. Mar. 5, 2007) (denying summary judgment on the question of willfulness, without argument by defendant that punitive damages are to be decided by the Court; *Shoraka v. Bank of Am., N.A.*, No. 8:23-CV-00309-DOC-JDE, 2023 U.S. Dist. LEXIS 224493, at *20 (C.D. Cal. Dec. 13, 2023) (holding that the jury should decide whether defendant acted willfully); *Edwards v.*

*Toys "R" Us*, 527 F. Supp. 2d 1197, 1210 (C.D. Cal. 2007) (same).

While Comenity has found no binding authority addressing the issue, examples of the Court not the jury deciding punitive damages under the Fair Credit Reporting Act most definitely exist. *See e.g. Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 606 (7th Cir. 2018) (reversing punitive damages awarded by the Court); Humphrey v. Navient Sols., Inc., No. 16-CV-370-JDP, 2020 WL 91007, at *2 (W.D. Wis. Jan. 8, 2020) ("Although both sides assumed that willfulness is a question of fact for the jury, in *Van Straaten v. Shell Oil Product Co. LLC*, the court stated that *Safeco* 'treated willfulness as a question of law.' And questions of law are reserved for the court.") (citing *Van Straaten v. Shell Oil Product Co. LLC*, 678 F.3d 486, 491 (7th Cir. 2012) and *Gramercy Mills, Inc. v. Wolens,* 63 F.3d 569, 571 (7th Cir. 1995)).

**PARTIES' REPORT ON MEET AND CONFER EFFORTS; REVISED PROPOSALS FOR DISPUTED JURY INSTRUCTION NO. 37; WITHDRAWAL AND OBJECTION TO DISPUTED INSTRUCTION NO. 44 BY COMENITY** WBD (US) 4900-1049-1765

**Disputed Instruction No. 44 re: Punitive Damages Offered by Panchenko**

If you find for the plaintiff, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish

**PARTIES' REPORT ON MEET AND CONFER EFFORTS; REVISED PROPOSALS FOR DISPUTED JURY INSTRUCTION NO. 37; WITHDRAWAL AND OBJECTION TO DISPUTED INSTRUCTION NO. 44 BY COMENITY** WBD (US) 4900-1049-1765

the defendant for harm to anyone other than the plaintiff in this case.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Authority for Instruction**

Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.5 (v. March 2025); Whether punitive damages need to be proved by a preponderance of the evidence or clear and convincing evidence also depends on the standards applicable to the underlying claim for relief.  For example, several states in the Ninth Circuit require proof by clear and convincing evidence before punitive damages are awarded on a state law claim. *See, e.g., White v. Ford Motor Co.*, 312 F.3d 998, 1011 (9th Cir. 2002) (applying Nevada's clear and convincing standard).  On the other hand, a preponderance of the evidence standard has been upheld for punitive damages in certain federal claims.  *See, e.g., In re Exxon Valdez,* 270 F.3d 1215, 1232 (9th Cir. 2001) (holding that preponderance standard applied to punitive damages claim in maritime case, citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 n.11 (1991)). *See elaso Smith v. City of Oakland*, 538 F.Supp.2d 1217, 1246 (N.D. Cal. 2008) ("Plaintiffs did not have to prove by clear and convincing evidence as, Defendants contend, that they were entitled to punitive damages for the federal claims. All they needed to show under federal law was a preponderance of the evidence").

Despite the opportunity to do so, Comenity has not cited any FCRA matter finding punitive damages require a showing of clear and convincing evidence. Instead, Comenity chooses to rely upon decisions applying this higher standard to state law claims.  Instead, the preponderance of evidence standard has been consistently applied in such matters.  [Exhibit 1, Jury Instructions in *Miller v. Equifax*, No. 11-cv-1231 BR, pages 20-21; Exhibit 2, Jury Instructions in *Ramones v. AR Resources, Inc.*, No. 19-cv-62949 RNS, page 10; Exhibit 3, Jury Instructions in *Kim v. BMW.*, No. 14-cv-1752 BRO (SHx), page 31 (clear and convincing for

CA State law claim); page 35 (preponderance of evidence for FCRA); Exhibit 4, Jury Instructions in *Sponer v. Wells Fargo*, No. 17-cv-2035 HZ, page 25].

## Disputed Instruction No. 44 No. Punitive Damages Offered by Panchenko Should Not Be Given

Comenity objects to Disputed Instruction No. 44 re: Punitive Damages offered by Plaintiff on the ground that the Fair Credit Reporting Act reserves the decision about awarding punitive damages to the judge, not the jury.

Pursuant to 15 U.S.C. § 1681n(a) "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of— (1) [] any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; … (2) such amount of punitive damages as *the court* may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by *the court*." (Emphasis added.)

"Under the presumption of consistent usage, 'a word or phrase is presumed to bear the same meaning throughout a text.' " *Meza-Carmona v. Garland*, 113 F.4th 1163, 1167 (9th Cir. 2024)) (quoting *United States v. Paulson*, 68 F.4th 528, 555 (9th Cir. 2023) (quoting Antonin Scalia & Brian A. Garner, Reading Law: The Interpretation of Legal Texts 170 (2012) (citing *IBP, Inc. v. Alvarez*, 546 U.S. 21, 34 (2005)). There is no dispute that it is the Court that determines the amount, if any, of recoverable attorneys' fees and costs. Then pursuant to the presumption of consistent usage, it is also the Court that determines the amount, if any, of punitive damages under 15 U.S.C. § 1681n(a)(2).

Accordingly, no instruction on punitive damages should be given to the jury.

If the Court overrules this objection and instructs the jury about punitive damages, or if the Court sustains this objection but subsequently determines that punitive damages, determined by the Court, are allowable, Comenity maintains its position that the appropriate standard is clear and convincing evidence.

There is no binding authority indicating that preponderance of the evidence

is appropriate for purposes of considering whether punitive damages under the Fair Credit Reporting Act are allowable. The Ninth Circuit Model Jury Instruction No. 5.5 provides for a choice between clear and convincing and preponderance of the evidence. *See* Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.5 (v. March 2025). The Comment to Instruction No. 5.5 explains that punitive damages are not always available and "[w]hether and under what criterion punitive damages are available depends upon the substantive standards applicable to the underlying claim for relief." *Id*.

With respect to "[w]hether punitive damages need to be proved by a preponderance of the evidence or clear and convincing evidence" the Comment explains that it "also depends on the standards applicable to the underlying claim for relief." *Id*. "For example," the Comment explains, "several states in the Ninth Circuit require proof by clear and convincing evidence before punitive damages are awarded on a state law claim." *Id.* (citing e.g., *White v. Ford Motor Co.*, 312 F.3d 998, 1011 (9th Cir. 2002) (applying Nevada's clear and convincing standard)).  The Comment goes on to say that "a preponderance of the evidence standard has been upheld for punitive damages in certain federal claims." *Id.* The only example the Comment provides is *In re Exxon Valdez*, 270 F.3d 1215, 1232 (9th Cir. 2001), wherein the Court declined to find that the district court abused its discretion by instructing on the preponderance of evidence standard for punitive damages in the maritime context in lieu of the "clear and convincing" standard proposed by the defense.

Notably, as reflected in the Comment to Instruction No. 5.5, *In re Exxon Valdez*, 270 F.3d 1215, 1232 cites to a footnote in the Supreme Court decision in *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 n.11 (1991), confirming there is no denial of due process in applying the preponderance of evidence standard dictated by Alabama state law on an Alabama state law claim. In other words, *In re Exxon Valdez* cites to a Supreme Court case that confirms it is appropriate to apply

---

**PARTIES' REPORT ON MEET AND CONFER EFFORTS; REVISED PROPOSALS FOR DISPUTED JURY INSTRUCTION NO. 37; WITHDRAWAL AND OBJECTION TO DISPUTED INSTRUCTION NO. 44 BY COMENITY** WBD (US) 4900-1049-1765

a State's evidentiary standard to a claim under the law of that state, but no guidance for determining what standard is applicable when the claim is under federal law.

Comenity has found no other Ninth Circuit appellate authority addressing the issue of what standard is applicable to punitive damages to claims brought under federal law, let alone under the FCRA in particular.[1] Thus, to Comenity's knowledge, the preponderance of the evidence standard for punitive damages has been upheld exactly once in a 2001 maritime case.

In the absence of binding or even persuasive authority on the subject, if punitive damages are considered, Comenity urges the Court to apply the clear and convincing standard, as is the custom in California. *See* Cal. Civ. Code § 3294.

---

[1] Outside the Ninth Circuit, the only appellate decision on point, *Younger v. Experian Information Solutions, Inc.*, 817 Fed.Appx. 862, 870 (11th Cir. 2020), applied the clear and convincing evidence standard, but noted that "[b]efore trial the parties agreed that the standard to establish willfulness was clear and convincing evidence and the jury was so instructed. This appeal does not present any issues related to the appropriate burden of proof." *Id.* at fn. 3.

**PARTIES' REPORT ON MEET AND CONFER EFFORTS; REVISED PROPOSALS FOR DISPUTED JURY INSTRUCTION NO. 37; WITHDRAWAL AND OBJECTION TO DISPUTED INSTRUCTION NO. 44 BY COMENITY** WBD (US) 4900-1049-1765

**<u>Signature Certification</u>**

Pursuant to Section 2(f)(44) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to all defense counsel, and that I have obtained their authorization to affix electronic signatures to this document.

DATED:  October 27, 2025

By:   _/s/ Kristina B. Hovsepyan_____
Kristina B. Hovsepyan
Attorneys for Defendant
Comenity Capital Bank

**PARTIES' REPORT ON MEET AND CONFER EFFORTS; REVISED PROPOSALS FOR DISPUTED JURY INSTRUCTION NO. 37; WITHDRAWAL AND OBJECTION TO DISPUTED INSTRUCTION NO. 44 BY COMENITY** WBD (US) 4900-1049-1765