1
2
3
4
5
6

**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.loker@loker.law
Charles B. Cummins, Esq. (354861)
charles.cummins@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

7
8

*Attorneys for Plaintiff,*
Oleksandr Panchenko

9
10

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| **OLEKSANDR PANCHENKO,** | **Case No.:** 23-cv-4965 EKL |
| Plaintiff, | **PLAINTIFF OLEKSANDR PANCHENKO'S TRIAL BRIEF** |
| v. | **HON. EUMI K. LEE** |
| **BANK OF AMERICA, N.A.; CALVARY PORTFOLIO SERVICES LLC; COMENITY CAPITAL BANK; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; U.S. BANK, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES, LLC; AND, TRANS UNION, LLC,** | |
| Defendants. | |

*(Left margin, vertical text):* LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Plaintiff OLEKSANDR PANCHENKO submits the following Trial Brief regarding his claim against Defendant COMENITY CAPITAL BANK pursuant to 15 U.S.C. § 1681s-2(b). Panchenko will present evidence at trial regarding the following prima facie claims:

1. Comenity is a furnisher of information;

2. Panchenko notified a Credit Reporting Agency that Comenity's reporting is inaccurate;

3. A Credit Reporting Agency notified Comenity of the inaccurate information;

4. Comenity's reporting was in fact inaccurate; and,

5. Comenity failed to conduct a reasonable investigation.

*See Panchenko v. Comenity Capital Bank*, No. 23-cv-04965-EKL, 2025 U.S. Dist. LEXIS 157032, at *11-12 (N.D. Cal. Aug. 13, 2025)

Due to its violation, Panchenko will seek actual damages and punitive damages from Comenity.

## STATEMENT OF FACTS

Panchenko is a Ukrainian citizen who came to the United States in pursuit of stability and opportunity. After years of intermittent work in the country beginning in 2009, he made his permanent move in early 2023 to build a new life here. Like any newcomer striving to establish himself, Panchenko began taking the necessary steps to build his credit and participate in the American financial system.

That process came to an abrupt and devastating halt in May 2023 when Panchenko discovered, through the Experian mobile app, that several fraudulent accounts had been opened in his name without his knowledge or consent. Among them was a Virgin America-branded credit card opened with Comenity Bank on December 21, 2015. The fraudster used this account, made payments, and ultimately left it in default when Comenity closed it around January 2018. Despite the obvious

signs of identity theft, Comenity reported the account as a "charge-off" under Panchenko's name, branding him as a debtor for someone else's crime.

When Panchenko tried to correct this injustice, Comenity made matters worse. His disputes—each supported by sworn statements and law-enforcement documentation—were met not with genuine investigation, but with mechanical indifference. Comenity's own records contained glaring red flags: mismatched personal information at the time of application, call recordings from 2017 and 2018 featuring a voice plainly different from Panchenko's, and transaction locations inconsistent with his travel or residence. Yet none of these inconsistencies were examined. Comenity failed to contact any merchants linked to the fraudulent purchases, failed to verify addresses or phone numbers, and failed to meaningfully review the evidence Panchenko provided.

Even more troubling, Comenity's investigators were incentivized not by accuracy or fairness, but by speed. Internal policies rewarded "top performers" for closing investigations quickly, earning points redeemable for prizes. This culture of haste and apathy led investigators to ignore the very documents that proved Panchenko's innocence; including his FTC identity theft reports and a police report from Officer Poirier, who unequivocally concluded Panchenko was the victim of fraud.

Rather than investigate, Comenity simply confirmed that its internal data matched what the Credit Reporting Agencies had on file; a hollow loop of "data conformity" masquerading as an investigation. It then reported its findings as "accurate," perpetuating the very error Panchenko had begged them to correct.

Through this reckless process, Comenity transformed a victim of identity theft into a victim of systemic indifference. Panchenko did everything the law and common sense required of him. Comenity did almost nothing.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

The harm Comenity caused was not confined to paper or data; it reached into the very fabric of Panchenko's new life in America. Having arrived in this country only a month before his discovery of the fraud, Panchenko was still finding his footing amidst the uncertainty of war in Ukraine and the challenges of starting anew in a foreign land. Instead of being met with opportunity, he was met with accusation—his credit destroyed, his integrity questioned, and his trust in the American financial system shattered.

The emotional toll was profound. Panchenko will testify, alongside his wife, Alla, and close friend, Pavlo, about the deep mental anguish and physical symptoms that followed Comenity's misconduct. He experienced the full spectrum of anxiety's grip—sleepless nights, racing thoughts, and the persistent feeling of helplessness that accompanies being wrongfully branded a debtor. His declaration describes the ordeal vividly: the constant stress and anxiety led to difficulty eating and sleeping, disrupted his daily life and well-being, and triggered panic attacks so severe they left him unable to focus or make decisions. His deposition further recounts the headaches and physical distress that became part of his daily existence. His wife corroborates this, recalling that Panchenko grew so nervous and withdrawn that she often had to remind him to eat.

These are not abstract complaints. They are the human cost of Comenity's indifference; the emotional and physical manifestation of a system that values expediency over accuracy, and bureaucracy over justice.

Comenity's negligence also inflicted tangible financial harm. The false charge-off it reported under Panchenko's name impaired his credit standing and led to the denial of legitimate credit opportunities, including an Apple credit card. Comenity seeks refuge in the fact that other entities may have reported inaccurate information as well, but that defense falls flat.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

Ultimately, the evidence will show that Panchenko's harm was both real and foreseeable. He came to this country in pursuit of stability, and Comenity's reckless disregard for truth and fairness stripped him of it. The jury will see that behind every data point lies a person; and in this case, that person's dignity, peace of mind, and financial future were all collateral damage of Comenity's indifference.

*Key Evidence*

The key evidence for Panchenko's claims will overlap amongst his prima facie elements.  The main focuses for each element are highlighted below.

| Inaccuracy | <ul><li>Testimony of Panchenko</li><li>Direct and indirect disputes</li><li>Comenity Account Data and Notes</li><li>Comenity Monthly Statements</li><li>Call Recordings</li></ul> |
|---|---|
| Reckless Investigation | <ul><li>Direct and indirect disputes</li><li>Testimony of Banu; Gopinath; Kadaresh; Rani; Pavithra; Shashidhar; and, Arul</li><li>ACDVs</li><li>EASE Notes</li></ul> |
| Verified | <ul><li>Testimony of Banu; Gopinath; Kadaresh; Rani; Pavithra; Shashidhar; and, Arul</li><li>ACDVs</li><li>EASE Notes</li><li>Dispute Results</li><li>Comenity July 19, 2023 writen communication rejecting Panchenko's disputes</li></ul> |

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

| Damages | • Testimony of Panchenko, Alla, Pavlo |
| | • Adverse Action notices. |

*Controlling Issues of Law*

The legal issues have been briefed extensively through Summary Judgment and Pretrial filings.  In the interest of judicial economy, Panchenko briefly highlights the relevant law for the disputed legal issues.

**Inaccuracy** - *Panchenko*, 2025 U.S. Dist. LEXIS 157032, at *12-13: "[A]n item on a credit report can be 'incomplete or inaccurate' . . . 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir.2010) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)). Relevant here, a "jury may well find that reporting [a] fraudulently opened account" as belonging to the plaintiff is "untrue or facially inaccurate."  *Drew*, 690 F.3d at 1108."

**Investigation** - *Panchenko*, 2025 U.S. Dist. LEXIS 157032, at *15-16: ""When a consumer disputes an entry on his credit report, the furnisher must conduct a reasonable investigation — not merely rubberstamp information in the file." *Gross*, 33 F.4th at 1249. A reasonable investigation "requires an inquiry likely to turn up information about the underlying facts and positions of the parties, not a cursory or sloppy review of the dispute." *Gorman*, 584 F.3d at 1155. In any particular case, the reasonableness of an investigation may depend on "the furnisher's relationship to the debt and to the consumer; the level of detail in the credit reporting agency's notice of dispute; and the feasibility of implementing investigatory procedures, including training staff." *Gross*, 33 F.4th at 1253."

Punitive Damages: *Panchenko*, 2025 U.S. Dist. LEXIS 157032, at *20: "A willful violation of the FCRA occurs where a defendant knowingly or recklessly

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

violated the FCRA." *Shaw v. Experian Info. Solutions Inc.*, 891 F.3d 749, 760 (9th Cir. 2018); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007) ("[R]eckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of § 1681n(a).").

Actual Damages: *Panchenko*, 2025 U.S. Dist. LEXIS 157032, at *21: The FCRA provides "recovery for emotional distress and humiliation," as well as other compensatory damages. *Guimond*, 45 F.3d at 1333; *see also Drew*, 690 F.3d at 1109.

Date: October 27, 2025                                               **LOKER LAW, APC**

By:    /s/ Matthew M. Loker   
               MATTHEW M. LOKER, ESQ.
               ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing *Panchenko's Trial Brief* has been filed via CM/ECF on October 28, 2025.

___/s/ Matthew M. Loker___
MATTHEW M LOKER, ESQ

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420