UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMENITY CAPITAL BANK,<br><br>    Defendant. | Case No. 23-cv-04965-EKL<br><br>**ORDER REGARDING OBJECTIONS TO DEPOSITION DESIGNATIONS** |

The parties have designated deposition testimony from various witnesses for presentation at the jury trial in this matter. *See* Appendix A, Deposition Designations ("App. A").[1] Due to the parties' commendable meet-and-confer efforts, few objections remain. This Order addresses Comenity's outstanding objections to Panchenko's designations of Comenity witness testimony. The witnesses at issue are Comenity employees who investigated Panchenko's identity theft disputes. For the following reasons, Comenity's objections are SUSTAINED in part and OVERRULED in part.

   **1.   Pavithra S Designations**

Comenity objects to this witness generally on the following grounds:

> This witness handled a dispute code 01 and their testimony regarding any process or procedure for dispute code 103 and ACDV with dispute code 103 is speculative. The testimony lacks foundation and risks misleading or confusing the jury. Investigator Pavithra S's responsibilities and expected number of daily investigations is unrelated to fraud investigators and their reasonable review.

App. A at 1. The general objections are OVERRULED.

---

[1] The parties submitted the designations to the Courtroom Deputy via email on October 30, 2025, at 5:33 p.m. The Court added the rulings in this Order for reference.

The Court finds that the designated testimony is not speculative, does not lack foundation, and is not likely to be more prejudicial than probative. The designated testimony, including counter-designations by Comenity, reflects that the witness handled a "dispute code 01" – that is, Panchenko's dispute that the account was not his. *See, e.g.*, Pavithra S Tr. 13:7-21, 15:1-25, 20:19-21:10, 40:3-21, 45:8-21. The witness testified that fraud disputes are handled by a different team, which addresses Comenity's concern that the jury might conclude that the witness's testimony relates to fraud disputes. *See id*. 48:1-13, 63:19-64:19. Additionally, Panchenko no longer designates testimony regarding the witness's *number* of daily investigations, so this objection is moot. *See id*. 28:21-25, 29:8-30:18 (testifying to Comenity's reward system for meeting targets, but not the target number of accounts to be processed).

However, Comenity's objection to the testimony at transcript pages 53:21-54:13 is SUSTAINED. The questions at issue asked the witness a hypothetical question: Whether the witness would "look into a customer disputing an address as fraud" when processing an ACDV. But, as noted above, the witness does not handle fraud-related disputes. Given the witness's lack of personal knowledge regarding the process for handling fraud disputes, the testimony is inadmissible, and it is substantially more prejudicial than probative. *See* Fed. R. Evid. 403, 602. Additionally, this testimony is needlessly cumulative because other witnesses who *do* handle fraud disputes testified to Comenity's process for handling disputes about a fraudulent address. *See, e.g.*, Banu Tr. 32:2-10, 53:21-54:7.

### 2. Arshiya Banu Designations

Comenity's objection to the testimony at transcript pages 65:13-66:20 is SUSTAINED. The testimony at issue concerns trial exhibit 37, which relates to an application for the disputed Comenity account. The questions asked the witness about a name that appears on the document – Anton Postoroniuk – and whether it would factor into the witness's investigation of a dispute if she "knew that a different person submitted the application." Banu Tr. 65:19-20. These questions lack foundation that the name Anton Postoroniuk was on the credit application, and that the application was submitted by someone other than Panchenko. Moreover, during examination by Comenity, the witness testified that she did not know why the name Anton Postoroniuk was on the

1  document, or whether the *application itself* included that name. *Id*. 81:1-82:2. Accordingly, the
2  witness lacks personal knowledge to testify to this matter. Fed. R. Evid. 602.

### 3. J Elizabeth Rani Designations

Comenity first objects to the testimony at transcript pages 35:22-36:21. This objection is OVERRULED. The testimony at issue concerns trial exhibit 37, which relates to an application for the disputed Comenity account as discussed above. The witness testified that this document reflects information from "Snap," which includes details about a customer's application for a credit account. Rani Tr. 32:24-34:1. Here, unlike with the questioning of Arshiya Banu, foundation was established (*i.e.*, the witness identified the information as coming from Snap). Additionally, the questions are not misleading because they ask why the name Anton Postoroniuk would be "referenced within Snap" rather than within the credit application itself. *Id*. 35:22-36:12. The witness testified to possible reasons why another name would appear within Snap. The Court does not find this testimony to be misleading. To the extent Comenity believes that the question called for speculation, that objection was not made at the deposition, thus it is waived. Fed. R. Civ. P. 32(d)(3)(B); *see also in re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 618 (D. Nev. 1998).

Next, Comenity objects to the testimony at transcript pages 53:3-56:20. This objection is SUSTAINED in part as to 55:18-56:20. This questioning relates to a police report, and the witness testified repeatedly that she had not seen the report before. Therefore, the witness lacks personal knowledge to testify to this matter. Fed. R. Evid. 602. The testimony is also cumulative because other testimony addresses Comenity's process for reviewing police reports in connection with a fraud dispute. *See* Fed. R. Evid. 403. However, the objections to 53:3-55:17 are OVERRULED. The questions at issue do not pose "misleading hypotheticals," as Comenity argues. Rather, the questions ask the witness generally about whether and how the witness determines the accuracy of information in third-party systems, and how a consumer could demonstrate that information is inaccurate.

Finally, Comenity's objection to the testimony at transcript pages 58:7-60:2 is SUSTAINED in part as to 58:7-59:11. That questioning is confusing because it suggests, without

1  foundation, that a police report was part of the record in the dispute she reviewed (which is

2  factually inaccurate).  This testimony is substantially more prejudicial than probative.  Fed. R.

3  Evid. 403.  By contrast, the objection to the testimony at 59:12-60:2 is OVERRULED because the

4  questions clarify that the police report was related to a different dispute, and the witness testified

5  generally to whether checking information in a police report was part of the investigation process.

### 4. Poojitha Kadaresh Designations

Comenity's objection to the testimony at transcript page 52:3-23 is SUSTAINED.  The testimony at issue relates to trial exhibit 37, which reflects information from Snap, as discussed above.  The questions asked the witness why the name Anton Postoroniuk was on "the application" for the account opened in Panchenko's name.  The questions lack foundation that the name was "on the application."  Additionally, the witness testified that she was not sure whether "someone would have typed this [name] in to the application," or why the name was referenced in the application.  Kadaresh Tr. 52:14-23.  Accordingly, the witness lacks personal knowledge to testify to this matter.  Fed. R. Evid. 602.

**IT IS SO ORDERED.**

Dated: October 31, 2025

Eumi K. Lee
United States District Judge