# UNITED STATES DISTRICT COURT

## NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO, | CASE NO.: 5:23-cv-04965-EKL |
| Plaintiff, | **JURY INSTRUCTIONS** |
| vs. | |
| COMENITY CAPITAL BANK, | The Honorable Eumi K. Lee |
| Defendant. | |

Dated: November 6, 2025

Eumi K. Lee
United States District Judge

**Instruction No. 2 re: Duty of Jury**

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

1

**Instruction No. 4 re: Claims and Defenses**

2          To help you follow the evidence, I will give you a brief summary of the positions of the

3    parties:

4          Panchenko asserts that Comenity violated the Fair Credit Reporting Act when it

5    investigated disputes that he submitted about information Comenity furnished to the consumer

6    reporting agencies.  Panchenko has the burden of proving these claims.

7          Comenity denies those claims.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 11 re: Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Instruction No. 15 re: Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way

try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, requiring the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the clerk signed by any one or more of you.

**Instruction No. 16 re: Publicity During Trial**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

**Instruction No. 17 re: No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Instruction No. 18 re: Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Instruction No. 19 re: Questions to Witnesses by Jurors During Trial**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Instruction No. 20 re: Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Instruction No. 21 re: Outline of Trial**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

### Instruction No. 22 re: Cautionary Instructions

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

**Instruction No. 23 re: Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of Pavithra S and Arshiya Banu were taken on March 12, 2025.

The deposition of J. Elizabeth Rani was taken on March 17, 2025.

The deposition of Poojitha Kadaresh was taken on March 18, 2025.

The deposition of Praghathi Gopinath was taken on March 27, 2025.

The deposition of Ramya Shashidhar was taken on March 28, 2025.

The deposition of Arul Shanmugam was taken on April 10, 2025.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

**Instruction No. 3 re: Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 5 re: Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Instruction No. 7 re: What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I may instruct you to accept as proved.

**Instruction No. 8 re: What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 9 re: Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1

**Instruction No. 9.1 re: Evidence for Limited Purpose – Direct Disputes**

2

Testimony and exhibits were presented that relate to the disputes that Panchenko

3

submitted directly to Comenity (referred to during trial as "direct disputes") and Comenity's

4

handling of the disputes.  You may consider this evidence only to the extent that you believe the

5

information Panchenko provided Comenity as part of the direct disputes was relevant to

6

Comenity's investigation of a later dispute that Comenity received from a consumer reporting

7

agency (referred to during trial as "indirect dispute").

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Instruction No. 9.2 re: Evidence for Limited Purpose – Police Report**

2    Testimony and exhibits were presented regarding the police report dated June 13, 2023,

3 which represents the findings of the police officer making the report, based upon information

4 gathered by him during his investigation. You may consider evidence regarding the police report

5 for the limited purpose of understanding Panchenko's allegations, as well as for the purpose of

6 what Comenity had in its possession.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Instruction No. 9.3 re: Evidence for Limited Purpose – FTC Report**

2          Testimony and exhibits were presented regarding the Federal Trade Commission ("FTC")

3 identity theft report(s) that Panchenko submitted to the FTC. This evidence is to be considered

4 for the limited purpose of understanding Panchenko's allegations. The FTC report reflects

5 information submitted to the FTC by Panchenko. The report may be considered solely as a

6 summary of the allegations made by Panchenko, and does not reflect the independent findings of

7 the FTC itself.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 10 re: Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Instruction No. 12 re: Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction No. 13 re: Fair Treatment**

All parties are equal before the law and a bank is entitled to the same fair and conscientious consideration by you as any party.

**Instruction No. 14 re: Liability of Banks – Scope of Authority Not in Issue**

Under the law, a bank is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a national banking association is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Instruction No. 30 re: Elements of 15 USC Section 1681s-2(b) Claim**

Panchenko contends that Comenity violated section 1681 s-2(b) of the Fair Credit Reporting Act. To establish a violation of this law, Panchenko bears the burden of proving, by a "preponderance of the evidence," each of the following:

1)    Comenity is a "furnisher" of credit information;

2)    Panchenko notified a consumer reporting agency that he disputed the information that Comenity furnished about him as "inaccurate";

3)    A consumer reporting agency notified Comenity of the alleged "inaccurate" information that Panchenko disputed;

4)    The reporting by Comenity regarding Panchenko was in fact "inaccurate"; and

5)    Comenity "negligently" or "willfully" failed to conduct a "reasonable investigation" into the dispute.

1

**Instruction No. 31 re: Definition of Furnisher Under the FCRA**

2    A "furnisher" is an entity that transmits information concerning a particular credit

3    obligation owed by a particular consumer to consumer reporting agencies.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## Instruction No. 32 re: Meaning of Inaccuracy

An item on a credit report can be inaccurate because it is patently incorrect, or because it is misleading in such a way that it can be expected to adversely affect credit decisions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 33 re: Investigation Obligation Trigger**

Comenity's duty under section 1681s-2(b) of the Fair Credit Reporting Act to conduct a reasonable investigation of information disputed by Panchenko is not triggered until a consumer reporting agency provides Comenity with notice of Panchenko's dispute.

1

**Instruction No. 34.1 re: "Reasonable Investigation"**

2      A reasonable investigation requires an inquiry likely to turn up information about the

3   underlying facts and positions of the parties.  A cursory or sloppy review of the dispute, or merely

4   rubber-stamping information that the furnisher previously submitted to a consumer reporting

5   agency, is not a reasonable investigation.  In determining whether Comenity conducted a

6   reasonable investigation, you may consider what Comenity learned about the dispute from the

7   consumer reporting agency.

8      The reasonableness of an investigation turns on the process that the furnisher employed

9   in light of the circumstances of the dispute.  An investigation is not necessarily unreasonable

10   solely because it results in a conclusion that turns out to be inaccurate.

11      Panchenko bears the burden of proving that Comenity failed to conduct a reasonable

12   investigation after it was notified by a consumer reporting agency of the dispute.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Instruction No. 34.2 re: "Direct" Versus "Indirect" Disputes**

2      The phrase "direct dispute" refers to a dispute submitted by Panchenko to Comenity by

3  letter or by phone regarding its credit reporting.

4      The phrase "indirect dispute" refers to a dispute submitted by Panchenko to a consumer

5  reporting agency regarding Comenity's credit reporting.

6      You may only find that Comenity violated the FCRA if it failed to reasonably investigate

7  one or more indirect disputes.

8      Any damages associated with Panchenko's direct disputes are not recoverable.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 35 re: Negligent Violation**

To prove a negligent violation of section 1681s-2(b) of the Fair Credit Reporting Act, Panchenko must prove by a preponderance of the evidence that Comenity failed to use "reasonable care" in investigating the dispute from a consumer reporting agency. "Reasonable care" is the degree of care that a reasonably prudent person would use under similar circumstances.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 36 re: Willful Violation**

To prove a willful violation of section 1681s-2(b) of the Fair Credit Reporting Act, Panchenko must show by a preponderance of the evidence that Comenity acted in knowing or "reckless disregard" of its obligations under the law.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, Comenity ran a risk of violating the law substantially greater than the risk necessary to make the conduct negligent.

**Instruction No. 37 re: Recovery for Violation**

If you find that Panchenko has proven by a preponderance of the evidence that Comenity negligently failed to conduct a reasonable investigation of a dispute it received about Panchenko from a consumer reporting agency, Comenity is liable to Panchenko in the amount of any actual damages that Panchenko sustained as a result of the failure.

If you find Panchenko has proven by a preponderance of the evidence that Comenity willfully failed to conduct a reasonable investigation of a dispute it received about Panchenko from a consumer reporting agency, Comenity is liable to Panchenko in the amount of any actual damages that Panchenko sustained as a result of the failure or statutory damages of not less than $100 and not more than $1,000. A finding that Comenity's violation was willful also means you may award "punitive damages" pursuant to Jury Instruction No. 44.

**Instruction No. 38 re: Actual Damages**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Panchenko on Panchenko's FCRA claim, you must determine Panchenko's damages. Panchenko has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Panchenko for any injury you find was caused by Comenity. You should consider the following:

The nature and extent of the injuries; and,

The mental, emotional, pain and suffering experienced;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Instruction No. 43 re: Mitigation of Damages**

Panchenko has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Comenity has the burden of proving by a preponderance of the evidence:

1.      that Panchenko failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

**Instruction No. 44 re: Punitive Damages**

If you find for Panchenko, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Instruction No. 46 re: Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction No. 47 re: Consideration of Evidence – Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Instruction No. 48 re: Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including the court – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Instruction No. 50 re: Return of Verdict**

A verdict form has been prepared for you.

After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 55 re: Stipulated Facts**

The parties have agreed to certain facts to be placed in evidence, which are attached as Exhibit 247.  You must therefore treat these facts as having been proved.