TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
JEFFREY A. TOPOR (SBN 195545)
Jeff.Topor@wbd-us.com
NATHAN A. SEARLES (SBN 234315)
Nathan.Searles@wbd-us.com
ALISA A. GIVENTAL (SBN 273551)
Alisa.Givental@wbd-us.com
KRISTINA B. HOVSEPYAN (SBN 340674)
Kristina.Hovsepyan@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Suite 2750
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:   (415) 433-5530

Attorneys for Defendant
Comenity Capital Bank

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>vs.<br><br>COMENITY CAPITAL BANK,<br><br>Defendants. | CASE NO.: 5:23-cv-04965-BLF<br><br>**DEFENDANT COMENITY CAPITAL BANK'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>*Filed Concurrently with the Declaration of Matthew Gothard* |

## I.     INTRODUCTION

Pursuant to Civil Local Rule 79.5, Defendant Comenity Capital Bank ("Comenity") hereby submits this Motion to File Documents Under Seal regarding deposition transcripts and videos of witnesses Arshiya Banu, Praghathi Gopinath, Poojitha Kadaresh, J. Elizabeth Rani, Pavithra S, Ramya Shashidhar, and Arul Shanmugam, and Comenity's submitted trial exhibits 151, 153, 155–168, 170, and 243–244[1].

Comenity seeks an order sealing Trial Exhibits reflecting its policies and procedures and deposition transcripts/videos because they reflect the Bank's confidential, sensitive, and proprietary information related to its internal records, internal coding, internal databases, and proprietary systems of records. The release of this information could harm consumers and Comenity by preventing Comenity from properly detecting or preventing fraud, and by putting Comenity at a competitive disadvantage if its competitors were able to access this information.

Comenity also moves to seal Trial Exhibits and related video depositions to the extent they reflect necessarily sensitive information including financial-account numbers, Social Security numbers, dates of birth and passport numbers about customers and noncustomers. Comenity is a financial institution and owes privacy and security duties to its customers under the Gramm- Leach-Bliley Act, implementing regulations, and corollary state privacy laws.

For the forgoing reason, this Motion seeks to file under seal the following deposition testimony and Trial Exhibits that were offered at the trial of this matter:

- Deposition video of witness Arshiya Banu;
- Deposition video of witness Praghathi Gopinath;
- Deposition video of witness Poojitha Kadaresh;

---

[1] Comenity files the instant motion as precaution as it believes the subject documents have yet to be filed in the Court's docket and are currently subject of Local Rule 79-4. Given their sensitive nature, Comenity opposes their filing or at minimum without sealing first.

- Deposition video of witness J. Elizabeth Rani;
- Deposition video of witness Pavithra S;
- Deposition video of witness Ramya Shashidhar;
- Deposition video of witness Arul Shanmugam;
- Ex. 151    Comenity's policies and procedures regarding completing a fraud report for balances greater than $75;
- Ex. 153    Comenity's policies and procedures regarding working ACDV images in DocuWare;
- Ex. 154    Comenity AUD/tradeline deletion 12/21/23;
- Ex. 155    Comenity's policies and procedures relating to reinvestigating a case;
- Ex. 156    Comenity's policies and procedures relating to reinvestigating a case how to determine if a reasonable investigation was completed;
- Ex. 157    Comenity's policies and procedures relating to account protection indirect credit bureau disputes;
- Ex. 159    Comenity's policies and procedures relating to documenting an account in VCARS when responding to an ACDV;
- Ex. 160    Comenity's policies and procedures for retrieving an ACDV from e-Oscar;
- Ex. 161    Comenity's policies and procedures relating to responding to ACDV;
- Ex. 162    Comenity's policies and procedures relating to completing an ACDV with dispute code 103 when there is an indication of fraud;
- Ex. 163    Comenity's policies and procedures relating to completing a fraud report for balances greater than $75, effective 6/6/22;
- Ex. 164    Comenity's policies and procedures relating to completing a fraud report for balances greater than $75, effective 8/2/23;

- Ex. 165    Comenity's policies and procedures for completing an ACDV with dispute code 103 when there is no indication of fraud, effective 2/15/23;

- Ex. 166    Comenity's policies and procedures relating to completing an ACDV with dispute code 103 when there is an indication of fraud, effective 2/15/23;

- Ex. 167    Comenity's policies and procedures relating to completing reasonable credit bureau dispute investigation;

- Ex. 168    Comenity's general rules and guidelines for completing an ACDV;

- Ex. 170    Comenity's guidelines for working ACDV images in DocuWare;

- Ex. 243    Completing your reasonable indirect (ACDV) dispute investigation 5/19/22; and

- Ex. 244    Completing your reasonable indirect (ACDV) dispute investigation 8/11/23.

## II. <u>LEGAL STANDARD</u>

The long-standing presumption of maintaining public court records is strong, but rebuttable. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). To overcome this presumption, a party at dispositive stage must articulate "compelling reasons supported by specific factual findings." *Id.* at 1178. In general, sealing court records under the compelling reasons test will be justified when such records might have become a vehicle for improper purposes, such as the use of records to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted).

The need to protect an individual's highly personal and sensitive information qualifies as a "compelling interest." *Pryor v. City of Clearlake*, 2012 WL 3276992, at *5 (N.D. Cal. Aug. 9, 2012); *see also Thoma v. City of Spokane*, 2013 WL 1346988, at *2 (E.D. Wash. Apr. 3, 2013). This includes personal identifying information of third parties, and documents which reveal corporate policies and practices. *See G&C Auto Body Inc v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008) (finding that the privacy interests in this third-party financial information outweighs the public's right to access)*; Contreras v. Portfolio Recovery Assocs., LLC*, 2017 WL 2964012, at *6 (N.D. Cal. July 12, 2017) (finding compelling reason to seal Comenity's documents, including training materials, which provided "insight into Defendant's proprietary collection procedures, policies and techniques, and the internal operations of Defendant"); *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, No. 3:09-CV-02015-RS-PSG, 2013 WL 6200008, at *2 (N.D. Cal. Nov. 27, 2013) (permitting parties to file under seal Wells Fargo's confidential data and information, where the data was maintained as secret by Wells Fargo and related to its accountholders information, as well as Wells Fargo's confidential information from its systems of record and relating to its internal business practices).

Lastly, Federal Rules of Civil Procedure Rule 5.2(a) requires redaction of filings with social-security number, dates of birth and financial-account numbers while Rule 5.2(e)(1) provides for sealing of additional information which presumably includes sensitive information such as passport numbers.

## III. ARGUMENT

Comenity is seeking to seal trial testimony in the form of deposition transcripts/videos and Trial Exhibits containing its policies and procedures because they contain 1) sensitive personal identifiable information, 2) trade secrets which may allow fraud harming both consumers and Comenity, and 3) insight into

Comenity's proprietary internal operations. *See* Declaration of Matthew Gothard in support of Defendant's Motion to File Documents Under Seal ("Gothard Sealing Decl.") ¶¶ 2-5. Absent a sealing order that will protect this information from public viewing, disclosure of its written policies and procedures would not only reveal the Bank's sensitive trade secrets and insight into Comenity's proprietary internal operations, but may also allow fraud to occur, harming both consumers and Comenity. *Id.* ¶¶ 6-7.

Comenity has indicated its desire to protect this information throughout this litigation. The parties filed a [Proposed] Stipulated Motion for Protective Order on March 19, 2024, and on March 25, 2024, this Court granted Stipulated Protective Order. *See* Doc. 64 and Doc. 67. During discovery, Comenity produced policy and procedure documents that were designated *Confidential-Subject to Protective Order*. Gothard Sealing Decl. ¶ 6. Additionally, Comenity provided witnesses for deposition pursuant to 30(b)(1) and their deposition transcripts were designated as confidential. *Id*. ¶ 5.

Comenity invests substantial time and energy into developing internal training programs, policies and procedures, and treats the documents as confidential. *Id*. ¶ 7. Should this information become publicly accessible, Comenity is likely to suffer competitive harm as competitors could essentially circumvent the efforts and resources Comenity dedicated to developing its confidential procedures and practices. *Id*. As such, compelling reasons exist to seal confidential Trial Exhibits. *See Contreras*, 2017 WL 2964012, at *6; *Cowan v. GE Capital Retail* Bank, 2015 WL 1324848, at *2-3.

Comenity's policies and procedures describe Comenity's detailed and developed operations for its fraud department which detail how fraud is investigated, identified and prevented to protect consumers and Comenity. Comenity's written policies and procedures differentiate it from its competitors. Additionally, Comenity has concerns that the policies and procedures might become subject of

deep fake artificial intelligence schemes to manipulate or engineer actions contrary to Comenity's policies and procedures including employee training and document verification. Less restrictive sealing or partial redaction tailored to protect Comenity is not possible as the documents are whole policies and procedure records.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Comenity respectfully requests that the Court grant this Motion to File Document Under Seal regarding deposition transcripts and videos of witnesses Arshiya Banu, Praghathi Gopinath, Poojitha Kadaresh, J. Elizabeth Rani, Pavithra S, Ramya Shashidhar, and Arul Shanmugam, and Comenity's submitted Trial Exhibits 151, 153, 155-168, 170, and 243-244.


DATED:  November 10, 2025          Respectfully submitted,

                                   WOMBLE BOND DICKINSON (US) LLP
                                   TOMIO B. NARITA
                                   JEFFREY A. TOPOR
                                   NATHAN A. SEARLES
                                   ALISA A. GIVENTAL
                                   KRISTINA B. HOVSEPYAN


                                   By:   /s/ Nathan A. Searles
                                         Nathan A. Searles
                                         Attorneys for Defendant
                                         Comenity Capital Bank

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing Defendant Comenity Capital Bank's Motion to File Documents Under Seal and filed concurrently Declaration of Matthew Gothard In Support of Defendant's Motion To File Documents Under Seal have been filed via CM/ECF on November 10, 2025.

WOMBLE BOND DICKINSON (US) LLP
TOMIO B. NARITA
JEFFREY A. TOPOR
NATHAN A. SEARLES
ALISA A. GIVENTAL
KRISTINA B. HOVSEPYAN

By:   /s/ Nathan A. Searles
      Nathan A. Searles
      Attorneys for Defendant
      Comenity Capital Bank