UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>v.<br><br>COMENITY CAPITAL BANK,<br><br>Defendant. | Case No. 23-cv-04965-EKL<br><br>**ORDER DENYING MOTION TO SEAL**<br>Re: Dkt. No. 237 |

Before the Court is Comenity's motion to seal the testimony of seven Comenity witnesses and exhibits that were presented and admitted into evidence during a jury trial in this case. For the following reasons, Comenity's motion is DENIED.

The Ninth Circuit recognizes "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The "compelling reasons" standard applies to requests to seal motions that are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Comenity acknowledges that it must show "compelling reasons" to seal the materials here. ECF No. 237 at 3; *see also In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

Additionally, parties must comply with Civil Local Rule 79-5. Sealing requests must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3). Requests must identify "the reasons for keeping a document under seal," and explain the "interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." *Id.* at 79-5(c)(1). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id*. at 79-5(c).

First, Comenity requests to seal the transcripts and videos of seven witnesses who testified at trial by deposition, in open court. The request is DENIED as moot with respect to the videos of the deposition testimony because the videos are not part of the trial record and will not be made publicly accessible. Comenity's request to seal the transcripts is also DENIED. The testimony reflected in the transcripts was presented in open court during trial, and no party requested confidential treatment at that time. Additionally, the transcripts have already been publicly filed, in their entirety, during briefing on Comenity's motion for summary judgment. Comenity has not shown compelling reasons to seal information that has already been made public. *See, e.g.*, *Meyers v. Kaiser Found. Health Plan Inc*., No. 17-cv-04946-LHK, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that "compelling reasons do not exist to seal . . . because these documents are already public"); *EchoSpan, Inc. v. Medallia, Inc*., No. 22-cv-01732-NC, 2024 WL 944301, at *2 (N.D. Cal. Jan. 5, 2024) (declining to seal materials that "were presented and admitted in open court").[1]

Second, Comenity requests to seal its policies for investigating consumer disputes, which Comenity presented to the jury and admitted into evidence at trial in its defense case. 11/5/25 Tr. 591:7-611:3, ECF No. 235. Comenity has not shown compelling reasons to seal these materials. One of the central issues at trial was whether Comenity conducted reasonable investigations of Plaintiff's credit disputes. Comenity's policies, and its adherence to those

---

[1] In its motion, Comenity asked to seal the deposition testimony to protect "highly personal and sensitive information" of Plaintiff and another individual. *See* Mot. at 4. This information was displayed in the videos, but the videos will not be publicly accessible. The designated portions of the transcripts do not contain sensitive personal information.

1  policies, are directly relevant to Plaintiff's claim and Comenity's defense. Having reviewed these
2  policies, among other evidence, the jury found that Comenity negligently and willfully violated
3  the Fair Credit Reporting Act. The public has a particularly strong interest in accessing these
4  materials to understand Comenity's conduct and the jury's verdict. *See Meyers*, 2019 WL 120657,
5  at *3 (compelling reasons did not justify sealing trial exhibits that were "directly at issue" and
6  relevant to the merits of the case).

7  Moreover, Comenity has not demonstrated harm from disclosure of its policies sufficient
8  to outweigh the public's interest in accessing judicial records. Comenity states generally that the
9  policies at issue "have been created over years of internal, confidential and costly efforts by
10 Comenity to provide a work process superior to its competitors." Gothard Decl. ¶ 7, ECF
11 No. 237-1. Comenity also claims that the policies, if disclosed, "could script for future fraudsters
12 the metrics and actions that are triggered in suspicious account situations." *Id*. However, the
13 Court has reviewed the policies at issue and finds that their disclosure will not plausibly harm
14 Comenity or consumers. The policies at issue are short documents that primarily describe data
15 entry tasks and investigation procedures at a high level. *See, e.g.*, Trial Exs. 151, 153, 160, 162,
16 166. Additionally, portions of the policies describe public (not proprietary) information. *See, e.g.*,
17 Trial Ex. 157 (summarizing the legal obligations of a furnisher under the Fair Credit Reporting
18 Act). Comenity has not narrowly tailored its sealing requests, but instead requested to seal each
19 policy in its entirety. Accordingly, Comenity's request to seal the trial exhibits referenced below
20 is DENIED.

| ECF | Material to seal | Ruling |
|---|---|---|
| N/A | Depositions of Arshiya Banu, Praghathi Gopinath, Poojitha Kadaresh, J. Elizabeth Rani, Pavithra S, Ramya Shashidhar, Arul Shanmugam | DENIED. The request to seal is moot as to the videos of the testimony, which are not part of the trial record. The request to seal the transcripts is denied for two reasons. First, the testimony was presented publicly in open court during trial, and no party requested confidential treatment at that time. Second, each transcript was publicly filed months ago as part of the summary judgment record. *See* ECF Nos. 139-24 (Banu), 139-26 (Gopinath), 139-29 (Kadaresh), 139-31 (Rani), 139-32 (Pavithra S), 139-34 (Shashidhar), 139-33 (Shanmugam). |

| ECF | Material to seal | Ruling |
|---|---|---|
| 237-3 | Trial Exhibit 151 | DENIED.  Comenity has not shown compelling reasons to seal these exhibits.  The exhibits describe data entry tasks, not confidential business information that could cause harm to Comenity or consumers. |
| 237-4 | Trial Exhibit 153 | |
| 237-5 | Trial Exhibit 155 | DENIED.  Comenity has not shown compelling reasons to seal this exhibit.  The exhibit describes Comenity's processes in general terms and does not reveal information that could harm Comenity or consumers. |
| 237-6 | Trial Exhibit 156 | DENIED.  Comenity has not shown compelling reasons to seal these exhibits.  The exhibits describe Comenity's processes in general terms and do not reveal information that could harm Comenity or consumers. |
| 237-7 | Trial Exhibit 157 | |
| 237-8 | Trial Exhibit 158 | |
| 237-9 | Trial Exhibit 159 | DENIED.  Comenity has not shown compelling reasons to seal this exhibit.  The exhibit primarily describes data entry tasks, not confidential business information that could cause harm to Comenity or consumers. |
| 237-10 | Trial Exhibit 160 | DENIED.  Comenity has not shown compelling reasons to seal this exhibit.  The exhibit describes Comenity's processes in general terms and does not reveal information that could harm Comenity or consumers. |
| 237-11 | Trial Exhibit 161 | DENIED.  Comenity has not shown compelling reasons to seal this exhibit.  The exhibit primarily describes data entry tasks, not confidential business information that could cause harm to Comenity or consumers. |
| 237-12 through -21 | Trial Exhibits 162, 163,[2] 164, 165, 166, 167, 168, 170, 243, 244 | DENIED.  Comenity has not shown compelling reasons to seal these exhibits.  The exhibits describe Comenity's processes in general terms and do not reveal information that could harm Comenity or consumers. |

---

[2] There is a discrepancy between the document submitted with the motion to seal at ECF No. 163-13 and the document that was admitted at trial as exhibit 163.  The document attached to the motion to seal is COMENITY00476.  Trial exhibit 163 is COMENITY00410.  Comenity's motion is denied as to both documents.

4

For the foregoing reasons, Comenity's motion is DENIED. Additionally, to the extent Comenity seeks to redact any portion of the trial transcripts, such requests must be consistent with this Order.

**IT IS SO ORDERED.**

Dated: November 14, 2025

_____
Eumi K. Lee
United States District Judge