**LOKER LAW, APC**
Matthew M. Loker (279939)
matt.loker@loker.law
Telephone: (805) 994-0177
Charles B. Cummins (354861)
charles.cummins@loker.law
Telephone: (805) 468-8141
132 Bridge Street
Arroyo Grande, CA 93420

*Attorneys for Plaintiff,*
Oleksandr Panchenko

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; CAVALRY PORTFOLIO SERVICES, LLC; COMENITY CAPITAL BANK; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; U.S. BANK, NATIONAL ASSOCIATION; EQUIFAX INFORMATION SERVICES LLC; AND TRANS UNION LLC,<br><br>Defendants. | **Case No.:** 23-cv-04965-EKL<br><br>**PLAINTIFF OLEKSANDR PANCHENKO'S OPPOSITION TO DEFENDANT COMENITY BANK'S MOTION TO POSTPONE JUDGMENT PENDING RESOLUTION OF PUNITIVE DAMAGES ISSUE**<br><br>HON.  EUMI K. LEE |

### A. PROMPT ENTRY OF JUDGMENT COMPLIES WITH THE PLAIN LANGUAGE OF FED. R. CIV. P. 58.

"Judgments are entered when cases conclude." *Wellington v. Rushmore Loan Mgmt. Servs., LLC*, No. 2:22-cv-05683-MEMF-AFMx, 2024 U.S. Dist. LEXIS 242864, at *8 (C.D. Cal. Apr. 18, 2024). "Under Federal Rule of Civil Procedure 58(b)(2), courts should promptly approve the form of final judgment when the jury returns a special verdict or a general verdict with answers to written questions." *W. Air Charter, Inc. v. Schembari*, No. EDCV 17-420 JGB (KSx), 2019 U.S. Dist. LEXIS 37127, at *4 (C.D. Cal. Mar. 7, 2019) citing *Kingsbury v. United States*, 900 F.3d 1147, 1149 (9th Cir. 2018).

This rule utilizes mandatory language and emphasizes judgment must be "promptly." *See, e.g.*, *Orr v. Plumb*, 884 F.3d 923, 933 (9th Cir. 2018). *See also Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2013 U.S. Dist. LEXIS 109876, at *2 (N.D. Cal. Aug. 2, 2013) ("Under Rule 58(b)(2), 'the court must promptly approve the form of judgment.'")

Additionally, "[t]he pendency of post-trial motions does not per se prevent entry of judgment." *CIGNA Health & Life Ins. Co. v. Biohealth Labs., Inc.*, No. 3:19-CV-01324 (JCH), 2025 U.S. Dist. LEXIS 156385, at *4 (D. Conn. Aug. 13, 2025) citing *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 585 F.2d 821, 846 (7th Cir. 1978); *Louisiana & Arkansas Ry. Co. v. Pratt*, 142 F.2d 847, 848-49 (5th Cir. 1944).

Here, the plain language of Fed. R. Civ. P. 58 requires prompt entry of judgment now that the jury has reached its verdict. Comenity has not provided any on point authority that contradicts this rule. Instead, Comenity simply seeks to delay entry of judgment by relying upon inapposite authority which did not examine situations where a defendant successfully sought such a delay. For this simple reason, Comenity's Motion should be denied due to its failure to provide any

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

supporting authority for its request.

## B. DELAYING JUDGMENT WILL PREJUDICE PANCHENKO

"Postjudgment interest 'shall be allowed on any judgment in a civil case recovered in a district court.'" *Meola v. JKJ Invs., Inc.*, No. SACV 04-00960-MLG, 2011 U.S. Dist. LEXIS 46053, at *8 (C.D. Cal. Apr. 28, 2011). "The purpose of postjudgment interest 'is to compensate the successful plaintiff for being deprived of compensation for the loss of time between the ascertainment of the damage and the payment by the defendant.'" *United States v. Bell*, 602 F.3d 1074, 1083 (9th Cir. 2010) citing *Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 989 (9th Cir. 2001). "Postjudgment interest is calculated 'from the date of the entry of judgment.'" *Meola*, 2011 U.S. Dist. LEXIS 46053, at *8 citing *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990).

Here, Panchenko requests prompt entry of judgment in compliance with Fed. R. Civ. P. 58 which will allow Panchenko to begin seeking postjudgment interest from Comenity. This interest is especially important in this matter since Comenity has disclosed its intent to fight the jury's sound verdict through every possible means available to it which will drag out resolution and compensation for Panchenko indefinitely. Entry of judgment will allow Panchenko to seek interest which is in line with the purpose of such interest which is "to compensate the wronged person for being deprived of the monetary value of the loss…". *Harvest Aid, LLC v. Paul*, No. 2:21-cv-04154-SSS-KSx, 2025 U.S. Dist. LEXIS 78668, at *14 (C.D. Cal. Mar. 21, 2025) citing *Turner v. Japan Lines, Ltd.,* 702 F.2d 752, 756 (9th Cir. 1983).

## C. COMENITY RELIES UPON DISTINGUISHABLE AUTHORITY

While this Court asked for authority that was directly on point (Dkt. No. 239), Comenity's search around the country for supporting authority only yielded readily distinguishable authority while ignoring contradictory decisions. Comenity cites

| CASE NO.: 23-cv-4965 EKL | 2 OF 4 | *Panchenko v. Bank of America, N.A., et al.* |

**PLAINTIFF OLEKSANDR PANCHENKO'S OPPOSITION TO DEFENDANT COMENITY BANK'S MOTION TO DELAY ENTRY OF JUDGMENT PENDING RESOLUTION OF PUNITIVE DAMAGES ISSUE**

*Brown*; *McKiver*; *Hirsh*; *Gallatin*; *Northrup* in support of its position. [Motion, 2:2-25; and, 3:10-12]. Each decision cited by Comenity, excluding *Gallatin*, examines scenarios where the Court sua sponte delayed entry of judgment unlike here where it is the defendant who is seeking such a delay. Of course, *Gallatin* is an insurance bad faith case from the Western District of Pennsylvania, a context that bears little, if any, relation to the issues before this Court. More importantly, California District Courts have repeatedly rejected similar attempts by losing defendants to delay the inevitable. *See, for example, Jerra v. United States*, No. 2:12-cv-01907-ODW(AGRx), 2017 U.S. Dist. LEXIS 140007, at page 7 (C.D. Cal. Aug. 30, 2017) (denying a defendant's request to postpone entry of judgment).

However, Comenity's failure to acknowledge the most directly relevant authority is particularly troubling. In *Fausto et al. v. Credigy Services Corporation et al.*, N.D. Cal. Case No. 07-cv-5658 JW (RS), plaintiffs Manuel and Luz Fausto secured a judgment on April 3, 2009 for $100,000 in compensatory damages, $400,000 in punitive damages, and $1,000 in statutory damages. [Exhibits 1, 2, and 7]. Only days later, on April 7, 2009, Credigy's counsel, Mr. Narita and Mr. Topor, filed a Request to Stay Entry of Judgment Pending Completion of the Trial Transcript by Ms. Irene Rodriguez. [Exhibit 3]. In their Reply, they added approximately fifteen new justifications for delay. [Exhibit 5]. The Honorable James Ware rejected that request outright and entered judgment on May 5, 2009. [Exhibits 6 and 7]. Comenity's omission of this directly on point precedent; brought by the same attorneys seeking the same improper relief; is telling. *Fausto* demonstrates that such tactics have already been rejected in this Court.

In light of *Fausto* and Rule 58's clear mandate that courts promptly enter judgment, Panchenko respectfully requests that this Court follow established authority and enter judgment in his favor on November 17, 2025.


Date: November 15, 2025

**LOKER LAW, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A copy of the foregoing *Plaintiff Oleksandr Panchenko's Opposition to Defendant Comenity Bank's Motion to Delay Entry of Judgment Pending Resolution of Punitive Damages Issue* has been filed via CM/ECF on November 15, 2025.

___/s/ Matthew M. Loker___
MATTHEW M LOKER, ESQ

CASE NO.: 23-cv-4965 EKL    4 OF 4    *Panchenko v. Bank of America, N.A., et al.*
**PLAINTIFF OLEKSANDR PANCHENKO'S OPPOSITION TO DEFENDANT COMENITY BANK'S MOTION TO DELAY ENTRY OF JUDGMENT PENDING RESOLUTION OF PUNITIVE DAMAGES ISSUE**