1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                    NORTHERN DISTRICT OF CALIFORNIA

6

7    OLEKSANDR PANCHENKO,                          Case No. 23-cv-04965-EKL

          Plaintiff,
8

9         v.                                       **ORDER DENYING MOTION TO
                                                   POSTPONE ENTRY OF JUDGMENT**
10   COMENITY CAPITAL BANK,
                                                   Re: Dkt. No. 238
          Defendant.
11

12

13        On November 6, 2025, the jury rendered a $20,100,000 verdict against Comenity for

14   negligently and willfully violating the Fair Credit Reporting Act.  At the November 13 post-trial

15   status conference, Comenity asked the Court to postpone entry of judgment pending resolution of

16   its anticipated post-trial motion, which is set for hearing on February 25, 2026.  *See* Min. Order at

17   2, ECF No. 239.  The Court permitted Comenity to submit "authority for deferring entry of

18   judgment that is directly on point" by November 14, 2025.  Comenity then submitted a motion to

19   postpone entry of judgment.  ECF No. 238.  Panchenko filed a response on an expedited basis.

20   ECF No. 242.  For the following reasons, Comenity's motion is DENIED.

21        When a jury returns a special verdict or a general verdict with answers to written questions,

22   "the court must promptly approve the form of the judgment, which the clerk must promptly enter."

23   Fed. R. Civ. P. 58(b)(2); *see also Orr v. Plumb*, 884 F.3d 923, 927 (9th Cir. 2018) (observing that

24   Rule 58 "requires prompt entry of judgment").  The Court sees no reason to depart from the

25   normal process established by Rule 58 by delaying entry of judgment for more than three months.

26        In seeking a different result, Comenity relies on cases that are distinguishable and

27   unpersuasive.  ECF No. 238.  In *Northrop v. Hoffman of Simsbury, Inc.*, the court did *not* delay

28   entering judgment.  The court entered judgment within three weeks of the jury's verdict, then

United States District Court
Northern District of California

United States District Court
Northern District of California

1    entered a supplemental judgment five months later, after resolving post-trial motions.  Judgment,

2    Case No. 96CV00097, ECF No. 138 (D. Conn. Oct. 19, 1999); *see also* Supp. Judgment, ECF

3    No. 152 (D. Conn. Mar. 15, 2000).  In *Brown v. Ramada Birmingham Airport*, the court explained

4    that "[r]eviewing punitive awards for excessiveness usually occurs after the defendant files a

5    motion under Rule 59(a)."  No. 17-cv-01671-RDP, 2020 WL 6384427, at *2 n.1 (N.D. Ala. Oct.

6    30, 2020).  The court deviated from the normal process and revised the punitive damages award

7    before entering judgment because the defendant was "in default and ha[d] not filed such a

8    motion."  *Id.*  Finally, in *Gallatin Fuels, Inc. v. Westchester Fire Insurance Co.*, the defendant

9    asked the court to delay entry of judgment by fourteen days because the defendant had "just

10   recently engaged appellate counsel," and counsel needed "time to review the record . . . to

11   determine what, if any, motions to file prior to the entry of judgment."  Mot. to Extend, No. Civ.

12   A. 02-2116, ECF No. 211 (W.D. Pa. Mar. 1, 2006).  The court granted the short extension but then

13   *denied* the defendant's request for a further extension of "at least another thirty days," calling that

14   request "untenable."  *Gallatin*, 2006 WL 840341, at *1 (W.D. Pa. Mar. 28, 2006).[1]

15        In sum, these cases do not provide a reasoned basis for delaying entry of judgment here.

16   When courts have delayed entry of judgment, the delays were relatively short, and they were

17   motivated by considerations that do not apply in this case.[2]  Comenity will suffer no prejudice

18   from prompt entry of judgment because Comenity may challenge the jury's damages awards in a

19   post-trial motion after judgment is entered.  Accordingly, Comenity's motion is DENIED.

20        **IT IS SO ORDERED.**

21   Dated: November 16, 2025

22   

23                                                                 Eumi K. Lee
                                                                   United States District Judge

24

25   _____

26   [1] In the other cases cited by Comenity, courts *sua sponte* deferred entry of judgment.  *McKiver v. Murphy-Brown LLC*, No. 14-CV-180-BR, 2018 WL 10322917, *2 (E.D.N.C. May 7, 2018); *Hirsh v. Lecuona*, No. 06CV13, 2008 WL 2795859, at *1 (D. Neb. July 18, 2008).  These cases do not offer any persuasive reason for deferring judgment in this case.

27

28   [2] Comenity's appellate counsel is familiar with the record.  Mr. Topor is associated with trial counsel and, according to trial counsel, Mr. Topor has been following the case for some time.