UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR PANCHENKO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMENITY CAPITAL BANK,<br><br>    Defendant. | Case No. 23-cv-04965-EKL<br><br>**ORDER TO PRODUCE SETTLEMENT AGREEMENTS**<br><br>Re: Dkt. No. 241 |

Prior to the jury trial in this action, the Court granted Panchenko's motion *in limine* to exclude presentation of certain evidence relating to Panchenko's settlement agreements with the former Defendants in this action (the "Settling Defendants").[1]  Mot. in Limine Order at 2-4, ECF No. 179.  Comenity argued that the settlement agreements were relevant because the "one satisfaction" rule applies in Fair Credit Reporting Act cases like this one.  Opp. at 1, ECF No. 174.  The Court concluded that "it would be premature to decide . . . whether the one satisfaction rule applies to this case," both as a matter of law and based on the nature of Panchenko's asserted injuries.  Mot. in Limine Order at 3.  The Court held that "the applicability of the one satisfaction rule, and the offset of any damages award against Comenity, is an issue for the Court to decide on a post-trial motion – it is not a matter for the jury."  *Id*. at 3 (collecting cases).  However, the Court also provided that "Comenity may renew its argument as to the one satisfaction rule in a post-trial motion to reduce the jury's damages award, if any."  *Id*. at 4.

---

[1] The Settling Defendants are:  Bank of America, N.A.; U.S. Bank National Association; Equifax Information Services LLC; Trans Union LLC; Cavalry Portfolio Services, LLC; JPMorgan Chase Bank, N.A.; and Experian Information Solutions, Inc. (a Defendant in the related case *Panchenko v. Experian Info. Sols.*, Case No. 24-cv-07333 (N.D. Cal.)).

At the post-trial status conference, Comenity stated its intent to seek an offset of the jury's damages award and explained that it has not received the settlement agreements. 11/13/25 Hr'g Tr. 18:4-16, 21:11-22:6, ECF No. 247. Panchenko confirmed that the Settling Defendants have received prior notice of Comenity's request for the settlement agreements. *Id.* 23:20-24:8. After the conference, Panchenko filed a status report summarizing further efforts to contact the Settling Defendants to inform them of Comenity's renewed request. Status Report, ECF No. 241. Panchenko indicated that he "maintains his objection to disclosure of confidential settlement terms" with the Settling Defendants. *Id.* at 1.

Panchenko's objection to producing the settlement agreements is OVERRULED. Although the Court has not yet decided whether Comenity is entitled to offset, that issue – and the amount of any applicable offset – will be presented to the Court soon in Comenity's post-trial motion. The settlement agreements are therefore relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also* Mot. in Limine Order at 3 (collecting cases addressing the production of settlement agreements). The burden on Panchenko is minimal given the small volume of the production. Additionally, the Court will require robust protections of the settlement agreements and their contents to protect the confidentiality interests of Panchenko and the Settling Defendants.

Accordingly, the Court ORDERS as follows:

(1) By **December 4, 2025**, Panchenko shall produce to Comenity's Outside Counsel of Record, as that term is defined in the Protective Order, ECF No. 67, a copy of every settlement agreement between Panchenko and each of the Settling Defendants in this action and the related action, Case No. 24-cv-07333 (N.D. Cal.)).

(2) The settlement agreements shall be designated "CONFIDENTIAL" and shall receive all the protections set forth in the Protective Order. Additionally:

    a. Comenity's Outside Counsel shall not disclose in any way the settlement agreements or their contents to any other person, including Comenity's in-house counsel, absent further order of this Court specifically authorizing such disclosure.

     b. Comenity may use the settlement agreements and their contents for the sole purpose of post-trial briefing in this action. The settlement agreements and their contents may not be used in any other action or for any other purpose. Any unauthorized use may be met with appropriate sanctions.

     c. To the extent the settlement agreements or their contents are referenced in the post-trial briefing, Comenity shall file the agreements under seal, and any references to their contents shall be redacted.

(3) By **November 24, 2025**, Panchenko shall serve a copy of this Order on counsel for each Settling Defendant.

**IT IS SO ORDERED.**

Dated: November 20, 2025

_____
Eumi K. Lee
United States District Judge